UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA SWENSON; GERALD SHEARON | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. 19-30168-KAR ) |
| MOBILITYLESS, LLC; GABOR SMATKO; MONICA SMATKO; JOHN DOES I-X | ) ) ) ) |
| Defendants. | ) ) |

ORDER ON PLAINTIFFS' FIRST MOTION FOR ALTERNATIVE SERVICE
(Dkt. No. 8)

ROBERTSON, U.S.M.J.

Plaintiffs Barbara Swenson and Gerald Shearon ("Plaintiffs") have filed a motion for alternative service on defendants Mobilityless, LLC ("Mobilityless"); Gabor Smatko; and Monica Smatko (jointly, "the Smatkos") (collectively, "Defendants"). Defendants have not responded. For the reasons set forth below, the court hereby GRANTS Plaintiffs' motion for leave to make alternative service. Plaintiffs are authorized to serve all named Defendants by:

1. Mailing the summons, complaint, and this court order via certified mail to the Fountain Hills, Arizona residence of Gabor and Monica Smatko;
2. Mailing the summons, complaint, and this court order via certified mail to the Smatkos' post office box in Fountain Hills, Arizona;
3. Emailing the summons, complaint, and this court order to the Mobilityless, LLC e-mail address operated by Gabor Smatko at support@mobility4less.com;
4. Electronically delivering the summons, complaint, and this court order to telephone number 413-686-4965;
5. Electronically delivering the summons, complaint, and this court order to telephone number 203-269-1778;
6. Electronically delivering the summons, complaint, and this court order to telephone number 203-269-9372; and
7. Electronically delivering the summons, complaint, and this court order to telephone number 203-694-4372.

1

I.      Legal Standard

Federal Rule of Civil Procedure 4(h) governs service of the summons and complaint on Mobilityless.  Federal Rule of Civil Procedure 4(e) governs service of the summons and complaint on Gabor and Monica Smatko.

An individual "may be served in a judicial district of the United States … by … following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1). Plaintiffs were entitled to serve Gabor and Monica Smatko in compliance with Massachusetts law or with Arizona law, which, according to Plaintiffs, is the state where the Smatkos now reside.  *See also* Mass. R. Civ. P. 4(e).  As a limited liability company, Mobilityless is an unincorporated entity or association.  *See Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006) ("Limited liability companies are unincorporated entities.")  Pursuant to Federal Rule of Civil Procedure 4(h), Plaintiffs were authorized to serve Mobilityless in any manner in which an individual could be served or "by delivering a copy of the summons and of the complaint to … any … agent authorized by appointment … to receive service of process."  Fed. R. Civ. P. (h)(1).

> Under Massachusetts law, in certain limited circumstances, service by a court order of notice is a valid method of service:  "If the person authorized to serve process makes return that after diligent search he can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made in compliance with this subsection, the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law."

*Alves v. Daly*, C.A. No. 12-10935-MLW, 2013 WL 1330010, at *3 (D. Mass. Mar. 29, 2013) (quoting Mass. R. Civ. P. 4(d)(1); citing *Rua v. Glodis*, Civil Action No. 10-40251-FDS, 2011 WL 5076319, at *1 (D. Mass. Oct. 24, 2011)); *see also* Mass. R. Civ. P. 4(d)(2) (providing for service by a court order of notice on an unincorporated association subject to suit in

2

Massachusetts "[i]f the person authorized to serve process makes return that after diligent search he can find no person upon whom service can be made"); *A2Z Dental LLC v. Miri Trading LLC*, CIVIL ACTION NO. 4:19-40068-TSH, 2020 WL 488553, at *1 (D. Mass. Jan. 30, 2020). Plaintiffs must show that they have made "sufficiently diligent" attempts to effect service in compliance with the rules before an order authorizing an alternative method of service is issued by the court. *Alves*, 2013 WL 1330010 at *4 (describing the extent of plaintiff's attempts to effect service in compliance with the rules); *see also A2Z Dental*, 20220 WL 488553, at *1 (same).

   Plaintiffs assert that the Smatkos now reside in Arizona. Arizona law governing service of process provides that an individual may be served by delivering a copy of the summons and a copy of the complaint to the individual "being served to that individual personally;" leaving copies of the summons and complaint at the individual's residence "with someone of suitable age and discretion who resides there;" or delivering copies of the summons and complaint to an agent "authorized by appointment or by law to receive service of process." Ariz. R. Civ. P. 4.1(d)(1)-(3). Arizona's rules governing service of process further provide that "[i]f a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may – on motion and without notice to the person to be served – order that service may be accomplished in another manner." Ariz. R. Civ. P. 4.1(k)(1).

> If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement. In any event, the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served.

Ariz. R. Civ. P. 4.1(k)(2).

   II.  <u>Reasons Justifying an Alternative Service Order</u>

This suit is brought on behalf of a putative class of individuals with mobility problems who allegedly purchased defective mobility scooters, electric tricycles, or other equipment from Defendants and were unable to obtain refunds for the defective equipment or were otherwise defrauded.  The complaint further alleges that Defendants previously operated a similar business in Connecticut which closed after entry of a consent agreement (which Defendants subsequently violated) in a case filed by the Connecticut Attorney General that charged Defendants with selling defective scooters, electric tricycles, and other products and failing to have an adequate return policy (Compl. ¶¶ 10-20).  Plaintiffs allege that the Smatkos closed their Connecticut business, crossed the state line, and set up an equally fraudulent business in Massachusetts (Compl. ¶¶ 23-29).

There is ample evidence in the record compiled by Plaintiffs' counsel to show that Defendants are attempting to evade service of process.  This suit was filed on December 23, 2019.  On January 15, 2020, Plaintiff's counsel served Mobilityless with the complaint through Incorp Services, Inc., the agent registered with the Massachusetts Secretary of State to accept service of process for Mobilityless (Dkt. No. 8-5).  Counsel then filed proof of service on the company with this court (Dkt. No. 4).  On January 16, 2020, Gabor Smatko registered a change in Mobilityless' Massachusetts agent for service of process, identifying Chris Sullivan, an individual purportedly residing in Springfield MA, as the new agent for service of process (Dkt. No. 8-7).  On February 3, 2020, this court received an anonymous communication purporting to notify the court and the undersigned that Plaintiffs had not completed service on Defendants (Dkt. No. 8-6).  On February 5, 2020, Plaintiff's counsel spoke with an account executive employed by Incorp Services, Inc. who reported that, notwithstanding the representation to the contrary in the filing with the Massachusetts Secretary of State, Mobilityless never retained

Incorp Services to act as its registered agent for service of process in Massachusetts (Dkt. No. 8-2, ¶ 16). Mobilityless' supposed new agent for service of process refused to accept delivery of certified mail Plaintiff's counsel sent to his address (Dkt. No. 8 at 2; Dkt. No. 8-2 ¶ 25; Dkt. No. 9).

Plaintiff's process server attempted to serve the Smatkos at their Connecticut residence ten times between January 14 and March 6, 2020 without success (Dkt. No. 8-2, ¶ 19). A neighbor informed the process server that the Smatkos had moved out of the residence (Dkt. No. 8 at 2). On March 19, 2020, the court granted Plaintiff's motion for an extension of time to complete service (Dkt. No. 7). In or around March 2020, Plaintiffs' counsel learned that the Smatkos had arranged with the United States Postal Service to forward their mail from their Connecticut address to a post office box in Fountain Hills, Arizona (Dkt. No. 8-2, ¶ 22). The Smatkos never picked up certified mail addressed to them at this post office box by Plaintiff's counsel (Dkt. No. 8 at 2). Plaintiff's counsel conducted a background search and discovered a residential property owned by the Smatkos in Fountain Hill, Arizona (Dkt. No. 8 at 2). Counsel hired an Arizona process server who made six attempts to serve the summons and complaint on the Smatkos between March 28 and April 5, 2020 at their new Arizona address (Dkt. No. 8-12).

"Plaintiff[s'] attempts to serve process on [Defendants] have been sufficiently diligent to warrant an alternative method of service of process on [them] in this case." *Alves*, 2013 WL 1330010, at *4; *see also A2Z Dental*, 2020 WL 488553, at *2 (the court authorized service by publication after the plaintiff made ten unsuccessful attempts to serve the defendant). Plaintiff's counsel made numerous unsuccessful attempts to effectuate service of process on Moblityless and the Smatkos, employing process servers in Massachusetts and Arizona, properly serving the purported registered agent for service of process for Mobilityless in Massachusetts, and using the

postal service. Plaintiffs' filing asserts that Defendants misrepresented the identity of the agent for service of process for Mobilityless to the Massachusetts Secretary of State, communicated anonymously with this court to assert that Plaintiffs' attempts at service had been unsuccessful, and have persistently sought to avoid delivery of service of process on them at their new residence, where, after the process server's initial attempt at service, he returned to find that the driveway had been blocked (Dkt. No. 8-12). "The record demonstrates, overwhelmingly and in detail, that Plaintiff[s'] difficulties with service of process arise from the evasive conduct of [the Smatkos]. … Under these circumstances, it is appropriate for the court to allow substituted service." *Angiodynamics, Inc. v. Biolitec, Inc.*, C.A. No. 09-30181-MAP, 2011 WL 1878145, at *1 (D. Mass. May 17, 2011), *aff'd* 780 F.3d 420, 428-29 (1st Cir. 2015).

"To pass constitutional muster, a method of service must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Hydentra HLP INT, Ltd. v. Sagan, Ltd.*, No. CV-16-01494-PHX-DGC, 2017 WL 490371, at *1 (D. Ariz. Feb. 7, 2017) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Plaintiffs' proposed alternative methods of service are adequately justified in Plaintiff's motion for alternative service (Dkt. No. 8 at 4-5 & nn. 2-6), are reasonably calculated to apprise Defendants of the claims stated in the complaint and are therefore approved by the court.

   III.   Conclusion

For the foregoing reasons, the court GRANTS Plaintiffs' motion for alternate service (Dkt. No. 8). **The time for Plaintiffs to make service on Defendants is extended to May 29, 2020.** Plaintiffs are authorized to serve all named Defendants by:

1. Mailing the summons, complaint, and this court order via certified mail to the Fountain Hills, Arizona residence of Gabor and Monica Smatko;

2. Mailing the summons, complaint, and this court order via certified mail to the Smatkos' post office box in Fountain Hills, Arizona;
3. Emailing the summons, complaint, and this court order to the Mobilityless, LLC e-mail address operated by Gabor Smatko at support@mobility4less.com;
4. Electronically delivering the summons, complaint, and this court order to telephone number 413-686-4965;
5. Electronically delivering the summons, complaint, and this court order to telephone number 203-269-1778;
6. Electronically delivering the summons, complaint, and this court order to telephone number 203-269-9372; and
7. Electronically delivering the summons, complaint, and this court order to telephone number 203-694-4372.

It is so ordered.

Dated: April 12, 2020                  /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
U.S. MAGISTRATE JUDGE