UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTTS

| | |
|---|---|
| BARBARA SWENSON; GERALD SHEARON<br><br>Plaintiff,<br><br>vs.<br><br>MOBILITYLESS, LLC; GABOR SMATKO; MONICA SMATKO JOHN DOES I-X,<br><br>Defendants. | Civil Action No. 3:19-cv-30168<br><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** |

Barbara Swenson and Gerald Shearon of full age, bring this lawsuit by and through the undersigned attorneys against Mobilityless, LLC, Gabor Smatko and Monica Smatko. The claims against the aforementioned defendants are brought individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiffs, which are based upon Plaintiffs' personal knowledge.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. §1964 of the Racketeer Influenced and Corrupt Organizations Act. Alternatively, Jurisdiction is appropriately laid in the United States District Court,

District of Massachusetts under 28 U.S.C. §1332 as the parties are diverse and the relief sought exceeds $75,000.

**2.**     Venue is appropriately laid in the District Court of Massachusetts under 28 U.S.C. §1391 and 18 U.S.C. §1965 because the events causing the claim occurred substantially within the State of Massachusetts and Defendants have maintained sufficient minimum contacts with the Commonwealth of Massachusetts.

## **PARTIES**

**3.**     Plaintiff Barbara Swenson resides in Salt Lake City, Utah.

**4.**     Plaintiff Shearon resides in Tallahassee, Florida.

**5.**     Defendant Gabor Smatko is a resident of Fountain Hills, Arizona and previously resided in Wallingford, Connecticut.  Mr. Smatko is the owner and sole member of Mobilityless, LLC, a corporation registered in the Commonwealth of Massachusetts.  Mr. Smatko regularly conducted business on behalf of Mobilityless, LLC across state lines

**6.**     Defendant Mobilityless, LLC is Massachusetts corporation with identification number 001344663.  The company maintains a principal office at 87 Mill St, Springfield, Massachusetts.

**7.**     Defendant Monica Smatko is a resident of Fountain Hills, Arizona and previously resided in Wallingford, Connecticut.  Monica Smatko is married to Gabor Smatko, and assists him in running the Massachusetts business Mobilityless, LLC

across state lines.

## **NON-PARTIES**

**8.**     Fountainmoons, LLC is business formed in January 2020 and owned by Monica Smatko in Arizona.   On information and belief, the only asset of Fountainmoons, LLC is the primary residence home of Monica Smatko and Gabor Smatko.

**9.**     Kevin Smatko is the son of Gabor Smatko and Monica Smatko.   On information and belief, Kevin Smatko resides in the former home of his parents at 6 Whiffle Tree Road, Wallingford, Connecticut.

**10.**     Tree Union, LLC is a Connecticut business formed by Kevin Smatko in 2020. Kevin Smatko owns Tree Union, LLC.  On information and belief, the only asset of Tree Union, LLC is the home located at 6 Whiffle Tree Road, Wallingford Connecticut.

**11.**     Chris Sullivan is the registered agent for two businesses owned by Gabor Smatko.  Corporate filings by Mobilityless, LLC and Epizontech, LLC identify Mr. Sullivan as residing at 25 George Street Springfield, Massachusetts.  Mr. Sullivan does not reside at the George Street address and his whereabouts are unknown to Plaintiffs.

**12.**     Epizontech, LLC is a Massachusetts corporation owned by Gabor Smatko engaging in substantially the same business operations as Mobilityless, LLC.

## FACTUAL ALLEGATIONS

### BACKGROUND

**13.**     In 1999 Gabor Smatko registered a business Monica, LLC in Connecticut.

**14.**     Gabor Smatko was the sole member of Monica, LLC and the business operated a website "omegastores.com"

**15.**     Through the website, Gabor Smatko and Monica LLC began selling mobility scooters, electric scooters, and gas-powered scooters primarily to the elderly and disabled, as well as some other products.

**16.**     In early 2006 the State of Connecticut filed a lawsuit against Monica LLC d/b/a Omegastores.com and Gabor Smatko.   The lawsuit, prosecuted by the Connecticut Attorney General's office, was docketed in the Hartford Judicial District under case number HHD-CV06-4021481-S.

**17.**     According to the First Amended Complaint filed by the State of Connecticut, Mr. Smatko and Monica LLC engaged in wrongful conduct violating the Connecticut Unfair Trade Practices Act including the following conduct:

11.     On many occasions, the Defendants shipped products to customers even after the customers communicated to the Defendants that they wished to cancel their orders because the product had not been shipped in a timely manner or the customer had changed his or her mind. On such occasions, despite their knowledge that the customer no longer wanted the product, the Defendants shipped it anyway, thereby causing the customer to incur further costs in shipping the product back to the Defendants and in paying a restocking fee.

12.     On many other occasions, the Defendants shipped and delivered products that were defective or damaged, that were missing parts, instructions, and product information, and, at times, that were the wrong product. In a number of instances, the Defendants simply failed to ship the ordered product at all.

13.     Upon notice of the defects and the problems from their customers, the Defendants refused to repair the products, refund the purchase price, and provide the necessary parts for the products.

14.     The Defendants also failed to adequately contain and/or package products in accordance with applicable shipping standards before shipping products to customers, frequently resulting in damage to the products during shipping.

15.     In refusing to repair, refund, or provide parts to its customers, and in failing to adequately contain and/or package products prior to shipping, the Defendants, *inter alia*:

a.     claimed that they themselves received the returned product in defective condition and would, therefore, not provide a refund;

b.     claimed that the Defendants' "damaged merchandise" and "defective and not complete merchandise" policies justified and supported the defendants' refusal; or

c.     refused to respond at all to customer inquiries.

16.     Many of the Defendants' customers, therefore, have been left with products that do not function according to the representations made by the Defendants on their website, or do not function at all, and without a refund of the purchase price of the product. Additionally, many of the Defendants' customers have had to pay for the return shipping and packaging of the defective products to the Defendants.

16.  On November 10, 2010 by stipulated judgment with the State of Connecticut, Mr. Smatko and Monica, LLC agreed to injunctions including the following:

| | |
|---|---|
| 6 | The stipulation shall include the following |
| 7 | affirmative injunctive provisions:  The defendants |
| 8 | shall comply with Connecticut General Statutes |
| 9 | 42a-2-314; Connecticut Regulation 42-110b-20; |
| 10 | Connecticut General Statutes 42-331; Connecticut |
| 11 | Regulation 42-110b-22; Connecticut General Statutes |
| 12 | 42a-2-302; Connecticut General Statutes 42-110a. |

13    The stipulation shall include the following
14    prohibitive injunctions:
15        The defendants shall be prohibited from
16    shipping products in packaging, e.g. boxes, that are
17    insufficient to be used by consumers to return such
18    packages to defendants -- such products to
19    defendants.  Excuse me.
20        The defendants shall be prohibited from
21    requiring consumers, as a condition of any offer, to
22    add or sup -- excuse me.  This is -- we've got some
23    changes on this.  Requiring consumers, as a
24    condition of any trial offer, risk-free offer, or
25    any return provided for in the warranty, to add or
26    supplement the padding and/or packaging material
27    prior to the returning of a product to the

2        Defendants are violated -- defendants are
3    prohibited from voiding or not honoring the warranty
4    on electric bicycles based upon a consumer's
5    assembly of said bicycle without the assistance of a
6    bicycle, bike, or motorcycle shop.
7        Defendants are prohibited from requiring, in
8    any warranty, a consumer to report any concealed
9    defect or damage in any time period less than seven
10    days.

**18.**     Gabor Smatko and Monica, LLC further agreed to pay restitution for consumers whose complaints were on file with the Office of the Attorney General of Connecticut as of the consent judgment date.

**19.**     In early 2014, the State of Connecticut filed a Motion for Contempt after finding that Gabor Smatko and Monica, LLC violated the 2010 Consent Order.

**20.**     On or about February 23, 2015 Gabor Smatko and Monica, LLC entered a Stipulated Post-Judgment Order resolving the 2014 contempt motion.

**21.**     The Stipulated Post-Judgment Order bound Gabor Smatko and Monica, LLC to injunctions including the following:

3.1.1   providing Consumers a seven (7) day period, from their receipt of a product, to inspect the product prior to rejecting it;

3.1.2   providing a full refund, including shipping costs incurred by Consumers, to Consumers who reject and return a product that is nonmerchantable;

3.1.3   adequately containing and packaging products in a manner to prevent them from getting damaged during shipping;

3.1.4   including applicable owner's manuals and product instructions within the container of each such product;

3.1.5   informing Consumers who identify themselves to the Defendants, either orally or in writing, as disabled or physically impaired and who attempt to purchase mobility scooters, electric bicycles and electric tricycles that such products are not suitable for individuals with disabilities or physical impairments;

3.1.6   restraining from seeking to collect a fee from Consumers for disputing a credit card charge relating to a purchase from the Defendants;

3.1.7   restraining from sending Consumers any communication that conveys a message that Consumers cannot refuse a shipment if the shipping container is distressed or open; and

3.1.8   Clearly and Conspicuously disclosing the warranty and return policy on the Defendants' website in understandable language and syntax.

**22.**   The stipulated Post-Judgment Order required Mr. Smatko and Monica, LLC to make additional restitution payments.

**23.**   On information and belief, Gabor Smatko and Monica, LLC obtained a favorable outcome in the settlements with the Attorney General of Connecticut by claiming to have insufficient funds to provide restitution without an extended payment plan.

**24.**   On information and belief, Gabor Smatko and Monica, LLC were intentionally dishonest about their financial status with the Attorney General of Connecticut.

## GABOR SMATKO OPENS A BUSINESS IN MASSACHUSETTS TO EVADE THE JURISDICTIONAL REACH OF THE CONNECTICUT ATTORNEY GENERAL

**25.**     Subsequent to the Connecticut litigation, Gabor Smatko opened two businesses operated from 87 Mill St Springfield, Massachusetts.

      a.  On December 30, 2014 Gabor Smatko registered Epizontech, LLC.

      b.  On September 6, 2018 Gabor Smatko registered Mobiiltyless, LLC.

**26.**     Through Mobilityless, LLC Mr. Smatko operates the website "Mobility4Less.com" which advertises the sale of Electric Scooters, Electric Tricycles, Electric Bicycles, Electric Wheelchairs, Low-Temp Freezers, and Wavetrader WT-125 Motorized Surfboards.  The website also references Epizontech and the companies are related.

**27.**     The goods sold by Mobilityless, LLC are shipped across state lines to the purchasers by private and/or common carrier.

**28.**     On information and belief, Gabor Smatko opened Epizontech, LLC and Mobilityless, LLC in an attempt to continue the business operations of Monica, LLC outside the jurisdictional reach of the Office of the Attorney General for the state of Connecticut.

**29.**     Epizontech, LLC and Mobilityless, LLC specialize in substantially the same merchandize sold by Monica, LLC.

**30.**     Customer complaints against Gabor Smatko's Massachusetts corporations on file with the Better Business Bureau are voluminous.

**31.**     Between August 2016 and December 2019 there are more than two dozen consumer complaints on file with the Massachusetts Consumer Advocacy and Response Division, illustrating that Gabor Smatko has continued to engage in the wrongful conduct of Monica, LLC through new Massachusetts corporations.

**32.**     A significant percentage of Monica, LLC's sales are to individuals who are elderly and/or disabled.

## DEFENDANTS ENGAGE IN UNLAWFUL CONDUCT AND KNOWING MISREPRESENTATIONS TO ALL ITS CUSTOMER VICTIMS

**33.**     The following is a non-exhaustive list of objectionable information published by Gabor Smatko and Mobilityless, LLC on the website mobility4less.com.

**34.**     Mobility4less.com has one office in Springfield Massachusetts and falsely claims on the website to have locations in Miami Florida, Los Angeles California, Phoenix Arizona, Houston Texas, Chicago Illinois, and New York, New York. Visitors to the website see the following information on the main page.





**35.**   By claiming to have locations in major metropolitan areas, Mobility4Less misleads its customers into believing the company is reliable, large, well established, and reputable.

**36.**   Mobility4less.com designed its return and warranty policy to be non-effective and unconscionable.

**37.**   The return and refund policy published at mobility4less.com/policy states:

Return Policy

We accept returns on defective products, parts, or accessories for seven days after purchase. The Actual **Shipping and handling fees are not refundable**. If the product was advertised with free shipping than the actual shipping cost, which is not free, will be calculated.

Defective products, parts, or accessories parts must be returned within 7 days.

Any defect,  or in the event the item is not as described, the purchaser has the legal obligation to report such within seven days of delivery in writing, either via email or regular usps registered mail.

Any return of non-defective items, parts, or accessories must be approved by the seller and will be subject to a 25% inspection and repackaging fee. Damages that occur during shipping are the responsibility of the individual returning the bike or parts and will be deducted from any refund due.

Returns are never accepted on products that have been used. All returns must be in new, unopened condition.

**38.**   Mobility4less.com advertises free shipping but if it accepts a return and issues a refund, it subtracts shipping expenses.  The claim of free shipping is false.

**39.**   Mobility4less.com policy of charging customers a 25% fee for returning defective parts is unconscionable and enables Mobility4less.com to generate revenue by sending defective goods to customers and then charging them a fee to return the goods.

**40.**   Customers of Mobility4less.com report that goods have been delivered in used and/or damaged condition.  The return policy maintained by Mobility4less.com is unconscionable in that the company refuses to accept returns of goods returned in the condition it delivered them in.

**41.**   The warranty policy published on mobility4less.com is unconscionable.  The

policy states in part:

Damage and Shortage Claim:
Damage resulting from shipping is the responsibility of the shipping company and the purchaser is responsible for notifying Company at the day of delivery and filing an insurance claim with the shipping company.

Any item that was received by consignee (customer) without noting any damage/shortage on the delivery manifest is considered to be received without any damage/shortage.

Any item that was not returned for service within seven days from the date on which it was delivered considered to be free of defect upon arrival.

42.     Customers of Mobility4less.com report that goods were delivered in damaged condition with inadequate packaging materials.  Mobilityless, LLC wrongfully attempted to disclaim responsibility for damage to goods that it could and should have prevented.

43.     The damage policy is unconscionable in that it requires the customer to note all damage upon delivery, while the return policy states that returns will not be accepted unless the product is in "unopened condition."  The policies conflict and are designed to permit mobility4less.com to take advantage of consumers and reject all returns.

44.     Although mobility4less.com claims to offer a seven-day return policy, the same webpage explains that returns can only be completed within three days and require prior authorization from mobility4less.com.  The unconscionable policy states:

**Non-merchantibility (usability), or Not as Described Claim:**
Company must be notified via email within three days of delivery and customer must ask for a Return Authorization. Without such Authorization the return will be refused. No such claim will be accepted after three days. The Return Authorization form must be signed within this three-day period, and the item must be returned within seven days.

45.     Mobility4less.com implements an unconscionable policy of charging a fee ranging from 6-15% for order cancellations received prior to the shipment of an order.  The policy states:

Cancellations

Any order that has been processed will have a 6% processing fee. Any order that has been sent to packing will have the 15% packing and processing fee. Any order that has been shipped cannot be canceled. All cancellations and modifications to the original order must be made in writing.

46.     As a policy, mobility4less.com states the "company reserves the right to modify products without prior notification to purchaser".   This policy is an unconscionable attempt to justify bait and switch sales of goods.

47.     Mobility4less.com actively threatens to sue customers that complain about the quality of services and goods provided by the business.   Maintaining a page dedicated to this policy[1], the website states in part:

If you were unsatisfied with any of the services or products that you had received from our company and left a negative review, we may contact you to remedy the situation.

If our company offers any help to reach a common satisfaction, for example; refunds the purchase, takes item back – in such cases the product becomes our property –  provides technical help, abides by the store policy,  you agree to remove such review.  If you fail to do so, we will have the right to sue you because You by doing so will incite actions (portray a derogatory picture of us) that will harm us (our business). "You incite actions that would cause harm."

---

[1] As of December 11, 2019, Mobility4less.com/privacy contains content identical to epizontech.com/privacy including a reference to Epizontech.

**48.**    On information and belief, in 2019, Gabor Smatko and Mobilityless, LLC filed debt collection lawsuits against at least eight out of state residents, all of whom were sent the wrong and/or defective goods by Mr. Smatko and Mobilityless, LLC and were unable to return the goods or otherwise obtain refunds from Molityless, LLC.

### FACTS SPECIFIC TO BARBARA SWENSON

**49.**    Barbara Swenson is a senior citizen residing in Salt Lake City, Utah.

**50.**    On or about August 27, 2019 Ms. Swenson purchased an electric tricycle and upgraded lithium battery from mobility4less.com.

**51.**    At the time of the transaction Ms. Swenson was 84 years old and decided to make the purchase after recognizing the aging process was impacting her ability to regularly ride her non-motorized bike.  The electric tricycle offered a way to remain active outdoors for the foreseeable future.

**52.**    Ms. Swenson paid $1,618.50 by credit card which was processed by paypal through mobility4less.com.

**53.**    On or about August 29, 2019 Ms. Swenson received an email from support@mobility4less.com.

**54.**    The email address support@mobility4less.com is operated by and/or controlled by Gabor Smatko.

**55.**    The email foreshadowed that a defective and damaged tricycle would be

delivered to Ms. Sweson.  The email states in part:

We thrive to protect your investment.

However, sometimes an act of God renders our efforts in vain.

So we ask you that if your shipment is totally damaged when you receive it, take a note of such on the delivery paper and refuse it.

However, just by looking a punctured or otherwise crashed box does not mean that the item inside is damaged. Inspect it and if you find some minor issues, it is more logical to accept it and notifying us so we can send you the replacement parts than refusing the whole shipment.

This logical method can save your time and you will enjoy your trike sooner. Of course, we need you to take a note of such case on the delivery paper to protect you.

Why doing so helps you?

- many times we use plastic components for packaging, which may break during shipment, and you think that is a part of the item. It is not, and your trike may have no damage at all. If you refuse it for such reason, the freight company will not compensate anybody and prolong the time of getting your replacement trike.

- sending you a replacement fender or any other parts if they are bent or damaged will help you get on your tricycle a lot faster than waiting to get the old one back and ship you another one.

**56.**     On information and belief, the August 29 email sent to Ms. Swenson is a form

email sent by mobility4less.com to substantially all its customers.

**57.**     Instructions within the August 29 email contradict the information published

on mobility4less.com/policy and are designed to confuse the consumer, as well as to

create a circumstance where mobility4less.com can refuse to accept returns under its

website policy.

**58.**     On or about September 9, 2019 the tricycle was delivered to Ms. Swenson's

home.  At the time of delivery, the box was crushed and the electric tricycle severely

damaged.

**59.**     The delivery driver used a forklift to move the box and accompanying pallet

into Ms. Swenson's garage.

**60.**    Following the email instructions, Ms. Swenson accepted delivery and noted the damage on the delivery manifesto.

**61.**    At the time of delivery, Ms. Swenson took photographs of the box and tricycle in the presence of the delivery person.

**62.**    The photos taken at the time the tricycle was first inspected show that it was delivered with scratches, dents, bends in the frame, a broken charging cable and with a shattered battery case holding four small lead acid batteries instead of the upgraded lithium battery Ms. Swenson purchased.

**63.**    Ms. Swenson contacted mobility4less.com and did not receive a response for more than a week and claimed to temporarily close the business for ten days during September 2019.  The closure overlapped with the delivery of the tricycle and return period.

**64.**    Ms. Swenson was worried that because mobility4less.com was not responding to her, the period for returning the tricycle might expire.

**65.**    Believing she was dealing with a legitimate and honest business; Ms. Swenson then successfully spoke with the "parts" department of mobility4less.com.

**66.**    The representative from the parts department agreed to ship Ms. Swenson a working battery charging box for the tricycle, but required her to pay $80 even though the bike was delivered with a defective battery and case.

**67.**    Mobility4less.com also told Ms. Swenson it could not take payment for the

battery by credit card through the paypal interface.  Instead, mobility4less.com required Ms. Swenson to provide a scanned copy of a personal check marked "VOID" and was told mobility4less.com would then draw funds directly from Ms. Swenson's bank account.

68.    Ms. Swenson followed the instructions of mobility4less.com and provided a personal check marked "VOID."

69.    Acting through Mobility4less.com, Gabor Smatko then created a forged personal check in Ms. Swenson's name.  The check miss spelled Salt Lake City as "SALT ALKE CITY."

70.    The forged check was in the amount of $124.20, not $80.

71.    A copy of the check follows:



72.    Acting through Mobility4less.com, Gabor Smatko claimed the battery was shipped to Ms. Swenson.  No battery was ever received by Ms. Swenson.

**73.**     Upon checking her backing records and discovering the attempt by mobility4less.com to withdraw $124.20, Ms. Swenson immediately contacted her financial institution and incurred expenses to place a stop payment on the forged check.

**74.**     Then, Ms. Swenson immediately resumed attempts to return the tricycle.

**75.**     At this time, Ms. Swenson was contacted by Paypal, regarding her interactions with Mobility4less.com.

**76.**     On information and belief, Paypal had received several complaints and disputes from victims who purchased goods from Mobilityless, LLC through the Paypal interface and Paypal opened an independent investigation.

**77.**     Paypal's inquiry resulted in an investigation and refund to Ms. Swenson for the purchase price of the tricycle.

**78.**     Then, on September 25, 2019, acting through Mobility4less.com, Gabor Smatko sent Ms. Swenson an email stating the following:

It came to our attention that you have received our product and you have also disputed the charge with your card company for whatever reason without sending the trike back to us.

Action 1.
Since now you have both the funds and the item - that is considered a larceny according to interstate commerce - , we ask that you either ship it back to us at your expense or scan your check and email us a copy for payment.
No cards payments are accepted from you.
The product must be returned in the same way as you have received; with all of its parts, undamaged, packed and secured to a pallet within seven days of this notice.

If your answer to satisfy any of the above solutions are not received within 48 hours, we will have to proceed with the following:

Action 2.
A lawsuit will be filed against you in the court of Massachusetts requesting the total purchase price plus attorney's and court fees in the amount of not less than $4,000.00.
You will have to appear in person or will have to hire an attorney for the court date to defend your case and explain to the judge why keeping the product and the money is a legal way of doing business. It is guaranteed that you will lose the case.

After the lawsuit is filed, we will have to proceed with

Action 3.
A motion to arrest will be filed against you with your local Police and Sheriff Department for larceny. It will stain your record and a criminal charge will guarantee that you comply with our request as outlined in Action 1.

**79.**     The threat of pursuing a lawsuit against Ms. Swenson more than 2,000 miles from her home in a state where she has no residence or other meaningful connection was unconscionable and caused significant stress and fear for Ms. Swenson

**80.**     The threat of arrest by Defendants was unconscionable and caused significant fear and stress for Ms. Swenson.

**81.**     Following the instruction of mobility4less.com through Gabor Smatko, Ms. Swenson took action to ship the damaged tricycle back to Mobility4less.com in the original condition using the original packaging.

**82.**     Mobility4less.com instructed Ms. Swenson to ship the tricycle to Wallingford Connecticut, the town where Gabor Smatko resided in 2019.

83.    Gabor Smatko engaged in business conduct individually and through Mobilityless, LLC that is prohibited by the Consent Order with the State of Connecticut.

84.    Ms. Swenson paid $521.40 out of pocket to ship the tricycle with United Parcel Service to Mobility.

85.    On October 1, 2019 the tricycle arrived at the address provided by Gabor Smatko of mobility4less.com and they refused to accept the delivery.  That same day, using the email address support@mobility4less.com, Gabor Smatko sent an email to Ms. Swenson stating:

> Dear Barbara Swenson,
>
> You attempted to return the item in a completely damaged condition, and not talking about the battery being damaged now.
> However, we asked in our previous email that
> "The product must be returned in the same way as you have received; with all of its parts, undamaged, packed and secured to a pallet within seven days of this notice." - you simply ignored this instruction.
>
> The trike was refused and we filed the suit against you.
>
> See attached file for Action 2.
> The court will assign a docket number and the court date to the suit as specified in their policy.
> We will also seek Attorney's fees and other cost addition to the claimed amount.
>
> Once the trial is set, we will proceed to Action 3. unless the payment is received in 48 hours by texting a copy of your check to 1-413-686-4965.

86.    The continued demands from Gabor Smatko made through Mobility4less.com that Ms. Swenson provide a check against which funds could be drawn from her bank account was an unconscionable business practice.

87.    Gabor Smatko and Mobilityless, LLC filed a debt collection lawsuit before against Ms. Swenson on October 1, 2019 in the Springfield Massachusetts District Court Small Claims Session, falsely alleging:

Defendant purchased an electric tricycle online.
After receiving it she refused to pay for it then tried to return it completely damaged.
We are claiming $1,618.50 plus costs.

88.    Allegations within the debt collection complaint were made willfully false.

89.    On or about December 17, 2019, the debt collection lawsuit was dismissed for lack of jurisdiction.


## FACTS SPECIFIC TO GERALD SHEARON

90.    Gerald Shearon is a disabled individual with limited mobility, residing in Tallahassee Florida.

91.    On or about July, 4, 2019 Mr. Shearon purchased an electric tricycle from the Defendants through the website mobility4less.com.

92.    Four days later on July 8, 2019 Gabor Smatko through Mobilityless, LLC, sent an email to Mr. Shearon confirming the purchase.  The email shows that Mr. Shearon purchased additional upgrades:

Dear Gerald Shearon;

This email is to confirm that we have received your order for our electric tricycle.

Your Order Number: cM1907080404ET- 6502

Product: $2,749.00 Electric Tricycle

PowerBooster: $289.50

Charger: $185.00

Shipping: $0.00

Total: $3,223.50

**93.**   The July 8 email further states:

We appreciate your business, and for you to have your item as soon as possible, your tricycle went under testing and packing. Therefore, at this time your order could not be canceled.

Thank you,

Customer Care

**94.**   The claim that the "tricycle went under testing" is false.

**95.**   On or about July 8 2019, Gabor Smatko acting through Mobilityless, LLC

sent Mr. Shearon the same email it sent to Ms. Swenson stating:

We thrive to protect your investment.

However, sometimes an act of God renders our efforts in vain.

So we ask you that if your shipment is totally damaged when you receive it, take a note of such on the delivery paper and refuse it.

However, just by looking a punctured or otherwise crushed box does not mean that the item inside is damaged. Inspect it and if you find some minor issues, it is more logical to accept it and notifying us so we can send you the replacement parts than refusing the whole shipment.

This logical method can save your time and you will enjoy your trike sooner. Of course, we need you to take a note of such case on the delivery paper to protect you.

Why doing so helps you?

- many times we use plastic components for packaging, which may break during shipment, and you think that is a part of the item. It is not, and your trike may have no damage at all. If you refuse it for such reason, the freight company will not compensate anybody and prolong the time of getting your replacement trike.

- sending you a replacement fender or any other parts if they are bent or damaged will help you get on your tricycle a lot faster than waiting to get the old one back and ship you another one.

96.     The physically disabled Mr. Shearon was surprised to receive the tricycle in need of assembly.  This was not disclosed clearly at the time of purchase on the Mobilityless, LLC website.

97.     After complaining about the assembly issue by email, Gabor Smatko through Mobilityless, LLC, responded in writing on July 15, 2019 instructing Mr. Shearon that Mobilityless, LLC maintains the following "policy:"

- If the item requires any type of  assembly, as it is a common requirement with freight shipments, it is the consumer's responsibility to take the product to a local bike/scooter shop for assembly. No claims will be accepted if it is not followed. We do not provide white-glove service, and you did not pay for it either. Giving instructions over the telephone is like having your car fixed without taking it to your mechanic. Some products may have no manual from the manufacturer. In this case, you can find some help on our website under the "ihelp" section.  Some video may provide you with visual help only. If the purchaser establishes a claim of "item incomplete" or "item is not operational, faulty etc.." than he or she must take the item to a local bike/scooter shop and send the seller the information of his/her local bike shop's for verification of such claims.

98.     Following the instruction of Gabor Smatko and Mobilityless, LLC, Mr. Shearon located a local business, University Cycles of Tallahassee, to professionally build the tricycle.

99.     University Cycles of Tallahassee notified Mr. Shearon that the tricycle was delivered with the wrong parts for key functions including the battery casing, bracket for attaching the battery casing to the bike, and the shipment came with the wrong steering components..

100.    Mr. Shearon did not receive the upgraded parts he paid for.

101.    On or about July 18, Mr. Shearon notified Mobilityless, LLC by email of the problem.

**102.**   On July 19, 2019, Gabor Smatko through Mobilityless, LLC, told Mr. Shearon to return the disputed part to Mobility at an address in Wallingford Connecticut.  Mr. Shearon would have to do so at his own expense.  The email further stated:

Unfortunately, we cannot send another one until yours is received according to the Store Policy. It helps us keep the prices low, and help you get the products at such a low prices.

**103.**   This meant, that Mr. Shearon would be stuck with an inoperable tricycle for as long as it took Mobilityless, LLC to rectify the problem, if it did so at all.  More likely, Mr. Shearon would be subjected to an unconscionable fee charged by Mobility, LLC for restocking or replacing the item.

**104.**   Over the next several days Mr. Shearon and local bike shop tried to get Mobilityless, LLC to send him the correct part without having to go through the lengthy and uncertain process proposed by the business.

**105.**   Gabor Smatko through Mobilityless, LLC, eventually provided a shipping label to the bike shop for the defective parts to be sent back to Connecticut.

**106.**   Gabor Smatko through Mobilityless, LLC claimed not to receive the package shipped using its own label.

**107.**   Mobilityless, LLC refused to assist in correcting its error.

**108.**   Mobilityless, LLC never replaced the defective bike part and refused to accept a return of the tricycle.

**109.**   Mobilityless, LLC has Mr. Shearon's $3,223.50 and has been paid in full.

110.   Gabor Smatko and Mobilityless, LLC then offered to replace the parts under a "warranty" if Mr. Shearon sent a copy of a personal check to Mobilityless, LLC.

111.   On information and belief, Mr. Smatko acting through Mobilityless, LLC, intended to draw funds from Mr. Shearon's account using a forged check.

112.   Mr. Shearon did not provide the requested check.

113.   Then, Gabor Smatko and Mobilityless, LLC filed a debt collection lawsuit before against Mr. Shearon on September 20, 2019 in the Springfield Massachusetts District Court Small Claims Session, falsely alleging:

**PLAINTIFF'S CLAIM:** Fill in below the amount you are suing for and briefly explain your claim. State your claim clearly so the defendant can understand why he or she is being sued. Give the date of the event that is the basis of your claim. Fill in as "costs" the amount of the filing fee.  The Plaintiff claims that the Defendant(s) **OWE  $3,223.50**       plus **$100.00**        court costs for the following reasons:
Defendant purchased an electric scooter online.
After receiving it, she rejected to pay for it.
We are claiming $3,223.50 plus costs.

114.   On or about December 18, 2019, the frivolous lawsuit was dismissed for lack of jurisdiction.

115.   Mr. Shearon is one of multiple out of state residents sued by Mobilityless, LLC in Springfield Massachusetts to collect money where no debt is owed and Mobilityless, LLC was paid in full despite delivering the wrong product or a defective product.

**OVER THE COURSE OF SEVERAL YEARS, DEFENDANTS HAVE TAKEN SIGNIFICANT AND UNLAWFUL STEPS IN AN EFFORT TO SHILED THEMSELVES FROM LIABILITY WHILE COMMITING ACTS IN VIOLATION OF STATE AND FEDERAL LAW**

116.   Gabor Smatko, with the assistance of Monica Smatko, formed Mobilityless, LLC in Massachusetts to evade the jurisdictional reach of the Attorney General of Connecticut.

117.   In 2002 Gabor Smatko and Monica Smatko purchased a home located at 6 Whiffle Tree Road, Wallingford Connecticut.

118.   Defendants resided in the Wallingford, Connecticut home.

119.   In 2007, after the Connecticut Attorney General filed its lawsuit against Gabor Smatko and Monica, LLC, Gabor Smatko executed a quit claim deed to Monica Smatko that resulted in Gabor Smatko being removed from the deed.

120.   This lawsuit was filed on December 23, 2019.

121.   On January 28, 2020, Monica Smatko transferred ownership of the Wallingford, Connecticut home to her son Kevin Smatko through execution of a Quit Claim Deed.

122.   On or about March 3, 2020, Kevin Smatko formed a sole member Connecticut business Tree Union LLC.

123.   In or around March 2020, Kevin Smatko transferred ownership of the Wallingford Connecticut home to Tree Union LLC through execution of a Quit Claim Deed.

124.   A primary purpose of transferring the home in Wallingford, Connecticut from Gabor Smatko to Monica Smatko, to Kevin Smatko and subsequently to Tree Union

LLC, was an attempt to shield the asset from reach of Plaintiffs as a result of the unlawful and wrongful conduct of the Defendants.

**125.**   In July 2019, Gabor Smatko purchased real property at 9236 N Powderhorn Drive, Fountain Hills Arizona. Gabor Smatko was the only person on the deed at the time of purchase[2].

**126.**   Gabor Smatko obtained a mortgage loan secured by the 3,500 square foot Fountain Hills property in the amount of $937,500.00 and the property is estimated to have a market value exceeding $1,200,000.

**127.**   Gabor Smatko then executed a warranty deed designating the Fountain Hills home as community property, adding Monica Smatko to the deed.

**128.**   On or about November 21, 2019 Gabor Smatko and Mobilityless, LLC received a demand letter pursuant to the Massachusetts Consumer Protection Act M.G.L. c. 93A outlining conduct set forth in this Complaint and making a clear claim for relief.

**129.**   On December 26, 2019 after this lawsuit was filed, Gabor Smatko executed a warranty deed transferring ownership of the Fountain Hills property exclusively to Monica Smatko.

**130.**   On or about January 27, 2020, Monica Smatko formed a single member

---

[2] Mr. Smatko obtained an adjacent parcel of land under a separate deed and the subsequent transfers described herein apply to both parcels.

business Fountainmoons, LLC registered in Arizona.

**131.** On or about February 2, 2020, Monica Smatko executed a warranty deed transferring ownership of the Fountain Hills property to Fountainmoons, LLC.

**132.** A primary purpose of transferring the home in Fountain Hills, Arizona from Gabor Smatko to Monica Smatko, Fountainmoons LLC, was an attempt to shield the asset from reach of Plaintiffs as a result of the unlawful and wrongful conduct of the Defendants.

**133.** On information and belief, Defendants have not notified the mortgage lender that ownership of the Fountain Hills, Arizona home has been transferred to Fountainmoons LLC.

**134.** Acting on behalf of Mobilityless, LLC, Gabor Smatko filed the corporate registration for the business.

    a. In 2018, Gabor Smatko and Mobilityless, LLC falsely identified the name and address of the company's resident agent as Incorp Services, Inc. located at 10 Milk Street, Suite 1055, Boston, MA.

    b. In reality, neither Gabor Smatko nor Mobilityless, LLC ever communicated with Incorp Services, Inc. or otherwise retained them as agent of Mobilityless, LLC.

    c. In January 2020, Gabor Smatko and Mobilityless, LLC filed a change of resident agent with the Secretary of the Commonwealth of

Massachusetts, Corporations Division.

d.  The January 2020 filing changed the designated agent to Chris Sullivan at 25 George Street, Springfield, Massachusetts.

e.  There is no Chris Sullivan located at 25 George Street, Springfield, Massachusetts and the filing was made falsely.

f.  On at least three occasions prior to the First Amended Complaint, mail sent to Mobilityless, LLC care of Chris Sullivan, was returned undeliverable.

g.  The designation of Chris Sullivan at 25 George Street as the corporate designee of Mobilityless, LLC was made at the direction of Gabor Smatko with the purpose of obtaining Chris Sullivan's assistance to evade state officials and the victims of Defendants.

**135.**  As set forth in the Court's Order and Opinion dated May 12, 2020 at ECF Document 10, there is substantial evidence the Defendants actively took steps to evade service of the Summons and Complaint and while doing so, took steps to move assets.

## CLASS ALLEGATIONS

**136.**  Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer

class.

**137.**   The Class consists of: a) All consumers b) who made purchases from mobility4less.com during the calendar years of 2018-2019 c) received goods that did not match the order, were damaged or otherwise defective d) and Mobilityless, LLC would not accept a return of the item or voluntarily refund the purchase price.

**138.**   The identities of all class members are readily ascertainable from the sales and transaction records of Defendants.

**139.**   As of commencement of this litigation, Plaintiffs are aware of one or more likely class members in Missouri, Utah, Washington, New Jersey, California, Florida, and Montana.

**140.**   Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

**141.**   There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants engaged in unlawful conduct through advertisements on their website, and the sale of defective goods.

**142.**   The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

143.    The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor Plaintiffs' attorneys have any interests, which might cause them not to vigorously pursue this action.

144.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** The Plaintiffs are informed and believe, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members.

(c)    **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are

averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

**145.**   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**146.**   Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to

particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT M.G.L. c. 93A et seq.
### (Gabor Smatko, Mobilityless, LLC)

147.   Plaintiffs repeat, reiterate, and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

148.   The Massachusetts Consumer Protection Act M.G.L. c93A §2 renders "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" to be "declared unlawful."

149.   As the sole member and owner of Mobilityless, LLC, all actions of the company were directly conducted by or at the direction of Gabor Smatko.  Under the Massachusetts Consumer Protection Act,  Mr. Smatko is liable for the conduct of Mobilityless, LLC.

150.   Defendants Gabor Smatko and Mobilityless, LLC engaged in unfair and deceptive acts or practices in violation of the Massachusetts Consumer Protection Act including but not limited to the following:

   a.   Defendants failed to publish a clear return and/or refund policy in a manner that could be readily read and understood by the customer.

b.  Defendants failed to honor its warranty agreements.

c.  Defendants engaged in "Bait and Switch" advertising whereby they advertised goods on the website and a different good of lesser value to the customer.

d.  Defendants falsely advertise having live representatives by phone.  Not a single victim was able to speak with a live representative of the company.

e.  Defendants engaged in false advertising as defined by and in violation of 940 C.M.R. 302.

f.  Defendants made deceptive advertising guarantees as defined by and in violation of 940 C.M.R 3.03.

g.  Defendants engaged in acts or practices utilizing deceptive pricing as defined by and in violation of 940 C.M.R. 3.04.

h.  Defendants made general misrepresentations as defined by and in violation of 940 C.M.R. 3.05.

i.  Defendants engaged in unfair or deceptive acts or practices in violation of 940 C.M.R. 3.13 by charging consumers an incorrect price for an item offered for sale, and by using deceptive pricing as defined by the regulation.

j.  Defendants engaged in unfair and deceptive trade practices as defined

by 940 C.M.R. 3.13(4) by misrepresenting the seller's refund, return and/or cancellation policy, by failing to perform under a published policy, and/or by failing to clearly and conspicuously disclose the seller's refund return or cancellation policy.

k.  Defendants engaged in unfair and deceptive trade practices as defined by and in violation of 940 C.M.R. 3.15 by engaging in the substitution of products and by failing to deliver purchased goods.

l.  Defendants engaged in unlawful attempts to collect alleged debts incurred for personal, family, or household purposes where no money was owed.  This violated M.G.L. 93A§49.

151.  On November 21, 2019 Defendants received by certified mail a written demand for relief, identifying Ms. Swenson and the class she seeks to represent, and reasonably describing the unfair and deceptive acts or practices relied upon and injuries suffered.

152.  Defendants have failed to make a reasonable settlement offer in writing to resolve the dispute and are thereby deemed to have refused the Plaintiff's demand for relief.

153.  All the Defendant's unfair and deceptive practices were willful and knowing within the meaning of M.G.L. c. 93A.

154.  As a result of the defendant's conduct in violation of the Massachusetts

Consumer Protection Act, Plaintiffs and all similarly situated individuals victimized by defendant's conduct are entitled to all relief afforded under the statute including but not limited to actual damages, statutory damages, trebled damages, injunctive relief, costs and attorney's fees.

## COUNT II

### FRAUD
### (Gabor Smatko, Mobilityless, LLC)

**155.**   Plaintiffs repeat, reiterate and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

**156.**   Through the website mobility4less.com, Gabor Smatko and Mobilityless, LLC made one or more false representations of material fact with knowledge of the falsity for the purpose of inducing the Plaintiff and similarly situated persons to act.

**157.**   The Plaintiffs and similarly situated persons relied upon the representations of Gabor Smatko and Mobilityless, LLC.

**158.**   Reliance by the Plaintiffs and similarly situated persons was reasonable under the circumstances.

**159.**   The Plaintiffs and similarly situated persons were harmed as a result of the reasonable reliance upon Gabor Smatko and Mobilityless, LLC's materially false statements.

**160.**   As a result of the defendant's false representations causing damage, Plaintiffs

and all similarly situated individuals victimized by defendant's conduct are entitled to all relief afforded under law including but not limited to actual damages, punitive damages, costs and attorney's fees.

## COUNT III

### CONSPIRACY
### (Gabor Smatko, Mobilityless, LLC, Monica Smatko)

**161.** Plaintiffs repeat, reiterate and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

**162.** Monica Smatko and Gabor Smatko are married.

**163.** On information and belief, Monica Smatko contributed to the business operations of Mobilityless, LLC.

**164.** On information and belief, Monica Smatko's contributions included assisting in record keeping, ordering goods, fulfilling orders, shipping goods, developing website content, communicating with customers, and assisting in the prosecution of small claims lawsuits against the victims of Mobilityless, LLC.

**165.** On information and belief, Monica Smatko and Gabor Smatko discussed substantially all aspects of the business operations of Mobilityless, LLC.

**166.** Monica Smatko was aware of the Consent Order entered into with the State of Connecticut and was made party to the Order by agreeing to pledge her interest in the Wallingford, Connecticut family home as collateral under the Order.

167.  Following the Consent Order with the State of Connecticut, Gabor Smatko and Monica Smatko entered into a common design or agreement to form one or more businesses in the Commonwealth of Massachusetts at least in part, to conduct unlawful conduct outside the jurisdictional reach of the Connecticut Attorney General.

168.  The conspiracy is further evidenced by the Quit Claim deed executed by Gabor Smatko to Monica Smatko of the marital property during the time that the Connecticut Attorney General was suing Gabor Smatko and his prior company Monica, LLC.

169.  Each co-conspirator assisted in and contributed to the wrongful conduct causing injury to the Plaintiffs and similarly situated persons.

170.  As a result of the Defendants' conduct, Plaintiffs and all similarly situated individuals victimized by defendant's conduct are entitled to recovery damages jointly and severally from the co-conspirators.

## COUNT IV

### UNIFORM FRAUDULENT TRANSFER ACT
### (Gabor Smatko, Monica Smatko)

171.  Plaintiffs repeat, reiterate and incorporate the allegations contained within the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

**172.** Plaintiffs are creditors as defined by M.G.L. ch. 109A §2 of the Uniform Fraudulent Transfer Act.

**173.** Gabor Smatko and Monica Smatko are debtors as defined by M.G.L. ch 109A §2 of the Uniform Fraudulent Transfer Act.

**174.** Monica Smatko is also an insider as defined by M.G.L. ch 109A §2 of the Uniform Fraudulent Transfer Act.

**175.** Kevin Smatko and his company Tree Union LLC are insiders as defined by M.G.L. ch 109A §2 of the Uniform Fraudulent Transfer Act.

**176.** In 2002 Gabor Smatko and Monica Smatko purchased real property located at 6 Whiffle Tree Road, Wallingford, CT 06495.

**177.** At the time the home was purchased, only Gabor Smatko was on the deed.

**178.** In 2006 the State of Connecticut filed a lawsuit against Monica LLC d/b/a Omegastores.com and Gabor Smatko.

**179.** In 2007, Gabor Smatko executed a Quit Claim Deed transferring ownership of the Wallingford, CT home to Monica Smatko.

**180.** On November 10, 2010 the State of Connecticut entered into a Stipulated Judgment with Monica, LLC d/b/a Omegastores.com, Gabor Smatko and Monica Smatko pledging the Wallingford, CT home as collateral in the event the substantive relief agreed upon in the Consent Agreement was not followed.

**181.** As evidenced by virtue of the November 10, 2010 Stipulated Judgment, Monica Smatko was aware of the wrongful conduct and agreed to risk financial responsibility for the wrongdoing of Gabor Smatko.

**182.** Gabor Smatko and Monica LLC d/b/a Omegastores.com failed to comply with the Stipulated Judgment and in 2014 the State of Connecticut filed for post judgment relief.

**183.** In February 2015, Gabor Smatko and Monica LLC d/b/a entered into a Stipulated Post-Judgment Order including monetary and injunctive relief.

**184.** Monica and Gabor Smatko conspired to evade the Connecticut Stipulated Judgment and Stipulated Post-Judgment Orders by forming a Mobilityless, LLC in Massachusetts and by later moving assets in an attempt to insulate themselves from liability while continuing to engage in the same illegal conduct.

**185.** In or about July 2019, Gabor Smatko purchased real property at 9236 N Powderhorn Drive, Fountain Hills Arizona.  Gabor Smatko was the only person on the deed at the time of purchase[3].

**186.** On information and belief, Gabor Smatko used proceeds of the unlawful conduct of Mobilityless, LLC to purchase the Fountain Hills home.

---

[3] Mr. Smatko obtained an adjacent parcel of land under a separate deed and the subsequent transfers described herein apply to both parcels.

**187.**   Gabor Smatko obtained a mortgage loan secured by the Fountain Hills property in the amount of $937,500.00 and the property is estimated to have a market value in excess of $1,200,000.00.

**188.**   Thereafter, Gabor Smatko a warranty deed designating the Fountain Hills home as community property, adding Monica Smatko to the deed.

**189.**   On or about November 21, 2019, Gabor Smatko and Mobilityless, LLC received a demand letter pursuant to the Massachusetts Consumer Protection Act M.G.L. c. 93A outlining conduct set forth in this complaint and making clear a claim for relief.

**190.**   On December 23, 2019, Plaintiffs commenced this lawsuit with the filing of the complaint.

**191.**   On or about December 26, 2019 Gabor Smatko executed a warranty deed transferring ownership of the Fountain Hills property exclusively to Monica Smatko.

**192.**   In January 2020, Gabor Smatko and Monica Smatko were aware of the lawsuit.

**193.**   On January 27, 2020, Monica Smatko formed a single member business Fountainmoons, LLC, registered in Arizona.

**194.**   On or about February 2, 2020 Monica Smatko executed a warranty deed transferring ownership of the Fountain Hills property to Fountainmoons, LLC.

**195.**   On information and belief, the only asset owned by Fountainmoons, LLC is the Fountain Hills property.

**196.**   On information and belief, Fountainmoons, LLC was formed for the purpose of shielding Gabor and Monica Smatko from creditors including the Plaintiffs.

**197.**   On January 28, 2020, Monica Smatko transferred ownership of the Wallingford Connecticut home to her son Kevin Smatko through execution of a Quit Claim Deed.

**198.**   On information and belief, the Wallingford Connecticut home was transferred to Kevin Smatko for the purpose of shielding the home from the creditors of Gabor and Monica Smatko including the Plaintiffs.

**199.**   On or about March 3, 2020 Kevin Smatko formed Tree Union LLC, a sole member Connecticut business.

**200.**   In or around March 2020, Kevin Smatko transferred ownership of the Wallingford Connecticut home to Tree Union LLC through execution of a Quitclaim Deed.

**201.**   On information and belief, Tree Union, LLC was formed for the purpose of shielding the home from the creditors of Gabor and Monica Smatko, including Plaintiffs.

202.  On information and belief, Kevin Smatko formed Tree Union, LLC and transferred the Wallingford Connecticut property to the business under the guidance of Gabor and/or Monica Smatko.

203.  Transfers of the Wallingford Connecticut and Fountain Hills Arizona properties were made to insiders.

204.  Following the transfer of the Wallingord Connecticut and Fountain Hills Arizona properties to corporate entities, Gabor and/or Monica Smatko retained control of the properties.

205.  Prior to the transfer of the properties to corporate entities, Gabor and Monica Smatko had been sued or threatened with suit by the Plaintiff creditors.

206.  The transfer of the Wallingford Connecticut and Fountain Hills Arizona Properties were done to conceal, shield, and/or remove assets.

207.  The transfer of the Wallingford Connecticut and Fountain Hills Arizona properties were not the result of exchanged consideration reasonably equivalent to the value of the transferred assets.

208.  The transfer of the Wallingford Connecticut and Fountain Hills Arizona properties occurred shortly before or after the debts in question were incurred.

209.  The transfer of the Wallingford Connecticut and Fountain Hills Arizona properties consisted of substantially all the assets of Monica and Gabor Smatko.

**210.** The transfers of the Wallingford Connecticut and Fountain Hills Arizona properties were made without receipt of reasonably equivalent value, and left Gabor and Monica Smatko with unreasonably small assets in relation to the ongoing business conduct they were conducting in connection with Mobilityless, LLC.

**211.** The transfer of the Wallingford Connecticut and Fountain Hills Arizona properties were made with the intent to hinder, delay, or defraud the Plaintiff creditors.

**212.** As a result of the property transfers, Gabor and Monica Smatko are likely to have become personally insolvent.

**213.** Transfer of the Wallingford Connecticut and Fountain Hills Arizona properties were fraudulent

**214.** As a result of the wrongful conduct, Plaintiffs are entitled to all relief afforded under M.G.L. ch 109A §8 including but not limited to avoidance of the unlawful transfers to satisfy the creditors' claims, and injunctive relief against further disposition of the property and/or appointment of a receiver.

## COUNT IV

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT
### (Gabor Smatko, Monica Smatko)

**215.** Plaintiffs repeat, reiterate, and incorporate the allegations contained within the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

216.   Gabor Smatko is a person as defined by 18 U.S.C. §1961 and at all relevant times has been capable of holding a legal or beneficial interest in property.

217.   Mobilityless, LLC is an enterprise as defined by 18 U.S.C. §1961 as a legal corporate entity.

218.   Monica Smatko is a person as defined by 18 U.S.C. §1961.

219.   Chris Sullivan is a person as defined by 18 U.S.C. s1961.

220.   Each Plaintiff is a person as defined by 18 U.S.C. §1961.

221.   Mobilityless, LLC regularly engaged in interstate commerce including the sale of goods through its website and the shipping of goods from Connecticut and/or Massachusetts to other states in the continental United States including Florida and Utah.

222.   Gabor Smatko is the founder, owner, and operator of Mobilityless, LLC.

223.   Gabor Smatko agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding the Plaintiffs.

224.   Under the Racketeer Influence and Corruption Act a sole share holder in a business is separate from the business enterprise for the purpose of the statute and is liable where the individual's conduct violates the statute.   *Cedric Kushner Promotions, Ltd v. King* 533 U.S. 158 (2001).

**225.** Gabor Smatko engaged in conduct prohibited by 18 U.S.C. §1341 by developing a scheme to defraud customers of the Mobilityless, LLC enterprise by engaging in activity with the intent to defraud.

    a.   In the two years preceding this lawsuit, Gabor Smatko regularly advertised the sale of goods including new electric tricycles and bicycles on the website of Mobilityless, LLC.

    b.   Upon purchase of the goods, Gabor Smatko on behalf of the Mobilityless, LLC enterprise, hired private and/or commercial interstate carriers to transport the property to the victim customers.

    c.   In the two years prior to commencement of this lawsuit, Gabor Smatko knowingly shipped defective and/or damaged products to the victim customers in Missouri, Utah, Washington, New Jersey, California, Florida, and Montana.

    d.   Each customer victim relied upon representations of Defendant that they would be receiving new operational goods meeting the description advertised.

    e.   Gabor Smatko recruited and obtained assistance from other people including Monica Smatko and Chris Sullivan to conduct the unlawful racketeering conduct through a legitimate corporate enterprise.

226. The specifics of two instances of the sale and shipment of goods to the Plaintiffs is described in the factual allegations portion of the pleading.

227. The racketeering activity was committed with the intention of injuring the Plaintiffs and other customer victims of Mobilityless, LLC by separating them from their money, providing defective goods that did not comport with the items advertised and purchased, and implementing formalized procedures within the enterprise that made the possibility of a return or exchange of goods unlikely if not impossible.

228. The Plaintiffs sustained monetary loss and/or injury to their property as a direct result of the racketeering conduct involving the interstate shipping of goods committed by the Defendants.

229. Gabor Smatko engaged in conduct violating 18 U.S.C. §1692(b) by knowingly maintaining ownership or control of Mobilityless, LLC while the enterprise engaged in racketeering conduct.

230. The racketeering conduct of Gabor Smatko was separate and apart from the legitimate business operations of the enterprise Mobilityless, LLC.

231. The conduct of Gabor Smatko violated 18 U.S.C. §1962(c).

232. The conduct of Gabor Smatko violated 18 U.S.C.

**233.** Monica Smatko engaged in conduct violating 18 U.S.C. §1962(d) by knowingly agreeing to facilitate and/or aid Gabor Smatko in the operation or management of the enterprise.

    a.    On multiple occasions within two years prior to the commencement of this lawsuit, Monica Smatko assisted and/or accompanied Gabor Smatko in shipping goods to the customer victims in furtherance of the racketeering enterprise.

    b.    Monica Smatko assisted Gabor Smatko in the preparation for and pursuit of small claims lawsuits against victims of Mobilityless, LLC that included the filing of false claims and accusations which were sent out of state by mail to the victims.   Among other things, Monica Smatko specifically appeared in Court to assist Gabor Smatko on one or more occasion prior to the dismissal of the small claims lawsuits.

    c.    Monica Smatko had knowledge that Gabor Smatko was using Mobilityless, LLC to engage in unlawful conduct patterned after the predecessor business Monica, LLC d/b/a Omegastores.com.

    d.    Monica Smatko knowingly assisted in generating and/or benefited from the use or investment of proceeds generated through the racketeering conduct of Mobilityless, LLC and Gabor Smatko.

234.   Chris Sullivan assisted Gabor Smatko of engaging in racketeering conduct through the enterprise Mobilityless, LLC by and through the following unlawful conduct:

    a.   As corporate designee, at the direction of Gabor Smatko, Chris Sullivan agreed to ignore legal documents including notices from the Commonwealth of Massachusetts, court documents, victim complaints, and legal service of process documents.

    b.   By refusing legal documents at the direction of Gabor Smatko, Mr. Sullivan has assisted in prolonging the unlawful conduct of Gabor Smatko and Monica Smatko in the name of the legitimate business enterprise Mobilityless, LLC.

    c.   Mr. Sullivan's conduct has assisted and enabled Gabor Smatko and Monica Smatko to evade the victim customers of their conduct pursued in the name of the legitimate business enterprise Mobilityless, llc.

235.   Gabor Smatko and Monica Smatko used proceeds of the racketeering conduct to pay for the Fountain Hills Arizona home

236.   The racketeering activity conducted by Gabor Smatko was a continuation of conduct he knew was unlawful based upon his Consent Judgments with the Attorney General of Connecticut.

**237.** As a direct and proximate result of the conduct of Gabor Smatko's racketeering activities and violations of 18 U.S.C. §1862(C), Plaintiffs have been injured having suffered loss of money, property, and/or the diminution of value in property.

**238.** As a direct and proximate result of the conduct of Monica Smatko's contribution to the racketeering scheme and violations of 18 U.S.C. §1862(C), Plaintiffs have been injured having suffered loss of money, property and/or the diminution of value in property.

**239.** As a result of the conduct of Gabor Smatko and Monica Smatko in violation of RICO, Plaintiffs are entitled to all relief afforded under 18 U.S.C. §1964 including but not limited to recovery of damages, trebled damages, reasonable attorney fees, costs, and injunctive relief.

## DEMAND FOR TRIAL BY JURY·

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class

Action and certifying Plaintiff as Class representative and Plaintiff's Counsel, as

Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding trebled damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable

attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as

this Court may deem just and proper.

Dated:  September 2, 2020                    By:   _/s/ Adam Deutsch_

                                             Adam Deutsch, Esq.
                                             BBO 569173
                                             Northeast Law Group, LLC
                                             P.O. Box 60717
                                             Longmeadow, MA 01106
                                             (413) 285-3646
                                             (BBO-569173)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to non-registered participants on this date.

Dated:  September 2, 2020                                By:     <u>*/s/ Adam Deutsch*</u>

Adam Deutsch, Esq.
BBO 569173
Northeast Law Group, LLC
P.O. Box 60717
Longmeadow, MA 01106
(413) 285-3646
(BBO-569173)