UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BARBARA SWENSON; GERALD
SHEARON and all similarly
situated persons

     Plaintiff,

        vs.

MOBILITYLESS, LLC; GABOR
SMATKO; MONICA SMATKO;
KEVIN SMATKO;
SUNBORROW, LLC; POLTEC,
LLC; MONICA, LLC; OMEGAS
STORES, LLC; TOPREX, LLC;
TREE UNION, LLC;
EPIZONTECH, LLC;
FOUNTAINMOONS, LLC;
HILLSUNION, LLC;
MOBILITYTREND, LLC;
MOGAVIKE2020, LLC; LAGOON
TREES, LLC; JOHN DOES I-X,

     Defendants.

Civil Action No. 3:19-cv-30168

**THIRD AMENDED CLASS ACTION
COMPLAINT AND JURY DEMAND**[1]

Barbara Swenson and Gerald Shearon, of full age, bring this lawsuit by and

through the undersigned attorneys against Mobilityless, LLC, Gabor Smatko,

Monica Smatko, Kevin Smatko, Sunborrow, LLC, Poltec, LLC, Monica, LLC,

Omegas Stores, LLC, Toprex, LLC, Tree Union, LLC, Epizontech, LLC,

---

[1] Filed with consent of Defendant's counsel, the Third Amended Complaint identifies which
parties are associated with each count.  This information was inadvertently missing from the filed
Second Amended Complaint.  The Class definitions have also been changed to conform to the
definitions set forth in the Plaintiff's Motion for Class Certification filed at ECF 60.

Fountainmoons, LLC, Hillsunion, LLC, Mobilitytrend, LLC, Mogavike2020, LLC, and Lagoon Trees, LLC. The claims against the aforementioned defendants are brought individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information obtained by Plaintiff's counsel, and information within the personal knowledge of the Plaintiffs.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. §1964 of the Racketeer Influenced and Corrupt Organizations Act. Alternatively, Jurisdiction is appropriately laid in the United States District Court, District of Massachusetts under 28 U.S.C. §1332 as the parties are diverse and the relief sought exceeds $75,000.

2. Venue is appropriately laid in the District Court of Massachusetts under 28 U.S.C. §1391 and 18 U.S.C. §1965 because the events causing the claim occurred substantially within the State of Massachusetts and Defendants have maintained sufficient minimum contacts with the Commonwealth of Massachusetts.

## PARTIES

3. Plaintiff Barbara Swenson resides in Salt Lake City, Utah.

4. Plaintiff Gerald Shearon resides in Tallahassee, Florida.

5. Defendant Gabor Smatko is a resident of Fountain Hills, Arizona and

previously resided in Wallingford, Connecticut.  Mr. Smatko is the owner and sole member of Mobilityless, LLC, a corporation registered in the Commonwealth of Massachusetts.  Mr. Smatko regularly conducted business on behalf of Mobilityless, LLC across state lines

6.      Defendant Mobilityless, LLC is a Massachusetts corporation with identification number 001344663.  The company maintains a principal office at 87 Mill St, Springfield, Massachusetts.

7.      Defendant Monica Smatko (a/k/a "Monika Smatko") is a resident of Fountain Hills, Arizona and previously resided in Wallingford, Connecticut.  Monica Smatko is married to Gabor Smatko, and assists him in running the Massachusetts business Mobilityless, LLC across state lines.  Ms. Smatko has also assisted in the unlawful concealment of assets.

8.      Defendant Kevin Smatko is a resident of Connecticut and the son of Monica and Gabor Smatko.  Kevin Smatko has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko.

9.      Defendant Fountainmoons, LLC is an Arizona corporation owned by Monica Smatko.  Defendant Fountainmoons, LLC has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko.

10.     Defendant Tree Union, LLC is a Connecticut corporation owned by Kevin Smatko.  Tree Union, LLC at the direction and assistance of Kevin Smatko, has

taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko.

11.     Mobilitytrend, LLC is an Arizona corporation owned by Gabor Smatko. Mobilitytrend, LLC has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko.

12.     Omegas Stores, LLC is a Connecticut corporation owned by Gabor Smatko. Corporate filings for Omegas Stores, LLC identify the agent for service of process as Toprex LLC located at 30 N. Plains Industrial Road, Wallingford, Connecticut. Toprex LLC is a corporation owned by Gabor Smatko, and has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko.

13.     Monica, LLC is a Connecticut corporation owned by Gabor Smatko.  Monica LLC's corporate filings identify the agent for service of process as Omegas Stores, LLC.  Monica, LLC has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko.

14.     Epizontech, LLC is or was a Massachusetts corporation owned by Gabor Smatko.   According to the records maintained by the Commonwealth of Massachusetts, Epizontech, LLC is no longer operational.  Epizontech, LLC shared a location with Mobilityless, LLC and engaged in substantially the same business. Epizontech, LLC continues to maintain active bank accounts.  Epinzontech, LLC

has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko.

15.     Mogavike2020, LLC is an Arizona corporation owned by Monika Smatko. Mogavike2020, LLC has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko.

16.     Sunborrow, LLC is a Connecticut corporation owned by Monica Smatko and managed by Gabor Smatko.  Sunborrow, LLC has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko.

17.     Poltech, LLC is a Connecticut corporation owned by Gabor Smatko.  Poltech, LLC has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko.

18.     Toprex, LLC is a Connecticut corporation owned by Gabor Smatko.  Toprex, LLC has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko.

19.     Hillsunion, LLC is an Arizona corporation owned by Monica Smatko. Hillsunion, LLC has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko.

20.     Lagoon Trees, LLC is a Florida corporation owned by Monica Smatko. Lagoon Trees LLC has taken overt steps to conceal assets derived from the unlawful conduct of Mobilityless, LLC and Gabor Smatko.

## FACTUAL ALLEGATIONS

## BACKGROUND

**21.**    In 1999 Gabor Smatko registered a business, Monica, LLC in Connecticut.

**22.**    Gabor Smatko was the sole member of Monica, LLC and the business operated the website "omegastores.com"

**23.**    Through the website, Gabor Smatko and Monica, LLC began selling mobility scooters, electric scooters, and gas-powered scooters primarily to the elderly and disabled, as well as other products.

**24.**    In early 2006 the State of Connecticut filed a lawsuit against Monica, LLC d/b/a Omegastores.com and Gabor Smatko.   The lawsuit, prosecuted by the Connecticut Attorney General's office, was docketed in the Hartford Judicial District under case number HHD-CV06-4021481-S.

**25.**    According to the First Amended Complaint filed by the State of Connecticut, Mr. Smatko and Monica LLC engaged in wrongful conduct violating the Connecticut Unfair Trade Practices Act including the following conduct:

11.     On many occasions, the Defendants shipped products to customers even after the customers communicated to the Defendants that they wished to cancel their orders because the product had not been shipped in a timely manner or the customer had changed his or her mind. On such occasions, despite their knowledge that the customer no longer wanted the product, the Defendants shipped it anyway, thereby causing the customer to incur further costs in shipping the product back to the Defendants and in paying a restocking fee.

12.     On many other occasions, the Defendants shipped and delivered products that were defective or damaged, that were missing parts, instructions, and product information, and, at times, that were the wrong product. In a number of instances, the Defendants simply failed to ship the ordered product at all.

13.     Upon notice of the defects and the problems from their customers, the Defendants refused to repair the products, refund the purchase price, and provide the necessary parts for the products.

14.     The Defendants also failed to adequately contain and/or package products in accordance with applicable shipping standards before shipping products to customers, frequently resulting in damage to the products during shipping.

15.    In refusing to repair, refund, or provide parts to its customers, and in failing to adequately contain and/or package products prior to shipping, the Defendants, *inter alia*:

a.    claimed that they themselves received the returned product in defective condition and would, therefore, not provide a refund;

b.    claimed that the Defendants' "damaged merchandise" and "defective and not complete merchandise" policies justified and supported the defendants' refusal; or

c.    refused to respond at all to customer inquiries.

16.    Many of the Defendants' customers, therefore, have been left with products that do not function according to the representations made by the Defendants on their website, or do not function at all, and without a refund of the purchase price of the product. Additionally, many of the Defendants' customers have had to pay for the return shipping and packaging of the defective products to the Defendants.

**26.**    On November 10, 2010 by stipulated judgment with the State of Connecticut, Mr. Smatko and Monica, LLC agreed to injunctions including the following:

```
6              The stipulation shall include the following
7         affirmative injunctive provisions:  The defendants
8         shall comply with Connecticut General Statutes
9         42a-2-314; Connecticut Regulation 42-110b-20;
10        Connecticut General Statutes 42-331; Connecticut
11        Regulation 42-110b-22; Connecticut General Statutes
12        42a-2-302; Connecticut General Statutes 42-110a.
```

13          The stipulation shall include the following
14      prohibitive injunctions:
15          The defendants shall be prohibited from
16      shipping products in packaging, e.g. boxes, that are
17      insufficient to be used by consumers to return such
18      packages to defendants -- such products to
19      defendants.  Excuse me.
20          The defendants shall be prohibited from
21      requiring consumers, as a condition of any offer, to
22      add or sup -- excuse me.  This is -- we've got some
23      changes on this.  Requiring consumers, as a
24      condition of any trial offer, risk-free offer, or
25      any return provided for in the warranty, to add or
26      supplement the padding and/or packaging material
27      prior to the returning of a product to the

2           Defendants are violated -- defendants are
3       prohibited from voiding or not honoring the warranty
4       on electric bicycles based upon a consumer's
5       assembly of said bicycle without the assistance of a
6       bicycle, bike, or motorcycle shop.
7           Defendants are prohibited from requiring, in
8       any warranty, a consumer to report any concealed
9       defect or damage in any time period less than seven
10      days.

9

**27.**   Gabor Smatko and Monica, LLC further agreed to pay restitution for consumers whose complaints were on file with the Office of the Attorney General of Connecticut as of the consent judgment date.

**28.**   In early 2014, the State of Connecticut filed a Motion for Contempt after finding that Gabor Smatko and Monica, LLC violated the 2010 Consent Order.

**29.**   On or about February 23, 2015 Gabor Smatko and Monica, LLC entered a Stipulated Post-Judgment Order resolving the 2014 contempt motion.

**30.**   The Stipulated Post-Judgment Order bound Gabor Smatko and Monica, LLC to injunctions including the following:

3.1.1   providing Consumers a seven (7) day period, from their receipt of a product, to inspect the product prior to rejecting it;

3.1.2   providing a full refund, including shipping costs incurred by Consumers, to Consumers who reject and return a product that is nonmerchantable;

3.1.3   adequately containing and packaging products in a manner to prevent them from getting damaged during shipping;

3.1.4   including applicable owner's manuals and product instructions within the container of each such product;

3.1.5   informing Consumers who identify themselves to the Defendants, either orally or in writing, as disabled or physically impaired and who attempt to purchase mobility scooters, electric bicycles and electric tricycles that such products are not suitable for individuals with disabilities or physical impairments;

3.1.6   restraining from seeking to collect a fee from Consumers for disputing a credit card charge relating to a purchase from the Defendants;

3.1.7   restraining from sending Consumers any communication that conveys a message that Consumers cannot refuse a shipment if the shipping container is distressed or open; and

3.1.8   Clearly and Conspicuously disclosing the warranty and return policy on the Defendants' website in understandable language and syntax.

**31.**   The stipulated Post-Judgment Order required Mr. Smatko and Monica, LLC to make additional restitution payments.

**32.**   On information and belief, Gabor Smatko and Monica, LLC obtained a favorable outcome in the settlements with the Attorney General of Connecticut by claiming to have insufficient funds to provide restitution without an extended payment plan.

**33.**   On information and belief, Gabor Smatko and Monica, LLC were intentionally dishonest about their financial status with the Attorney General of Connecticut.

**34.**     After entering the second stipulated judgment with the Attorney General of Connecticut, Gabor Smatko developed a sophisticated system of businesses to continue engaging in the unlawful business practices of Monica, LLC under the identity of new corporate entities.

## GABOR SMATKO, MONICA SMATKO AND KEVIN SMATKO USE A SOPHISTICATED SYSTEM OF COMPANIES IN AN ATTEMPT TO HIDE ASSETS AND SHIELD LIABILITIES IN AN UNLAWFUL MANNER

**35.**     On information and belief, between 1999 and the start of the Attorney General of Connecticut litigation, Gabor and Monica Smatko operated two businesses, one of which was Monica, LLC[2].

**36.**     Once the litigation with the Attorney General of Connecticut commenced in 2006, Defendants began a pattern of opening related businesses.

**37.**     A primary purpose of the businesses formed by Gabor Smatko, Monica Smatko, and Kevin Smatko was to hide personal and business assets from potential creditors and the Attorney General of Connecticut.

**38.**     A primary purpose of the businesses formed by Gabor Smatko, Monica Smatko, and Kevin Smatko was to create a system of shielding assets from liability.

**39.**     The Defendants established <u>thirteen</u> (13) known related business entities set

---

[2] The second company, Nationwide Mortgage Solutions was formed on October 20, 2005 and dissolved in 2013.  This business appears to be an outlier from the ordinary course of business carried out by Defendants.

up in chronological order as follows:

   a. In March 1999 Gabor Smatko formed Monica, LLC with an address of 121 N. Plains Ind. Road, Wallingford Connecticut. The registered agent for Monica, LLC is related business Omegas Stores, LLC with an address at 60 Connoly Pkwy, Hamden, Connecticut.

   b. In September 2008, Gabor Smatko formed Toprex, LLC. Toprex, LLC is registered in Connecticut with a primary address of 30 N. Plains Industrial Road, Wallingford, CT. The registered agent for Toprex, LLC is Monica Smatko with an address of 6 Whiffle Tree Road, Wallingford, CT.

   c. In February 2010, Gabor Smatko formed Poltec, LLC with a principal address at 51 Capital Drive, Wallingford, Connecticut. The registered agent for Poltec, LLC is Monica Kovacs a/k/a Monica Smatko with an address at 6 Whiffle Tree Road, Wallingford, CT.

   d. In August 2012, Gabor Smatko formed Omegas Stores, LLC with a principal address at 60 Connolly Pkwy, Hamden, Connecticut. The registered agent for Omegas Stores is Toprex, LLC at 30 N. Plains Industrial Road, Wallingford, Connecticut.

   e. In December 2014, Gabor Smatko formed Epizontech, LLC with a principal address at 87 Mill Street, Springfield, Massachusetts. The

registered agent for Epizontech, LLC is Chris Sullivan of 25 George Street, Springfield, Massachusetts.

f.  In September 2018 Gabor Smatko formed Mobilityless, LLC with a principal address at 87 Mill Street, Springfield, Massachusetts.  The registered agent for Mobilityless, LLC is Chris Sullivan of 25 George Street, Springfield, Massachusetts.

g.  In January 2020, Monica Smatko formed Sunborrow, LLC with a principal address at 6 Whiffle Tree Road, Wallingford Connecticut. Gabor Smatko is registered as a manager of the company.  Sunborrow, LLC maintains a registered agent as Poltec, LLC at 51 Capitol Drive, Wallingford, Connecticut.

h.  In January 2020, Monica Smatko formed Fountainmoons, LLC with a principal address of 10505 N. 69th Street, Suite 1400, Scottsdale, Arizona.  Fountainmoons, LLC maintains a registered agent Mary T. Hone at 14646 N. Kierland Blvd, Suite 230, Scottsdale, Arizona.

i.  In February 2020, Monica Smatko formed Lagoon Trees, LLC with a principal address of 9340 Lagoon Place 405, Davie, Florida.  Lagoon Trees, LLC maintains a registered agent Kristine M. Johnson, P.A. at 10620 Griffin Road, 106 Cooper City, Florida.

j.  In February 2020, Monica Smatko formed Hillsunion, LLC with a

principal address of 10505 N. 69th Street, Suite 1400, Scottsdale, Arizona.  Hillsunion, LLC maintains a registered agent Mary T. Hone at 14646 N. Kierland Blvd, Suite 230, Scottsdale, Arizona.

k. In March 2020, Kevin Smatko formed Tree Union LLC with a principal address of 30 N. Plains Industrial Road, Wallingford Connecticut.  Tree Union, LLC maintains a registered agent at Farrell & Grochowski, P.C. 5 Taylor Lane, Wallingford, Connecticut.

l. In March 2020, Monica Smatko formed Mogavike2020, LLC with a principal address c/o The Law Offices of Mary T. Hone, PLLC 10505 N. 69th Street, Suite 1400, Scottsdale Arizona.  Mogavike2020, LLC maintains a registered agent with the Law Offices of Mary T. Hone 14646 N. Kierland Blvd, Suite 230, Scottsdale, Arizona. Mogavike2020 also identifies its mailing address as PO Box 17927 Fountain Hills, Arizona.

   i. In 2020, Mogavike2020 used proceeds from the unlawful sales of merchandise by Mobilityless, LLC and its sister companies to purchase seven residential properties in Maricopa County, Arizona.

m. In June 2020, Gabor Smatko formed Mobilitytrend, LLC with a principal address at PO Box 17927, Fountain Hills, Arizona.

Mobilitytrend, LLC maintains a registered agent Steven Mob at 16739 E. El Largo Blvd., Fountain Hills, Arizona.

**40.**    In discovery, Gabor Smatko identified eighteen (18) bank accounts held in the names of six of the companies.  On information and belief, funds from Mobilityless, LLC and the other companies are comingled and transferred between the many accounts.

**41.**    On information and belief, the thirteen businesses can be divided into two categories.

    a. The ***first*** category are internet based businesses engaged in the interstate sale of goods identical or substantially similar to those sold by Mobilityless, LLC.  These businesses regularly intermingle funds, share websites, share payment processing services, share the same managing personnel, and are operated out of the same physical locations.

    b. The ***second*** category are companies that are used to hold ownership of real property.  The real property is acquired using the proceeds of the internet retail businesses.

**GABOR SMATKO'S PRESENCE IN MASSACHUSETTS BEGAN AFTER THE SECOND SETTLEMENT WITH THE ATTORNEY GENERAL OF CONNECTICUT TO EVANDE THEIR JURISDICITONAL REACH**

**42.**    Subsequent to the Connecticut litigation, Gabor Smatko opened two

businesses operated from 87 Mill St Springfield, Massachusetts.

      a. On December 30, 2014 Gabor Smatko registered Epizontech, LLC.

      b. On September 6, 2018 Gabor Smatko registered Mobiiltyless, LLC.

**43.** Through Mobilityless, LLC Mr. Smatko operates the website "Mobility4Less.com" which advertises the sale of Electric Scooters, Electric Tricycles, Electric Bicycles, Electric Wheelchairs, Low-Temp Freezers, and Wavetrader WT-125 Motorized Surfboards. The website also references Epizontech and the companies are related.

**44.** The goods sold by Mobilityless, LLC are shipped across state lines to the purchasers by private and/or common carrier.

**45.** On information and belief, Gabor Smatko opened Epizontech, LLC and Mobilityless, LLC in an attempt to continue the business operations of Monica, LLC outside the jurisdictional reach of the Office of the Attorney General for the state of Connecticut.

**46.** Epizontech, LLC and Mobilityless, LLC specialize in substantially the same merchandize sold by Monica, LLC and both businesses sold the same goods.

**47.** Epizontech, LLC and Mobilityless, LLC operated from the same location in Springfield, MA and Wallingford CT.

**48.** Substantially all goods sold by Epizontech, LLC and Mobilityless, LLC were shipped from North Plains Industrial Road in Wallingford, Connecticut.

49.　　In August 2018, Epizontech, LLC was sued by State Farm Fire and Casualty Company in Indiana where it was alleged that an insured party purchased an electric bike from Epizontech that malfunctioned, started a fire, and caused substantial damage.

　　　　a.　Gabor Smatko, on behalf of Epizontech, LLC entered into a financial settlement of that lawsuit and acknowledged responsibility.

50.　　On information and belief, as a reaction to the State Farm Fire and Casualty Company lawsuit in August 2018, Mr. Smatko immediately formed Mobilityless, LLC in September 2018 to continue retail operations under a new LLC.

51.　　On information and belief, the decision to form Mobilityless, LLC was made in an attempt to shield liability and hide assets.

52.　　Upon forming Mobilityless, LLC, Gabor Smatko used the company to sell the same goods known to be damaged, defective and/or dangerous, that he sold through Epizontech, LLC and Monica, LLC.

53.　　As of December 2021, the website www.epizontech.com forwards directly to the website www.mobility4less.com.

54.　　Customer complaints against Gabor Smatko's Massachusetts corporations on file with the Better Business Bureau are voluminous.

55.　　Between August 2016 and December 2019 there are more than two dozen consumer complaints on file with the Massachusetts Consumer Advocacy and

Response Division, illustrating that Gabor Smatko has continued to engage in the wrongful conduct of Monica, LLC through new Massachusetts corporations.

**56.**     A significant percentage of Mobilityless, LLC's sales are to individuals who are elderly and/or disabled.

**57.**     Epizontech, LLC and Mobilityless, LLC operated so closely and shared resources in such a way as to create no distinguishable separation between the two companies.

### DEFENDANTS ENGAGE IN UNLAWFUL CONDUCT INCLUDING MAKING KNOWING MISREPRESENTATIONS TO ALL ITS CUSTOMER VICTIMS

**58.**     The following is a non-exhaustive list of objectionable information published by Gabor Smatko and Mobilityless, LLC on the website mobility4less.com.

**59.**     Mobility4less.com has one office in Springfield Massachusetts and falsely claims on the website to have locations in Miami Florida, Los Angeles California, Phoenix Arizona, Houston Texas, Chicago Illinois, and New York, New York. Visitors to the website see the following information on the main page.



**60.**   Mobilityless, LLC has never had locations in Florida, California, Texas, Illinois or New York.

**61.**   Mobilityless, LLC did not have locations in Arizona, but may have conducted some business operations from Arizona as Gabor Smatko, Monica Smatko and Kevin Smatko moved about the country.

**62.**   By claiming to have locations in major metropolitan areas, Mobility4Less misleads its customers into believing the company is reliable, large, well established, and reputable.

**63.**   Mobility4less.com designed its return and warranty policy to be non-effective and unconscionable.

**64.**    The return and refund policy published at mobility4less.com/policy states:

Return Policy

We accept returns on defective products, parts, or accessories for seven days after purchase. The Actual **Shipping and handling fees are not refundable**. If the product was advertised with free shipping than the actual shipping cost, which is not free, will be calculated.

Defective products, parts, or accessories parts must be returned within 7 days.

Any defect,  or in the event the item is not as described, the purchaser has the legal obligation to report such within seven days of delivery in writing, either via email or regular usps registered mail.

Any return of non-defective items, parts, or accessories must be approved by the seller and will be subject to a 25% inspection and repackaging fee. Damages that occur during shipping are the responsibility of the individual returning the bike or parts and will be deducted from any refund due.

Returns are never accepted on products that have been used. All returns must be in new, unopened condition.

**65.**    Mobility4less.com advertises free shipping but if it accepts a return and issues a refund, it subtracts shipping expenses.  The claim of free shipping is false.

**66.**    Mobility4less.com policy of charging customers a 25% fee for returning defective parts is unconscionable and enables Mobility4less.com to generate revenue by sending defective goods to customers and then charging them a fee to return the goods.

**67.**    The victim customers of Mobility4less.com report that goods have been delivered in used and/or damaged condition.   The return policy maintained by Mobility4less.com is unconscionable in that the company refuses to accept returns of goods returned in the condition it delivered them in.

**68.**    The warranty policy published on mobility4less.com is unconscionable.  The

policy states in part:

Damage and Shortage Claim:
Damage resulting from shipping is the responsibility of the shipping company and the purchaser
is responsible for notifying Company at the day of delivery and filing an insurance claim with the
shipping company.

Any item that was received by consignee (customer) without noting any damage/shortage on the
delivery manifest is considered to be received without any damage/shortage.

Any item that was not returned for service within seven days from the date on which it was
delivered considered to be free of defect upon arrival.

**69.**    The victim customers of Mobility4less.com report that goods were delivered

in damaged condition with inadequate packaging materials.  Mobilityless, LLC

wrongfully attempted to disclaim responsibility for damage to goods that it could

and should have prevented.

**70.**    The damage policy is unconscionable in that it requires the customer to note

all damage upon delivery, while the return policy states that returns will not be

accepted unless the product is in "unopened condition."  The policies conflict and

are designed to permit mobility4less.com to take advantage of consumers and reject

all returns.

**71.**    Although mobility4less.com claims to offer a seven-day return policy, the

same webpage explains that returns can only be completed within three days and

require prior authorization from mobility4less.com.  The unconscionable policy

states:

**Non-merchantibility (usability), or Not as Described Claim:**
Company must be notified via email within three days of delivery and customer must ask for a Return Authorization. Without such Authorization the return will be refused. No such claim will be accepted after three days. The Return Authorization form must be signed within this three-day period, and the item must be returned within seven days.

**72.**   Mobility4less.com implements an unconscionable policy of charging a fee ranging from 6-15% for order cancellations received prior to the shipment of an order.  The policy states:

Cancellations

Any order that has been processed will have a 6% processing fee. Any order that has been sent to packing will have the 15% packing and processing fee. Any order that has been shipped cannot be canceled. All cancellations and modifications to the original order must be made in writing.

**73.**   As a policy, mobility4less.com states the "company reserves the right to modify products without prior notification to purchaser".  This policy is an unconscionable attempt to justify bait and switch sales of goods.

**74.**   Mobility4less.com actively threatens to sue customers that complain about the quality of services and goods provided by the business.  Maintaining a page dedicated to this policy[3], the website states in part:

---

[3] As of December 11, 2019, Mobility4less.com/privacy contained content identical to epizontech.com/privacy including a reference to Epizontech.  As of December 23, 2021 the www.mobility4less.com/privacy continues to have a reference to Epizontech.

If you were unsatisfied with any of the services or products that you had received from our company and left a negative review, we may contact you to remedy the situation.

If our company offers any help to reach a common satisfaction, for example; refunds the purchase, takes item back – in such cases the product becomes our property – provides technical help, abides by the store policy, you agree to remove such review. If you fail to do so, we will have the right to sue you because You by doing so will incite actions (portray a derogatory picture of us) that will harm us (our business). "You incite actions that would cause harm."

**75.** On information and belief, in 2019, Gabor Smatko and Mobilityless, LLC filed debt collection lawsuits against at least eight out-of-state residents, in a Massachusetts Court, all of whom were sent the wrong and/or defective goods by Mr. Smatko and Mobilityless, LLC and were unable to return the goods or otherwise obtain refunds from Mobilityless, LLC.

**76.** The unconscionable conduct carried out by Mobilityless, LLC mirrored the conduct deemed unlawful by the Attorney General of Connecticut.

**77.** The aforementioned unconscionable policies are non-exhaustive and additional practices disclosed on the mobility4less.com website are unconscionable and unlawful.

## FACTS SPECIFIC TO BARBARA SWENSON

**78.** Barbara Swenson is a senior citizen residing in Salt Lake City, Utah.

**79.** On or about August 27, 2019 Ms. Swenson purchased an electric tricycle and upgraded lithium battery from mobility4less.com.

**80.** At the time of the transaction Ms. Swenson was 84 years old and decided to make the purchase after recognizing the aging process was impacting her ability to

regularly ride her non-motorized bike.  The electric tricycle offered a way to remain active outdoors for the foreseeable future.

**81.**   Ms. Swenson paid $1,618.50 by credit card which was processed by paypal through mobility4less.com.

**82.**   On or about August 29, 2019 Ms. Swenson received an email from support@mobility4less.com.

**83.**   The email address support@mobility4less.com is operated by and/or controlled by Gabor Smatko.

**84.**   The email foreshadowed that a defective and damaged tricycle would be delivered to Ms. Sweson.  The email states in part:

We thrive to protect your investment.

However, sometimes an act of God renders our efforts in vain.

So we ask you that if your shipment is totally damaged when you receive it, take a note of such on the delivery paper and refuse it.

However, just by looking a punctured or otherwise crashed box does not mean that the item inside is damaged. Inspect it and if you find some minor issues, it is more logical to accept it and notifying us so we can send you the replacement parts than refusing the whole shipment.

This logical method can save your time and you will enjoy your trike sooner. Of course, we need you to take a note of such case on the delivery paper to protect you.

Why doing so helps you?

- many times we use plastic components for packaging, which may break during shipment, and you think that is a part of the item. It is not, and your trike may have no damage at all. If you refuse it for such reason, the freight company will not compensate anybody and prolong the time of getting your replacement trike.

- sending you a replacement fender or any other parts if they are bent or damaged will help you get on your tricycle a lot faster than waiting to get the old one back and ship you another one.

**85.**   On information and belief, the August 29 email sent to Ms. Swenson is a form email sent by mobility4less.com to substantially all its customers.

**86.**     Instructions within the August 29 email contradict the information published on mobility4less.com/policy and are designed to confuse the consumer, as well as to create a circumstance where mobility4less.com can refuse to accept returns under its website policy.

**87.**     On or about September 9, 2019 the tricycle was delivered to Ms. Swenson's home.  At the time of delivery, the box was crushed and the electric tricycle severely damaged.

**88.**     The delivery driver used a forklift to move the box and accompanying pallet into Ms. Swenson's garage.

**89.**     Following the email instructions, Ms. Swenson accepted delivery and noted the damage on the delivery manifesto.

**90.**     At the time of delivery, Ms. Swenson took photographs of the box and tricycle in the presence of the delivery person.

**91.**     The photos taken at the time the tricycle was first inspected show that it was delivered with scratches, dents, bends in the frame, a broken charging cable and with a shattered battery case holding four small lead acid batteries instead of the upgraded lithium battery Ms. Swenson purchased.

**92.**     Ms. Swenson contacted mobility4less.com and did not receive a response for more than a week and claimed to temporarily close the business for ten days during September 2019.  The closure overlapped with the delivery of the tricycle and return

period.

93.     Ms. Swenson was worried that because mobility4less.com was not responding to her, the period for returning the tricycle might expire.

94.     Believing she was dealing with a legitimate and honest business; Ms. Swenson then successfully spoke with the "parts" department of mobility4less.com.

95.     The representative from the parts department agreed to ship Ms. Swenson a working battery charging box for the tricycle, but required her to pay $80 even though the bike was delivered with a defective battery and case.

96.     Mobility4less.com also told Ms. Swenson it could not take payment for the battery by credit card through the paypal interface.  Instead, mobility4less.com required Ms. Swenson to provide a scanned copy of a personal check marked "VOID" and was told mobility4less.com would then draw funds directly from Ms. Swenson's bank account.

97.     Ms. Swenson followed the instructions of mobility4less.com and provided a personal check marked "VOID."

98.     Acting through Mobility4less.com, Gabor Smatko then created a forged personal check in Ms. Swenson's name.  The check miss spelled Salt Lake City as "SALT ALKE CITY."

99.     The forged check was in the amount of $124.20, not $80.

100.     A copy of the check follows:



**101.** Acting through Mobility4less.com, Gabor Smatko claimed the battery was shipped to Ms. Swenson.  No battery was ever received by Ms. Swenson.  Neither Mobilityless, LLC nor Gabor Smatko have a record of the battery being shipped.

**102.** Upon checking her banking records and discovering the attempt by mobility4less.com to withdraw $124.20, Ms. Swenson immediately contacted her financial institution and incurred expenses to place a stop payment on the forged check.

**103.** Then, Ms. Swenson immediately resumed attempts to return the tricycle.

**104.** At this time, Ms. Swenson was contacted by Paypal, regarding her interactions with Mobility4less.com.

**105.** On information and belief, Paypal had received several complaints and disputes from victims who purchased goods from Mobilityless, LLC through the Paypal interface and Paypal opened an independent investigation.

**106.**   Paypal's inquiry resulted in an investigation and refund to Ms. Swenson for the purchase price of the tricycle.

**107.**   Then, on September 25, 2019, acting through Mobility4less.com, Gabor Smatko sent Ms. Swenson an email stating the following:

> It came to our attention that you have received our product and you have also disputed the charge with your card company for whatever reason without sending the trike back to us.
>
> Action 1.
> Since now you have both the funds and the item - that is considered a larceny according to interstate commerce - , we ask that you either ship it back to us at your expense or scan your check and email us a copy for payment.
> No cards payments are accepted from you.
> The product must be returned in the same way as you have received; with all of its parts, undamaged, packed and secured to a pallet within seven days of this notice.
>
> If your answer to satisfy any of the above solutions are not received within 48 hours, we will have to proceed with the following:
>
> Action 2.
> A lawsuit will be filed against you in the court of Massachusetts requesting the total purchase price plus attorney's and court fees in the amount of not less than $4,000.00.
> You will have to appear in person or will have to hire an attorney for the court date to defend your case and explain to the judge why keeping the product and the money is a legal way of doing business. It is guaranteed that you will lose the case.
>
> After the lawsuit is filed, we will have to proceed with
>
> Action 3.
> A motion to arrest will be filed against you with your local Police and Sheriff Department for larceny. It will stain your record and a criminal charge will guarantee that you comply with our request as outlined in Action 1.

**108.**   The threat of pursuing a lawsuit against Ms. Swenson more than 2,000 miles from her home in a state where she has no residence or other meaningful connection was unconscionable and caused significant stress and fear for Ms. Swenson

**109.**   The threat of arrest by Defendants was unconscionable and caused significant fear and stress for Ms. Swenson.

**110.**   Following the instruction of mobility4less.com through Gabor Smatko, Ms.

Swenson took action to ship the damaged tricycle back to Mobility4less.com in the original condition using the original packaging.

**111.**   Mobility4less.com instructed Ms. Swenson to ship the tricycle to Wallingford Connecticut, the town where Gabor Smatko resided in 2019.

**112.**   Gabor Smatko engaged in business conduct individually and through Mobilityless, LLC that is prohibited by the Consent Order with the State of Connecticut.

**113.**   Ms. Swenson paid $521.40 out of pocket to ship the tricycle with United Parcel Service to Mobility.

**114.**   On October 1, 2019 the tricycle arrived at the address provided by Gabor Smatko of mobility4less.com and they refused to accept the delivery.  That same day, using the email address support@mobility4less.com, Gabor Smatko sent an email to Ms. Swenson stating:

Dear Barbara Swenson,

You attempted to return the item in a completely damaged condition, and not talking about the battery being damaged now.
However, we asked in our previous email that
"The product must be returned in the same way as you have received; with all of its parts, undamaged, packed and secured to a pallet within seven days of this notice." - you simply ignored this instruction.

The trike was refused and we filed the suit against you.

See attached file for Action 2.
The court will assign a docket number and the court date to the suit as specified in their policy.
We will also seek Attorney's fees and other cost addition to the claimed amount.

Once the trial is set, we will proceed to Action 3. unless the payment is received in 48 hours by texting a copy of your check to 1-413-686-4965.

**115.**   The continued demands from Gabor Smatko made through Mobility4less.com that Ms. Swenson provide a check against which funds could be drawn from her bank account was an unconscionable business practice.

**116.**   Gabor Smatko and Mobilityless, LLC filed a debt collection lawsuit before against Ms. Swenson on October 1, 2019 in the Springfield Massachusetts District Court Small Claims Session, falsely alleging:

Defendant purchased an electric tricycle online.
After receiving it she refused to pay for it then tried to return it completely damaged.
We are claiming $1,618.50 plus costs.

**117.**   Allegations within the debt collection complaint were made willfully false.

**118.**   On or about December 17, 2019, the frivolous debt collection lawsuit was dismissed for lack of jurisdiction.

## FACTS SPECIFIC TO GERALD SHEARON

**119.**   Gerald Shearon is a disabled individual with limited mobility, residing in Tallahassee Florida.

**120.**   On or about July, 4, 2019 Mr. Shearon purchased an electric tricycle from the Defendants through the website mobility4less.com.

**121.**   Four days later on July 8, 2019 Gabor Smatko through Mobilityless, LLC, sent an email to Mr. Shearon confirming the purchase.  The email shows that Mr. Shearon purchased additional upgrades:

Dear Gerald Shearon;

This email is to confirm that we have received your order for our electric tricycle.

Your Order Number: cM1907080404ET- 6502

Product: $2,749.00 Electric Tricycle

PowerBooster: $289.50

Charger: $185.00

Shipping: $0.00

Total: $3,223.50

**122.** The July 8 email further states:

We appreciate your business, and for you to have your item as soon as possible, your tricycle went under testing and packing. Therefore, at this time your order could not be canceled.

Thank you,

Customer Care

**123.** The claim that the "tricycle went under testing" is false.

**124.** On or about July 8 2019, Gabor Smatko acting through Mobilityless, LLC

sent Mr. Shearon the same email it sent to Ms. Swenson stating:

We thrive to protect your investment.

However, sometimes an act of God renders our efforts in vain.

So we ask you that if your shipment is totally damaged when you receive it, take a note of such on the delivery paper and refuse it.

However, just by looking a punctured or otherwise crushed box does not mean that the item inside is damaged. Inspect it and if you find some minor issues, it is more logical to accept it and notifying us so we can send you the replacement parts than refusing the whole shipment.

This logical method can save your time and you will enjoy your trike sooner. Of course, we need you to take a note of such case on the delivery paper to protect you.

Why doing so helps you?

- many times we use plastic components for packaging, which may break during shipment, and you think that is a part of the item. It is not, and your trike may have no damage at all. If you refuse it for such reason, the freight company will not compensate anybody and prolong the time of getting your replacement trike.

- sending you a replacement fender or any other parts if they are bent or damaged will help you get on your tricycle a lot faster than waiting to get the old one back and ship you another one.

**125.** The physically disabled Mr. Shearon was surprised to receive the tricycle in need of assembly.  This was not disclosed clearly at the time of purchase on the Mobilityless, LLC website.

**126.** After complaining about the assembly issue by email, Gabor Smatko through Mobilityless, LLC, responded in writing on July 15, 2019 instructing Mr. Shearon that Mobilityless, LLC maintains the following "policy:"

- If the item requires any type of  assembly, as it is a common requirement with freight shipments, it is the consumer's responsibility to take the product to a local bike/scooter shop for assembly. No claims will be accepted if it is not followed. We do not provide white-glove service, and you did not pay for it either. Giving instructions over the telephone is like having your car fixed without taking it to your mechanic. Some products may have no manual from the manufacturer. In this case, you can find some help on our website under the "ihelp" section.  Some video may provide you with visual help only. If the purchaser establishes a claim of "item incomplete" or "item is not operational, faulty etc.." than he or she must take the item to a local bike/scooter shop and send the seller the information of his/her local bike shop's for verification of such claims.

**127.** Following the instruction of Gabor Smatko and Mobilityless, LLC, Mr. Shearon located a local business, University Cycles of Tallahassee, to professionally build the tricycle.

**128.** University Cycles of Tallahassee notified Mr. Shearon that the tricycle was delivered with the wrong parts for key functions including the battery casing, bracket for attaching the battery casing to the bike, and the shipment came with the wrong steering components.

**129.** Mr. Shearon did not receive the upgraded parts he paid for.

**130.** On or about July 18, Mr. Shearon notified Mobilityless, LLC by email of the problem.

**131.**   On July 19, 2019, Gabor Smatko through Mobilityless, LLC, told Mr. Shearon to return the disputed part to Mobility at an address in Wallingford Connecticut.  Mr. Shearon would have to do so at his own expense.  The email further stated:

> Unfortunately, we cannot send another one until yours is received according to the Store Policy.
> It helps us keep the prices low, and help you get the products at such a low prices.

**132.**   This meant that Mr. Shearon would be stuck with an inoperable tricycle for as long as it took Mobilityless, LLC to rectify the problem, if it did so at all.  More likely, Mr. Shearon would be subjected to an unconscionable fee charged by Mobility, LLC for restocking or replacing the item.

**133.**   Over the next several days Mr. Shearon and local bike shop tried to get Mobilityless, LLC to send him the correct part without having to go through the lengthy and uncertain process proposed by the business.

**134.**   Gabor Smatko through Mobilityless, LLC, eventually provided a shipping label to the bike shop for the defective parts to be sent back to Connecticut.

**135.**   Gabor Smatko through Mobilityless, LLC claimed not to receive the package shipped using its own label.

**136.**   Mobilityless, LLC refused to assist in correcting its error.

**137.**   Mobilityless, LLC never replaced the defective bike part and refused to accept a return of the tricycle.

**138.**   Mobilityless, LLC has Mr. Shearon's $3,223.50 and has been paid in full.

34

139.   Gabor Smatko and Mobilityless, LLC then offered to replace the parts under a "warranty" if Mr. Shearon sent a copy of a personal check to Mobilityless, LLC.

140.   On information and belief, Mr. Smatko acting through Mobilityless, LLC, intended to draw funds from Mr. Shearon's account using a forged check.

141.   Mr. Shearon did not provide the requested check.

142.   Then, Gabor Smatko and Mobilityless, LLC filed a debt collection lawsuit before against Mr. Shearon on September 20, 2019 in the Springfield Massachusetts District Court Small Claims Session, falsely alleging:

> **PLAINTIFF'S CLAIM:** Fill in below the amount you are suing for and briefly explain your claim. State your claim clearly so the defendant can understand why he or she is being sued. Give the date of the event that is the basis of your claim. Fill in as "costs" the amount of the filing fee. The Plaintiff claims that the Defendant(s) **OWE  $3,223.50**     plus **$100.00**     court costs for the following reasons:
> Defendant purchased an electric scooter online.
> After receiving it, she rejected to pay for it.
> We are claiming $3,223.50 plus costs.

143.   On or about December 18, 2019, the frivolous debt collection lawsuit was dismissed for lack of jurisdiction.

144.   Mr. Shearon is one of multiple out-of-state residents sued by Mobilityless, LLC in Springfield Massachusetts to collect money where no debt is owed and Mobilityless, LLC was paid in full despite delivering the wrong product or a defective product.

## THE INTERSTATE RETAIL SALES AND REVENUE OF GABOR SMATKO AND MONICA SMATKO'S COMPANIES ARE SUBSTANTIAL AND THEY GO TO GREAT LENGTHS TO HIDE THIS FACT

145.   Through its website, Mobilityless, LLC has offered several methods for

consumers to pay for goods purchased.

146.   In September 2018, Kevin Smatko registered an account with Paypal, Inc. on behalf of Mobilityless, LLC to accept payments for goods through the bank processing services provided by Paypal, Inc.

   a.   Paypal, Inc. produced information under subpoena indicating that Mobilityless, LLC received $317,740.63 from customers through Paypal Inc.

147.   Mobilityless, LLC sells or sold goods as a vendor on the marketplace website operated by Amazon, Inc.

   a.   Amazon, Inc. produced records under subpoena indicating several consumers filed formal complaints with Amazon, Inc. alleging goods ordered from Mobilityless, LLC were delivered damaged and/or defective.

   b.   Amazon, Inc. produced records under subpoena indicating that between September 2018 and March 2021, Mobilityless, LLC entered into transactions with more than 200 consumers through Amazon.com for the sale of electric powered scooters, bicycles and tricycles.

148.   Mobilityless, LLC sells or sold goods as a vendor on the marketplace website operated by Walmart.

   a.   Walmart produced records under subpoena indicating that between

2019 and 2021, Mobilityless, LLC entered into dozens of transactions for the sale of electric powered scooters, bicycles and tricycles through the Walmart website.

149.   Mobilityless, LLC used several businesses to ship goods to its customers.  One company used for interstate shipping was Roadrunner Freight.

    a.  Roadrunner Freight produced thousands of shipping related documents in response to a subpoena.  On information and belief, the documents from Roadrunner Freight indicate Mobilityless, LLC made substantially more than 700 interstate shipments of electric bicycles, tricycles, and scooters since 2018.

    b.  Documents produced by Roadrunner Freight indicate the location where substantially all shipments originated was 30 N. Plains Industrial Road, Wallingford Connecticut.

150.   Goods sold by Mobilityless, LLC on their own website, and through third party websites like Amazon.com and Walmart.com typically exceed $2,000.

151.   Gabor and Monica Smatko filed joint tax returns for the years 2018, 2019, and 2020.  Copies of those tax returns were produced in early document discovery.

152.   On information and belief, each of the Defendant companies file taxes as pass through entities as a Schedule C accompanying the individual tax returns of the Defendants.

**153.**   The 2018 jointly filed federal tax returns filed by Gabor and Monica Smatko identify the couples total adjusted gross income as less than $40,000.

    a.   On information and belief, the only business owned and operated by Gabor and Monica Smatko that filed a Schedule C tax return in 2020 was Monica, LLC.

    b.   The Schedule C form filed by Gabor Smatko for Monica, LLC indicates the business had gross sales exceeding $1,900,000 in 2018.

**154.**   The 2019 jointly filed federal tax returns filed by Gabor and Monica Smatko identify the couple's total adjusted gross income as less than $20,000.

    a.   On information and belief, the only business owned and operated by Gabor and Monica Smatko that filed a Schedule C tax return in 2019 was Monica, LLC.

    b.   The Schedule C form filed by Gabor Smatko for Monica, LLC indicates the business had gross sales exceeding $2,600,000 in 2019.

**155.**   The 2020 jointly filed federal tax returns filed by Gabor and Monica Smatko identify the couples total adjusted gross income as less than $22,000.

    a.   On information and belief, the only business owned and operated by Gabor and Monica Smatko that filed a Schedule C tax return in 2020 was Monica, LLC.

    b.   The Schedule C form filed by Gabor Smatko for Monica, LLC

indicates the business had gross sales exceeding $2,700,000 in 2020.

**156.**   In 2019 Gabor Smatko purchased real property located at 9236 N Powderhorn Drive, Fountain Hills Arizona for $1,250,000.

    a.  On information and belief, the home was purchased with cash, utilizing no mortgage financing.

**157.**   During the years 2020 and 2021, Gabor and Monica Smatko purchased at least seven (7) additional properties in Maricopa County, Arizona held by their company Mogavike2020, LLC.

    a.  On information and belief, the properties acquired by Defendants were purchased in cash, utilizing no mortgage financing.

    b.  On information and belief, the seven properties were purchased for more than $1,900,000.

**158.**   On information and belief, Mobilityless, LLC has never filed tax return documents.

**159.**   On information and belief, Gabor Smatko, Monica Smatko and Kevin Smatko have assets exceeding $4,000,000.00 in value.   The assets were acquired from proceeds of the unlawful operations and fraudulent conduct of the Defendants' retail business operations.

## **CLASS ALLEGATIONS**

**160.**   Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure

(hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class.

**161.** Plaintiffs seek certification of two classes defined as follows:

    a.  <u>Class A</u> consists of: All persons within the United States, other than any of Plaintiff's counsel, who (1) purchased merchandise from Mobilityless, LLC through its website www.mobilityless.com; (2) during the time period from September 2018 to December 31, 2021.

    b.  <u>Class B</u> consists of: All persons in the United States other than any of Plaintiff's counsel, who (1) purchased merchandise from Mobilityless, LLC through its website www.mobility4less.com; (2) received goods that were non-conforming to what was ordered; and (3) during the time-period from September 2018 to December 31, 2021.

**162.** The identities of all class members are readily ascertainable from the sales and transaction records of Defendants and/or records held by third parties obtainable by subpoena.

**163.** Of the known sales transactions by Mobilityless, LLC to its victims, the average and median sum paid by each victim customer exceeds $2,000.00.

**164.** As of commencement of this litigation, Plaintiffs are aware of one or more likely class members in Missouri, Utah, Washington, New Jersey, California, Florida, Massachusetts, and Montana.

**165.** Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

**166.** There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants engaged in unlawful conduct through advertisements on their website, and the sale of defective/nonconforming goods.

**167.** The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

**168.** The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor Plaintiffs' attorneys have any interests, which might cause them not to vigorously pursue this action.

**169.** This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

      (a)    **<u>Numerosity:</u>** The Plaintiffs are informed and believe, and on that basis

alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members.

(c)    **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment

will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

**170.** Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**171.** Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSES OF ACTION

### COUNT I
**VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT M.G.L. c. 93A et seq.**
**(Gabor Smatko, Mobilityless, LLC)**

**172.** Plaintiffs repeat, reiterate, and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

**173.** The Massachusetts Consumer Protection Act M.G.L. c93A §2 renders "[u]nfair methods of competition and unfair or deceptive acts or practices in the

conduct of any trade or commerce" to be "declared unlawful."

174.   As the sole member and owner of Mobilityless, LLC, all actions of the company were directly conducted by or at the direction of Gabor Smatko.  Under the Massachusetts Consumer Protection Act,  Mr. Smatko is liable for the conduct of Mobilityless, LLC.

175.   Defendants Gabor Smatko and Mobilityless, LLC engaged in unfair and deceptive acts or practices in violation of the Massachusetts Consumer Protection Act including but not limited to the following:

    a.   Defendants failed to publish a clear return and/or refund policy in a manner that could be readily read and understood by the customer.

    b.   Defendants failed to honor its warranty agreements.

    c.   Defendants engaged in "Bait and Switch" advertising whereby they advertised goods on the website and a different good of lesser value to the customer.

    d.   Defendants falsely advertise having live representatives by phone.  Not a single victim was able to speak with a live representative of the company.

    e.   Defendants charged customers sales tax under false pretenses without conveying the money to taxing authorities.

    f.   Defendants engaged in false advertising as defined by and in violation

of 940 C.M.R. 302.

g.  Defendants made deceptive advertising guarantees as defined by and in violation of 940 C.M.R 3.03.

h.  Defendants engaged in acts or practices utilizing deceptive pricing as defined by and in violation of 940 C.M.R. 3.04.

i.  Defendants made general misrepresentations as defined by and in violation of 940 C.M.R. 3.05.

j.  Defendants engaged in unfair or deceptive acts or practices in violation of 940 C.M.R. 3.13 by charging consumers an incorrect price for an item offered for sale, and by using deceptive pricing as defined by the regulation.

k.  Defendants engaged in unfair and deceptive trade practices as defined by 940 C.M.R. 3.13(4) by misrepresenting the seller's refund, return and/or cancellation policy, by failing to perform under a published policy, and/or by failing to clearly and conspicuously disclose the seller's refund return or cancellation policy.

l.  Defendants engaged in unfair and deceptive trade practices as defined by and in violation of 940 C.M.R. 3.15 by engaging in the substitution of products and by failing to deliver purchased goods.

m. Defendants engaged in unlawful attempts to collect alleged debts

incurred for personal, family, or household purposes where no money was owed.  This violated M.G.L. 93A§49.

**176.**   On November 21, 2019 Defendants received by certified mail, a written demand for relief, identifying Ms. Swenson and the class she seeks to represent, and reasonably describing the unfair and deceptive acts or practices relied upon and injuries suffered.

**177.**   Defendants have failed to make a reasonable settlement offer in writing to resolve the dispute and are thereby deemed to have refused the Plaintiff's demand for relief.

**178.**   All the Defendant's unfair and deceptive practices were willful and knowing within the meaning of M.G.L. c. 93A.

**179.**   As a result of the defendant's conduct in violation of the Massachusetts Consumer Protection Act, Plaintiffs and all similarly situated individuals victimized by defendant's conduct are entitled to all relief afforded under the statute including but not limited to actual damages, statutory damages, trebled damages, injunctive relief, costs and attorney's fees.

## COUNT II

### FRAUD
### (Gabor Smatko, Mobilityless, LLC)

**180.**   Plaintiffs repeat, reiterate and incorporate the allegations contained in the

paragraphs above herein with the same force and effect as if the same were set forth at length herein.

**181.** Gabor Smatko and Moibilityless, LLC made one or more false representations of material fact with knowledge of the falsity for the purpose of inducing the Plaintiff and similarly situated persons to act. The false representations were made in writing on www.mobility4less.com, in emails to the purchasers of goods, and on third-party websites where Mobilityless, LLC sold goods.

**182.** The Plaintiffs and similarly situated persons relied upon the representations of Gabor Smatko and Mobilityless, LLC.

**183.** Reliance by the Plaintiffs and similarly situated persons was reasonable under the circumstances.

**184.** The Plaintiffs and similarly situated persons were harmed as a result of the reasonable reliance upon Gabor Smatko and Mobilityless, LLC's materially false statements.

**185.** As a result of the defendant's false representations causing damage, Plaintiffs and all similarly situated individuals victimized by defendant's conduct are entitled to all relief afforded under law including but not limited to actual damages, punitive damages, costs and attorney's fees.

## <u>COUNT III</u>

### CONSPIRACY
### (Gabor Smatko, Mobilityless, LLC, Monica Smatko, Kevin Smatko

**Sunborrow, LLC, Poltec, LLC, Monica, LLC, Omegas Stores, LLC, Toprex, LLC, Tree Union, LLC, Epizontech, LLC, Fountainmoons, LLC, Hillsunion, LLC, Mobilitytrend, LLC, Mogavike2020, LLC, and Lagoon Trees, LLC)**

186.  Plaintiffs repeat, reiterate and incorporate the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

187.  Monica Smatko contributed to the business operations of Mobilityless, LLC.

    a.  On information and belief, Monica Smatko's contributions included assisting in record keeping, ordering goods, fulfilling orders, shipping goods, developing website content, communicating with customers, and assisting in the prosecution of small claims lawsuits against the victims of Mobilityless, LLC.

    b.  On information and belief, Monica Smatko and Gabor Smatko discussed substantially all aspects of the business operations of Mobilityless, LLC.

    c.  Monica Smatko was aware of the Consent Order entered into with the State of Connecticut and was made party to the Order by agreeing to pledge her interest in the Wallingford, Connecticut family home as collateral under the Order.

    d.  Following the Consent Order with the State of Connecticut, Gabor Smatko and Monica Smatko entered into a common design or

agreement to form one or more businesses in the Commonwealth of Massachusetts at least in part, to conduct unlawful conduct outside the jurisdictional reach of the Connecticut Attorney General.

e. The conspiracy is further evidenced by the Quit Claim deed executed by Gabor Smatko to Monica Smatko of the marital property during the time that the Connecticut Attorney General was suing Gabor Smatko and his prior company Monica, LLC.

f. Monica Smatko used proceeds of Mobilityless, LLC wrongfully obtained from its customers, to pay for living expenses and to fund business operations of the companies she owns.

188. Kevin Smatko contributed to the business operations of Mobilityless, LLC.

a. The payment processing and custodial account operated by Paypal, Inc. on behalf of Mobilityless, LLC was registered to Kevin Smatko.

b. Kevin Smatko facilitated the transferring of funds from victim customers of Mobilityless, LLC to the co-conspirators.

c. Kevin Smatko's business Tree Union, LLC is operated from the same Wallingford Connecticut location where Mobilityless, LLC shipments originated.

d. On information and belief, Kevin Smatko assisted in record keeping, fulfilling orders, and shipping goods on behalf of Mobilityless, LLC.

    e. On information and belief, Kevin Smatko and Gabor Smatko discussed substantially all aspects of the business operations of Mobilityless, LLC.

    f. The conspiracy is further evidenced by the Quit Claim Deed transfer of the Wallingford Connecticut home from Monica Smatko to Kevin Smatko and subsequent transfer of the property to Tree Union, LLC. Both transfers occurred after this litigation commenced and were intended to shield the assets of the co-conspirators from the victims of Mobilityless, LLC.

**189.** Fountainmoons, LLC has contributed to the conspiracy by receiving, using, and holding assets procured from the proceeds of the wrongful conduct of Mobilityless, LLC and Gabor Smatko.

**190.** Tree Union, LLC has contributed to the conspiracy by receiving, using, and holding assets procured from the proceeds of the wrongful conduct of Mobilityless, LLC and Gabor Smatko.

    a. Tree Union, LLC has permitted Mobilityless, LLC to use its principal address for the shipping of damaged and/or defective goods to the victims of Mobilityless, LLC.

**191.** Mobilitytrend, LLC has contributed to the conspiracy by receiving, using, and holding assets procured from proceeds of the wrongful conduct of Mobilityless, LLC

and Gabor Smatko.

   a. On information and belief, sales of goods in the name of Mobilityless, LLC have been attributed to Mobilitytrend, LLC.

   b. On information and belief, the funds and/or revenue of Mobilitytrend, LLC is comingled with the funds and/or revenue of Mobilityless, LLC.

192.   Omegas Stores, LLC has contributed to the conspiracy by receiving, using and holding assets procured from the wrongful conduct of Mobilityless, LLC and Gabor Smatko.

   a. On information and belief, sales of goods in the name of Mobilityless, LLC have been attributed to Omegas Stores, LLC.

   b. On information and belief, the funds and/or revenue of Omegas Stores, LLC is comingled with the funds and/or revenue of Mobilityless, LLC.

193.   Epizontech, LLC has contributed to the conspiracy by receiving, using and holding assets procured from the wrongful conduct of Mobilityless, LLC and Gabor Smatko.

   a. Epizontech, LLC shared a headquarters with Mobilityless, LLC and effectively operated as a single entity.

   b. On information and belief, sales of goods in the name of Mobilityless, LLC have been attributed to Epizontech, LLC.

   c. On information and belief, the funds and/or revenue of Epizontech,

LLC has been comingled with the funds and/or revenue of Mobilityless, LLC.

194. Mogavike2020, LLC has contributed to the conspiracy by receiving, using, and holding assets procured from the wrongful conduct of Mobilityless, LLC and Gabor Smatko.

195. Monica, LLC has contributed to the conspiracy by receiving, using and holding assets procured from the wrongful conduct of Mobilityless, LLC and Gabor Smatko.

     a. Mobilityless, LLC operates as a continuation of the wrongful conduct taken by Monica, LLC as identified by the Attorney General for the State of Connecticut.

     b. Federal tax filings by Gabor Smatko and Monica, LLC attribute the revenue and assets of Mobilityless, LLC to Monica, LLC.

     c. On information and belief, the funds and/or revenue of Monica, LLC has been comingled with the funds and/or revenue of Mobilityless, LLC.

196. Sunborrow, LLC, has contributed to the conspiracy by receiving, using, and holding assets procured from the wrongful conduct of Mobilityless, LLC and Gabor Smatko.

197. Poltec, LLC, has contributed to the conspiracy by receiving, using, and

holding assets procured from the wrongful conduct of Mobilityless, LLC and Gabor Smatko.

198.   Toprex, LLC, has contributed to the conspiracy by receiving, using, and holding assets procured from the wrongful conduct of Mobilityless, LLC and Gabor Smatko.

      a. Toprex, LLC shares an address with the location where Mobilityless, LLC frequently shipped damaged and/or defective goods to its victims.

199.   Hillsunion, LLC, has contributed to the conspiracy by receiving, using, and holding assets procured from the proceeds of the wrongful conduct of Mobilityless, LLC and Gabor Smatko.

200.   Mobilitytrend, LLC, has contributed to the conspiracy by receiving, using, and holding assets procured from the proceeds of the wrongful conduct of Mobilityless, LLC and Gabor Smatko.

201.   Lagoon Trees, LLC has contributed to the conspiracy by receiving, using, and holding assets procured from the proceeds of the wrongful conduct of Mobilityless, LLC and Gabor Smatko.

202.   Each co-conspirator assisted in and contributed to the wrongful conduct causing injury to the Plaintiffs and similarly situated persons.

203.   Each co-conspirator received an economic benefit from the wrongful conduct

of Gabor Smatko and Moibilityless, LLC.

204.   As a result of the Defendants' conduct, Plaintiffs and all similarly situated individuals victimized by defendant's conduct are entitled to recovery damages jointly and severally from the co-conspirators.

## COUNT IV

**UNIFORM FRAUDULENT TRANSFER ACT**
**(Gabor Smatko, Monica Smatko, Kevin Smatko, Sunborrow, LLC, Poltec, LLC, Monica, LLC, Omegas Stores, LLC, Toprex, LLC, Tree Union, LLC, Epizontech, LLC, Fountainmoons, LLC, Hillsunion, LLC, Mobilitytrend, LLC, Mogavike2020, LLC, and Lagoon Trees, LLC)**

205.   Plaintiffs repeat, reiterate and incorporate the allegations contained within the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

206.   Plaintiffs are creditors as defined by M.G.L. ch. 109A §2 of the Uniform Fraudulent Transfer Act.

207.   Gabor Smatko, Monica Smatko, Kevin Smatko, and Mobilityless, LLC are debtors as defined by M.G.L. ch 109A §2 of the Uniform Fraudulent Transfer Act.

208.   Monica Smatko and Kevin Smatko are insiders as defined by M.G.L. ch 109A §2 of the Uniform Fraudulent Transfer Act.

209.   Sunborrow, LLC, Poltec, LLC, Monica, LLC, Omegas Stores, LLC, Toprex, LLC, Tree Union, LLC, Epizontech, LLC, Fountainmoons, LLC, Hillsunion, LLC,

Mobilitytrend, LLC, Mogavike2020, LLC, and Lagoon Trees, LLC are insiders as defined by M.G.L. ch 109A §2 of the Uniform Fraudulent Transfer Act.

210.   In 2002 Gabor Smatko and Monica Smatko purchased real property located at 6 Whiffle Tree Road, Wallingford, CT 06495.

211.   At the time the home was purchased, only Gabor Smatko was on the deed.

212.   In 2006 the State of Connecticut filed a lawsuit against Monica LLC d/b/a Omegastores.com and Gabor Smatko.

213.   In 2007, Gabor Smatko executed a Quit Claim Deed transferring ownership of the Wallingford, CT home to Monica Smatko.

214.   On November 10, 2010 the State of Connecticut entered into a Stipulated Judgment with Monica, LLC d/b/a Omegastores.com, Gabor Smatko and Monica Smatko pledging the Wallingford, CT home as collateral in the event the substantive relief agreed upon in the Consent Agreement was not followed.

215.   As evidenced by virtue of the November 10, 2010 Stipulated Judgment, Monica Smatko was aware of the wrongful conduct and agreed to risk financial responsibility for the wrongdoing of Gabor Smatko.

216.   Gabor Smatko and Monica LLC d/b/a Omegastores.com failed to comply with the Stipulated Judgment and in 2014 the State of Connecticut filed for post judgment relief.

**217.**   In February 2015, Gabor Smatko and Monica LLC d/b/a entered into a Stipulated Post-Judgment Order including monetary and injunctive relief.

**218.**   Monica and Gabor Smatko conspired to evade the Connecticut Stipulated Judgment and Stipulated Post-Judgment Orders by forming a Mobilityless, LLC in Massachusetts and by later moving assets in an attempt to insulate themselves from liability while continuing to engage in the same illegal conduct.

**219.**   In or about July 2019, Gabor Smatko purchased real property at 9236 N Powderhorn Drive, Fountain Hills Arizona.  Gabor Smatko was the only person on the deed at the time of purchase[4].

**220.**   On information and belief, Gabor Smatko used proceeds of the unlawful conduct of Mobilityless, LLC to purchase the Fountain Hills home.

**221.**   Months after purchasing the Fountain Hills home with cash, Gabor Smatko obtained a mortgage loan secured by the Fountain Hills property in the amount of $937,500.00 and the property is estimated to have a market value in excess of $1,200,000.00.

**222.**   Thereafter, Gabor Smatko executed a warranty deed designating the Fountain Hills home as community property, adding Monica Smatko to the deed.

---

[4] Mr. Smatko obtained an adjacent parcel of land under a separate deed and the subsequent transfers described herein apply to both parcels.

**223.**   On or about November 21, 2019, Gabor Smatko and Mobilityless, LLC received a demand letter pursuant to the Massachusetts Consumer Protection Act M.G.L. c. 93A outlining conduct set forth in this complaint and making clear a claim for relief.

**224.**   On December 23, 2019, Plaintiffs commenced this lawsuit with the filing of the complaint.

**225.**   On or about December 26, 2019 Gabor Smatko executed a warranty deed transferring ownership of the Fountain Hills property exclusively to Monica Smatko.

**226.**   In January 2020, Gabor Smatko and Monica Smatko were aware of the lawsuit.

**227.**   On January 27, 2020, Monica Smatko formed a single member business Fountainmoons, LLC, registered in Arizona.

**228.**   On or about February 2, 2020 Monica Smatko executed a warranty deed transferring ownership of the Fountain Hills property to Fountainmoons, LLC.

**229.**   On information and belief, the only asset owned by Fountainmoons, LLC is the Fountain Hills property.

**230.**   On information and belief, a purpose of forming Fountainmoons, LLC was to shield Gabor and Monica Smatko from creditors including the Plaintiffs.

**231.**   On January 28, 2020, Monica Smatko transferred ownership of the Wallingford Connecticut home to her son Kevin Smatko through execution of a Quit Claim Deed.

**232.**   On information and belief, a purpose of transferring the Wallingford Connecticut home to Kevin Smatko was to shield the home from the creditors of Gabor and Monica Smatko including the Plaintiffs.

**233.**   On or about March 3, 2020 Kevin Smatko formed Tree Union LLC, a sole member Connecticut business.

**234.**   In or around March 2020, Kevin Smatko transferred ownership of the Wallingford Connecticut home to Tree Union LLC through execution of a Quitclaim Deed.

**235.**   On information and belief, a purpose of forming Tree Union, LLC was to shield the home from the creditors of Gabor Smatko, Monica Smatko, and Kevin Smatko.

**236.**   On information and belief, Kevin Smatko formed Tree Union, LLC and transferred the Wallingford Connecticut property to the business under the guidance of Gabor and/or Monica Smatko.

**237.**   Mobilityless, LLC at the direction of Gabor Smatko and/or Monica and Kevin Smatko, transferred assets of the business to the other closely held corporate entities owned by the Defendants.

a. A purpose of the asset transfers from Mobilityless, LLC to other corporate entities owned by the Defendants was to shield assets of Mobilityless, LLC from potential creditors.

238. Between April 2020 and September 2021, Mogavike2020, LLC purchased at least seven residential properties in Maricopa County, Arizona, for a sum of money exceeding $1,200,000.

a. The properties were purchased using assets of Mobilityless, LLC.

b. A purpose of using Mogavike2020, LLC to purchase the properties was to shield the assets from potential creditors of the Defendants.

239. Transfers of the Wallingford Connecticut, and Fountain Hills Arizona properties were made to insiders.

240. Following the transfer of the Wallingford Connecticut and Fountain Hills Arizona properties to corporate entities, Gabor and/or Monica Smatko retained control of the properties.

241. Prior to the transfer of the properties to corporate entities, Gabor and Monica Smatko had been sued or threatened with suit by the Plaintiff creditors.

242. The transfer of the Wallingford Connecticut and Fountain Hills Arizona Properties were done to conceal, shield, and/or remove assets.

243. The transfer of assets from Mobilityless, LLC to the other corporate entities owned by Defendants was done to conceal, shield, and/or remove assets.

244.  The transfer of the Wallingford Connecticut and Fountain Hills Arizona properties were not the result of exchanged consideration reasonably equivalent to the value of the transferred assets.

245.  The transfer of assets from Mobilityless, LLC to the other corporate entities were not the result of exchanged consideration reasonably equivalent to the value of the transferred assets.

246.  The transfer of the Wallingford Connecticut and Fountain Hills Arizona properties occurred shortly before or after the debts in question were incurred.

247.  The transfer of assets from Mobilityless, LLC to the other corporate entities occurred shortly before or after the debts in question were incurred.

248.  The transfer of the Wallingford Connecticut and Fountain Hills Arizona properties consisted of substantially all the assets of Gabor Smatko, Monica Smatko, and Kevin Smatko.

249.  The transfer of assets from Mobilityless, LLC to the other corporate defendants consisted of substantially all the assets of Mobilityless, LLC.

250.  The transfers of the Wallingford Connecticut and Fountain Hills Arizona properties were made without receipt of reasonably equivalent value, and left Gabor Smatko, Monica Smatko, and Kevin Smatko with unreasonably small assets in relation to the ongoing business conduct they were conducting in connection with Mobilityless, LLC.

251.   The transfers of the assets from Mobilityless, LLC to the other corporate defendants were made without receipt of reasonably equivalent value and left Mobilityless, LLC with unreasonably small assets in relation to the ongoing business conduct the company was conducting.

252.   The transfer of the Wallingford Connecticut and Fountain Hills Arizona properties were made with the intent to hinder, delay, or defraud the Plaintiff creditors.

253.   The transfer of assets from Mobilityless, LLC to the other corporate entities was done with the intent to hinder, delay, or defraud the Plaintiff creditors.

254.   As a result of the property transfers, Gabor Smatko, Monica Smatko, and Kevin Smatko are likely to have become personally insolvent.

255.   As a result of the asset transfers, Mobilityless, LLC is likely to have become insolvent.

256.   Transfer of the Wallingford Connecticut and Fountain Hills Arizona properties were fraudulent

257.   The transfer of assets from Mobilityless, LLC to the other corporate entities was fraudulent.

258.   As a result of the wrongful conduct, Plaintiffs are entitled to all relief afforded under M.G.L. ch 109A §8 including but not limited to avoidance of the unlawful

transfers to satisfy the creditors' claims, and injunctive relief against further disposition of the property and/or appointment of a receiver.

## COUNT IV

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT
### (Gabor Smatko, Monica Smatko, Kevin Smatko)

**259.**   Plaintiffs repeat, reiterate, and incorporate the allegations contained within the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

**260.**   Gabor Smatko is a person as defined by 18 U.S.C. §1961 and at all relevant times has been capable of holding a legal or beneficial interest in property.

**261.**   Mobilityless, LLC is an enterprise as defined by 18 U.S.C. §1961 as a legal corporate entity.

**262.**   Monica Smatko is a person as defined by 18 U.S.C. §1961.

**263.**   Kevin Smatko is a person as defined by 18 U.S.C. §1961.

**264.**   Chris Sullivan is a person as defined by 18 U.S.C. s1961.

**265.**   Each Plaintiff is a person as defined by 18 U.S.C. §1961.

**266.**   Mobilityless, LLC regularly engaged in interstate commerce including the sale of goods through its website and the shipping of goods from Connecticut and/or Massachusetts to other states in the continental United States including Florida and Utah.

**267.** Gabor Smatko is the founder, owner, and operator of Mobilityless, LLC.

**268.** Gabor Smatko agreed to, and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding the Plaintiffs.

**269.** Under the Racketeer Influence and Corruption Act a sole shareholder in a business is separate from the business enterprise for the purpose of the statute and is liable where the individual's conduct violates the statute.   *Cedric Kushner Promotions, Ltd v. King* 533 U.S. 158 (2001).

**270.** Gabor Smatko engaged in conduct prohibited by 18 U.S.C. §1341 by developing a scheme to defraud customers of the Mobilityless, LLC enterprise by engaging in activity with the intent to defraud.

> a.   In the two years preceding this lawsuit, Gabor Smatko regularly advertised the sale of goods including new electric tricycles and bicycles on the website of Mobilityless, LLC.

> b.   Upon purchase of the goods, Gabor Smatko on behalf of the Mobilityless, LLC enterprise, hired private and/or commercial interstate carriers to transport the property to the victim customers.

> c.   In the two years prior to commencement of this lawsuit, Gabor Smatko knowingly shipped defective and/or damaged products to the victim

customers in Missouri, Utah, Washington, New Jersey, California, Florida, and Montana.

d.   Each customer victim relied upon representations of Defendant that they would be receiving new operational goods meeting the description advertised.

e.   Gabor Smatko recruited and obtained assistance from other people including Monica Smatko and Chris Sullivan to conduct the unlawful racketeering conduct through a legitimate corporate enterprise.

**271.** The specifics of two instances of the sale and shipment of goods to the Plaintiffs is described in the factual allegations portion of the pleading.

**272.** The racketeering activity was committed with the intention of injuring the Plaintiffs and other customer victims of Mobilityless, LLC by separating them from their money, providing defective goods that did not comport with the items advertised and purchased, and implementing formalized procedures within the enterprise that made the possibility of a return or exchange of goods unlikely if not impossible.

**273.** The Plaintiffs sustained monetary loss and/or injury to their property as a direct result of the racketeering conduct involving the interstate shipping of goods committed by the Defendants.

**274.** Gabor Smatko engaged in conduct violating 18 U.S.C. §1692(b) by knowingly maintaining ownership or control of Mobilityless, LLC while the enterprise engaged in racketeering conduct.

**275.** The racketeering conduct of Gabor Smatko was separate and apart from the legitimate business operations of the enterprise Mobilityless, LLC.

**276.** The conduct of Gabor Smatko violated 18 U.S.C. §1962(c).

**277.** The conduct of Gabor Smatko violated 18 U.S.C. §1962(d)

**278.** Monica Smatko engaged in conduct violating 18 U.S.C. §1962(d) by knowingly agreeing to facilitate and/or aid Gabor Smatko in the operation or management of the enterprise.

a.   On multiple occasions within two years prior to the commencement of this lawsuit, Monica Smatko assisted and/or accompanied Gabor Smatko in shipping goods to the customer victims in furtherance of the racketeering enterprise.

b.   Monica Smatko assisted Gabor Smatko in the preparation for and pursuit of small claims lawsuits against victims of Mobilityless, LLC that included the filing of false claims and accusations which were sent out of state by mail to the victims.  Among other things, Monica Smatko specifically appeared in Court to assist Gabor Smatko on one or more occasion prior to the dismissal of the small claims lawsuits.

c.   Monica Smatko had knowledge that Gabor Smatko was using Mobilityless, LLC to engage in unlawful conduct patterned after the predecessor business Monica, LLC d/b/a Omegastores.com.

d.   Monica Smatko knowingly assisted in generating and/or benefited from the use or investment of proceeds generated through the racketeering conduct of Mobilityless, LLC and Gabor Smatko.

279.   Kevin Smatko engaged in conduct violating 18 U.S.C. §1962(d) by knowingly agreeing to facilitate and/or aid Gabor Smatko in the operation or management of the enterprise.

a.   Kevin Smatko assisted Gabor Smatko in obtaining money from victims of the enterprise, by operating a payments processing and banking account on behalf of Mobilityless, LLC, through Paypal, Inc.

b.   Kevin Smatko knowingly assisted in generating and/or benefited from the use or investment of proceeds generated through the racketeering conduct of Mobilityless, LLC and Gabor Smatko.

280.   Chris Sullivan assisted Gabor Smatko of engaging in racketeering conduct through the enterprise Mobilityless, LLC by and through the following unlawful conduct:

a.   As corporate designee, at the direction of Gabor Smatko, Chris Sullivan agreed to ignore legal documents including notices from the

Commonwealth of Massachusetts, court documents, victim complaints, and legal service of process documents.

b. By refusing legal documents at the direction of Gabor Smatko, Mr. Sullivan has assisted in prolonging the unlawful conduct of Gabor Smatko and Monica Smatko in the name of the legitimate business enterprise Mobilityless, LLC.

c. Mr. Sullivan's conduct has assisted and enabled Gabor Smatko and Monica Smatko to evade the victim customers of their conduct pursued in the name of the legitimate business enterprise Mobilityless, llc.

**281.** Gabor Smatko and Monica Smatko used proceeds obtained through the racketeering conduct to pay for the Fountain Hills Arizona home.

**282.** Monica Smatko used proceeds obtained through the racketeering conduct to pay for the properties presently owned by Mogavike2020, LLC.

**283.** On information and belief, Kevin Smatko has used proceeds obtained through the racketeering conduct to pay for living expenses as well as tuition to attend college at the University of Connecticut.

**284.** The racketeering activity conducted by Gabor Smatko was a continuation of conduct he knew was unlawful based upon his Consent Judgments with the Attorney General of Connecticut.

**285.** As a direct and proximate result of the conduct of Gabor Smatko's racketeering activities and violations of 18 U.S.C. §1862(C), Plaintiffs have been injured having suffered loss of money, property, and/or the diminution of value in property.

**286.** As a direct and proximate result of the conduct of Monica Smatko's contribution to the racketeering scheme and violations of 18 U.S.C. §1862(C), Plaintiffs have been injured having suffered loss of money, property and/or the diminution of value in property.

**287.** As a result of the conduct of Gabor Smatko and Monica Smatko in violation of RICO, Plaintiffs are entitled to all relief afforded under 18 U.S.C. §1964 including but not limited to recovery of damages, trebled damages, reasonable attorney fees, costs, and injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiffs as Class representative and Plaintiff's Counsel, as Class Counsel;

(b)     Awarding Plaintiffs and the Class statutory damages;

(c)     Awarding Plaintiffs and the Class actual damages;

(d)     Awarding trebled damages;

(d)     Awarding Plaintiffs costs of this Action, including reasonable

attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiffs and the Class such other and further relief

as this Court may deem just and proper.

Dated:  April 28, 2022                By:    */s/ Adam Deutsch*

                                           Adam Deutsch, Esq.
                                           BBO 569173
                                           Northeast Law Group, LLC
                                           P.O. Box 60717
                                           Longmeadow, MA 01106
                                           (413) 285-3646
                                           (BBO-569173)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to non-registered participants on this date.

Dated:  April 28, 2022                          By:    */s/ Adam Deutsch*

                                                        Adam Deutsch, Esq.
                                                        BBO 569173
                                                        Northeast Law Group, LLC
                                                        P.O. Box 60717
                                                        Longmeadow, MA 01106
                                                        (413) 285-3646
                                                        (BBO-569173)