UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA SWENSON; GERALD SHEARON and all similarly situated persons,<br><br>    Plaintiffs<br><br>v.<br><br>MOBILITYLESS, LLC; GABOR SMATKO, et al.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Case No. 3:19-30168-MGM |

<u>MEMORANDUM AND ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL
DISCOVERY</u>
(Dkt. No. 54)

I.    <u>Relevant Background</u>

This is a putative class action referred to the undersigned for pretrial management.  The

named plaintiffs, Barbara Swenson and Gerald Shearon, allege in their second amended

complaint (SAC) (Dkt. No. 63)[1] that defendant Gabor Smatko (Smatko) operates a website

through which he advertises various products for sale, including electric tricycles.  The named

plaintiffs assert that each of them ordered an electric tricycle through Smatko's website and that

Smatko's business shipped defective and nonconforming goods and committed various

fraudulent acts when the named plaintiffs sought to repair or return the defective goods they had

received (SAC, ¶¶ 54-119).  The SAC notes that in or around 2006, the State of Connecticut filed

suit against Smatko and his registered business, which sold mobility scooters, electric scooters,

---

[1] On June 28, 2022, Plaintiffs' motion for leave to file a third amended complaint was granted in
the absence of any timely filed opposition (Dkt. No. 78).  Plaintiffs filed their third amended
complaint on the same day (Dkt. No. 79).

and gas-powered scooters primarily to the elderly, for violating the Connecticut Unfair Trade Practices Act by a variety of unlawful acts (SCA, ¶¶ 16-20). In 2010, Smatko and his company entered into a consent decree with the State of Connecticut that prohibited them from engaging in enumerated illegal acts and required them to pay restitution to customers who had filed complaints against the company (SAC, ¶¶ 20-21). The SAC further notes that in 2014, the State of Connecticut filed a motion for contempt against Smatko and his company that was resolved by a stipulated post-judgment order that enjoined them from engaging in various fraudulent acts and committed them to paying additional restitution to injured customers (SAC, ¶¶ 22-25). The SAC alleges that, after this litigation in Connecticut, Smatko opened two limited liability companies in Massachusetts in an attempt to continue his business operations beyond the reach of the Connecticut Attorney General (SAC, ¶¶ 28, 31) and has continued to engage in conduct similar to the conduct that caused him to be sued by the State of Connecticut (SAC, ¶¶ 38-53).

Plaintiffs filed their initial complaint on December 23, 2019 (Dkt. No. 1). On May 12, 2020, the court granted Plaintiffs' motion to make alternative service of process based on evidence submitted by Plaintiffs' counsel that the defendants were seeking to evade service of process (Dkt. Nos. 5-10, 24). On June 22, 2020, the court entered a notice of default as to the defendants (Dkt. No. 15). With Plaintiffs' assent, the entry of default was set aside (Dkt. No. 24). The defendants' motion to dismiss the first amended complaint was denied (Dkt. No. 41).

Now before the court, against this backdrop, is Plaintiffs' First Motion to Compel Discovery (Dkt. No. 54), which seeks to compel production of additional documents and answers to interrogatories from Smatko and Mobilityless (Dkt. No. 54). The court held an April 21, 2022 hearing on plaintiffs' motion, and took Plaintiffs' motion under advisement (Dkt. No. 68). For

2

the reasons stated at the hearing, and those set forth herein, Plaintiffs' motion to compel further

discovery responses is granted as follows.

    II.    <u>Analysis</u>

        A.  Applicable legal principles

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless otherwise

limited by court order, the scope of discovery is as follows:  Parties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case ….  Information within this scope of discovery need not be

admissible in evidence to be discoverable."  The proportionality provision was added to Fed. R.

Civ. P. 26 (b)(1) in December 2015 to emphasize that there are intended to be limits on the

breadth of discovery to which a party is entitled.  *See, e.g., Fed. Energy Regulatory Comm'n v.*

*Silkman*, No. 1:16-cv-00205-JAW, 2017 WL 6597510, at *6-7 (D. Me. Dec. 26, 2017).

Nonetheless, "[a]s a general matter, relevancy must be broadly construed at the discovery stage

such that information is discoverable if there is any possibility it might be relevant to the subject

matter of the action."  *Cherkaoui v. City of Quincy*, Civil Action No. 14-cv-10571-LTS, 2015

WL 4504937, at *1 (D. Mass. July 23, 2015) (quoting *E.E.O.C. v. Electro-Term, Inc*., 167 F.R.D.

344, 346 (D. Mass. 1996)).  "[B]ecause discovery itself is designed to help define and clarify the

issues, the limits set forth in Rule 26 must be construed broadly to encompass any matter that

bears on, or that reasonably could lead to other matters that could bear on, any issue that is or

may be in the case."  *Green v. Cosby*, 152 F. Supp. 3d 31, 34 (D. Mass. 2015) (quoting *In re New*

*England Compounding Pharmacy, Inc. Prods. Liab. Litig*., MDL No. 13-2419-FDS, 2013 WL

6058483, at *4 (D. Mass. Nov. 13, 2013)).  The party seeking information in discovery has the

burden of showing its relevance.  *See, e.g., Cont'l W. Ins. Co. v. Opechee Constr. Corp.*, Civil

No. 15-cv-006-JD, 2016 WL 1642626, at *1 (D.N.H. Apr. 25, 2016) (citing *Caouette v. OfficeMax, Inc.*, 352 F. Supp. 2d 134, 136 (D.N.H. 2005)); *see also Whittingham v. Amherst Coll.*, 164 F.R.D. 124, 127 (D. Mass. 1995); *Gagne v. Reddy*, 104 F.R.D. 454, 456 (D. Mass. 1984).  Conversely, "[w]hen a party resists the production of evidence, it 'bears the burden of establishing lack of relevancy or undue burden.'"  *Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc.*, 319 F.R.D. 422, 427 (D.P.R. 2016) (quoting *Sánchez-Medina v. UNICCO Serv. Co.*, 265 F.R.D. 24, 27 (D.P.R. 2009)); *see also Cont'l W. Ins. Co.*, 2016 WL 1642626, at *1.  Plaintiffs seeking to represent a class or classes generally are entitled to conduct discovery related to defining a potential class or classes of individuals to whom the defendant(s) may be liable and to the nature and scope of class-wide claims.  *See generally Bartok v. Hometown Am., LLC*, Civil No. 21-10790-LTS, 2022 WL 970079 (D. Mass. Mar. 30, 2022) (directing discovery related to class certification in advance of ruling on the plaintiffs' motion for class certification).

Plaintiffs have alleged that defendants engage in business practices that are fraudulent and in violation of Mass. Gen. Laws ch. 93A, §§ 2 and 9, including policies related to returns of goods, cancellations of orders, substitution of goods, confusing, untruthful and fraudulent responses to customer complaints, and illegal debt collection practices, that they have engaged in fraudulent transfers to conceal assets, and that the entire enterprise's affairs, which rely on interstate communications and transportation of goods, are conducted through a pattern of racketeering activity (SAC ¶¶ 153-254).  Plaintiffs seeks to represent a class of individuals harmed by defendants' conduct.

Plaintiffs have agreed that their requests for documents be limited to documents dated on or after September 6, 2018 through the present.  The court's orders for supplemental production incorporate this time limit which generally is referred to herein as the relevant period.

4

B.      Plaintiff's Discovery Requests

1.   Plaintiff's document requests to Mobilityless, LLC

<u>Plaintiffs' document requests 5 and 6</u> request all documents relating to Mobilityless'

acquisition of the goods it sold to its customers, including electric tricycles, which are the type of

goods purchased by the named Plaintiffs.  Mobilityless has objected to producing such records,

principally on the grounds of overbreadth and undue burden, representing that the company does

not maintain a searchable database reflecting the company's acquisition of goods and therefore

cannot respond to this request (Dkt. No. 58-2).  A defendant "may not excuse itself from

compliance with Rule 34, Fed. R. Civ. P., by utilizing a system of record-keeping which

conceals rather than discloses relevant records, or makes it unduly difficult to identify or locate

them, thus rendering the production of documents an excessively burdensome and costly

expedition."  *Koslowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976).  Moreover,

at the hearing on Plaintiffs' motion to compel, Plaintiffs' counsel represented that the number of

Defendants' transactions appear limited to less than 2000 during the relevant period.  Smatko has

access to all on-line records of Mobilityless' business activities from September 6, 2018, to the

present.  Where Plaintiffs allege that Defendants consistently sold damaged and nonconforming

goods to their customers, Plaintiffs' document requests 5 and 6 are reasonably related to

acquiring information relevant to their claims and to identifying potential class members.

Mobilityless, through Smatko, is directed to produce all documents in its possession, custody or

control responsive to Plaintiffs' document requests 5 and 6.  To the extent Mobilityless, through

Smatko, takes the position that it has no additional documents responsive to these requests,

Mobilityless must so indicate without ambiguity through a supplement document production response.[2]

Plaintiffs' document requests 7 and 8 request production of all documents related to product warranties sold by Mobilityless to its customers, including the named Plaintiffs, during the relevant period.  Mobilityless objects on the grounds that these requests seek information that is not in the possession, custody, or control of Mobilityless and that the company has already produced documents.  Where Plaintiffs have requested information about warranties sold to Mobilityless' customers by Mobilityless, the claim that the request seeks documents that are not in Mobilityless' possession, custody, or control is not credible.  In view of Plaintiffs' allegations about Mobilityless' consistent failure to honor warranties, the information sought is relevant to the merits of Plaintiffs' claims and identification of a potential class or classes of plaintiffs.  Mobilityless, through Smatko, is directed to produce all documents in its possession, custody, or control responsive to this request.  To the extent Mobilityless, through Smatko, takes the position that it has no additional documents responsive to these requests, it must so indicate without ambiguity through a supplemental document production response.

Plaintiffs' document request 9 seeks production of all email correspondence sent and received by support@mobilityless4less.com from September 6, 2018, through the present.

---

[2] Plaintiffs have obtained a significant number of documents from third parties.  That they have done so in no way excuses Defendants' obligations to respond to Plaintiffs' discovery requests.  To the contrary, "[c]ourts have held that a responding party is required to produce documents in its possession, custody, or control regardless of whether the requesting party is already in possession of the requested documents." *P.R. Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriqueña, Inc.*, 318 F.R.D. 224, 230 (D.P.R. 2016) (collecting cases).  If Plaintiffs are able to show by reference to third party records that Defendants' supplemental discovery responses are incomplete, misleading, or false, the court will not hesitate to impose sanctions.  *See* Fed. R. Civ. P. 37(b)(2).

Plaintiffs represent that support@mobilityless4less.com is the email account through which Mobilityless communicates with its customers (SAC ¶ 29) and, thus, communications through support@mobilityless4less.com will reveal the identities of customers and customer complaints. In a case in which Plaintiffs plausibly allege that there is a record of consumer complaints about Mobilityless, including complaints about breaches of warranties and refusals to accept returns of defective goods, and that Defendants have exhibited a pattern of deceit and attempts to conceal relevant information, all email communications through support@mobilityless4less.com are relevant for purposes of discovery. To the extent documents that are responsive to this request exist, they must be produced to Plaintiffs. To the extent Mobilityless, through Smatko, takes the position it has no additional documents responsive to this request, it must so indicate without ambiguity.

Plaintiffs' document requests 12 through 15 and 17 seek documents that will show what items Mobilityless has shipped to customers and what shippers Mobilityless has employed for shipping. Plaintiffs allege that they received damaged and nonconforming goods and that Mobilityless blames the shippers and disclaims responsibility for the damage to the goods (SAC ¶ 47). The documents Plaintiffs seek are relevant because they will bear on whether Mobilityless is responsible for the condition of the goods received by its customers and because these records may disclose sales to customers whom Plaintiffs have not yet identified. Mobilityless objected to producing these documents on the grounds that the documents are not in its possession, custody, or control, that Defendants have produced responsive documents and that Plaintiffs have already obtained relevant documents from third parties. It is not plausible that Mobilityless does not have possession, custody, or control of records of the goods it has shipped from September 6, 2018, through the present. Further, that Plaintiffs may have obtained relevant

documents from other sources does not excuse Defendants' discovery obligations.  *See P.R.*
*Med. Emergency Grp., Inc*, 318 F.R.D. at 230.  Finally, it is by no means clear that Plaintiffs
have identified all of the shippers used by Mobilityless.  The documents sought by these requests
are relevant and must be produced. To the extent Mobilityless, through Smatko, takes the
position that it has no additional documents responsive to these requests, it must so indicate
without ambiguity through a supplemental document production response.

 Plaintiffs' document requests 16, 34, and 35 seek production of documents concerning
customers' attempts to return goods to Mobilityless.  Plaintiffs allege that Mobilityless' policies
addressing returns were unfair and deceptive and that the company consistently shipped damaged
goods, failed and refused to accept returns of damaged and noncompliant goods, then
fraudulently sought to obtain additional money from their complaining customers.  Plaintiffs'
allegations about their personal experiences vividly illustrate these practices (SAC ¶¶ 47-49, 65-
74, 90, 104-113).  Mobilityless' response is that the requests seek documents that are not within
its possession, custody, or control and that it has produced some records.  It cannot be true that
responsive documents are not in Mobilityless' possession, custody, or control, and the
production of some documents does not satisfy Mobilityless' obligations.  There is no doubt that
documents concerning Mobilityless' return policies and practices and the identities of customers
who sought to return damaged goods to Mobilityless are relevant to Plaintiffs' claims and the
identities of other potential plaintiffs.  To the extent Mobilityless has records in its possession,
custody or control concerning customer returns from September 6, 2018, that it has not already
produced, those records are relevant and must be produced.  To the extent Mobilityless, through
Smatko, takes the position that it has no additional documents responsive to these requests, it
must so indicate without ambiguity through a supplemental document production response.

Plaintiffs' document request 23 asks for complete copies of Mobilityless' state and federal tax returns filed after September 6, 2018. Plaintiffs represent that, while the Defendants have produced partial copies of the tax returns for Gabor and Monica Slatko for 2018, 2019 and 2020, they have produced no tax returns for Mobilityless for the relevant period. Where the information in a defendant's tax returns is relevant to damages, tax returns are discoverable. *See Amoah v. McKinney*, CIVIL ACTION NO. 4:14-40181-TSH, 2016 WL 1698267, at *4 (D. Mass. Apr. 27, 2016) (citing *Madrid v. Don Kelly Constr., Inc.*, No. 12 CIV 12-0451 JB/GBW, 2013 WL 1897826, at *7 (D.N.M. pr. 24, 2103)). The party resisting the disclosure of tax returns, here, Mobilityless, "'bears the burden of establishing alternative sources for the information.'" *Elevate Grp., LLC v. DataScience.codes, LLC*, Civil Action No. 1:20-12084-PBS, 2021 WL 6108288, at *3 (D. Mass. Nov. 23, 2021) (quoting *Buntzman v. Springfield Redevelopment Auth.*, 146 F.R.D. 20, 32 (D. Mass. 1993) (citation omitted)). Mobilityless has not shown that historical information about its income and profits is available from another source. To the extent these tax returns exist, they must be produced to Plaintiffs. To the extent no such documents exist, Mobilityless must so indicate without ambiguity through a supplemental document production response.

Plaintiffs' documents requests 38 and 39 seek production of documents related to restocking and processing fees charged to customers by Mobilityless. The Mobilityless document response appears to represent that Mobilityless has produced all such documents in its possession, custody, or control (Dkt. No. 54-5 at 22). "The court will not order the production of documents that do not exist." *Visco v. Nat'l Planning Corp.*, Civil Case No. 3:18-30132-MGM, 2019 WL 5318228, at *6 (D. Mass. Oct. 21, 2019). In the absence of any indication that this representation is inaccurate, so much of Plaintiffs' motion as seeks to compel Mobilityless to

produce documents responsive to requests 38 and 39 is denied.  Mobilityless will, however, be required to serve a supplemental response to this request stating unambiguously that it does not possess or control any documents responsive to these requests that it has not produced.

Plaintiffs' document requests 45 and 61 seek production of all documents concerning communications between Mobilityless and Paypal.  Ms. Swenson alleges that she paid for her electric tricycle from Mobilityless through Paypal, that Paypal opened an investigation into Mobilityless because of customer complaints, and that after Paypal refunded Ms. Swenson the purchase price of her tricycle, Defendants pursued her for payment (SAC ¶¶ 57, 80-84). Communications between Paypal and Mobilityless are relevant to Plaintiffs' claims of fraud. Again, the Mobilityless document response appears to represent that Mobilityless has produced all documents in its possession, custody, or control responsive to Plaintiffs's document requests 45 and 61 (Dkt. No. 54-5 at 23, 25).  "The court will not order the production of documents that do not exist." *Viscito*, 2019 WL 5318228, at *6.  In the absence of any indication that this representation is inaccurate, so much of Plaintiffs' motion as seeks to compel Mobilityless to produce documents responsive to requests 45 and 61 is denied.  Mobilityless is, however, required to serve a supplemental response to this request stating unambiguously that it does not possess or control any documents responsive to these requests that it has not already produced.

Plaintiffs' document requests 49 and 53 seek production of all records related to the locations from which Mobilityless has shipped goods to its customers and records relating to Mobilityless' use of property located in Connecticut.  The court is not persuaded that the requests for these documents are wholly proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  Mobilityless' shipping and operating locations are likely to be discernable from documents responsive to Plaintiffs' other document requests, including requests 12-15 and 17,

and, in the court's view, production of documents responsive to these requests is sufficient,

except that Mobilityless must produce documents related to its use of property in Connecticut.

*Cf. Morissette v. Cote Corp.*, No. 2:14-cv-00452-JDL, 2016 WL 6902116, at *1 (D. Me. Nov.

22, 2016) (ruling that the producing party only needed to produce the minimum number of

documents that would furnish the requested information).

 Plaintiffs' document request 62 seeks production of records showing whether

Mobilityless remitted sales tax to any taxing authority during the relevant period.  Plaintiffs

claim that they were charged for sales tax in connection with their purchases from Mobilityless

under false pretenses.  Plaintiff represents that document Defendants produced in response to this

request do not disclose the requested information (Dkt. No. 54 at 12).  Documents that may

disclose whether Defendants' business(es) remitted the sales taxes they collected to the taxing

authorities may be relevant on the issue of fraud.  To the extent such documents exist,

Mobilityless must produce them  To the extent Mobilityless takes the position that it has no

documents responsive to this request in its possession, custody, or control, Mobilityless must so

indicate without ambiguity through a supplemental document production

response.

Plaintiffs' document requests 66 and 67 seek copies, respectively, of all documents

relating to Defendants' affirmative defenses, and all documents Defendants may rely upon at

trial.  It is well-established that Plaintiffs are entitled to production of documents related to a

defendant's affirmative defenses and documents on which Defendants will rely at trial.  *See, e.g.,*

*Britton v. Marcus, Errico, Emmer & Brooks, P.C.*, Civil Action No. 18-cv-11288-IT, 2021 WL

3604841, at *4 (D. Mass. Aug. 13, 2021); *Papkee v. MECAP, LLC*, No. 2:20-cv-00006-DBH,

2021 WL 1164770, at *4 (D. Me. Mar. 26, 2021).  Defendants' answer to the initial complaint

11

(the only complaint they have answered) identified fifteen affirmative defenses, a number of

which are boilerplate defenses (Dkt. No. 26 at 13-15).  Defendants represent that they relinquish

any objection they have to Plaintiffs' document request 66 and claim to have produced

responsive documents (Dkt. No. 58 at 15).  As propounded, this request is difficult to assess in

that it does not request documents related to any specific affirmative defense.  It appears unlikely

that there would be documents relating to each of the affirmative defenses in Defendants' answer

and Defendants claim to have produced documents responsive to this request (Dkt. No. 58 at 15).

With no explanation by Plaintiffs as to why they believe that Mobilityless has documents

responsive to these requests that have not been produced, there is not an adequate record

justifying a court order of production.  *Cf. Britton, Marcus, Errico & Brooks, P.C.*, 2021 WL

3604841, at \*5.  For these reasons, the court denies without prejudice so much of Plaintiffs'

motion to compel as seeks production of documents responsive to their document request 66.

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Plaintiffs are entitled to identification, and, on

request, production of all documents that Defendants may use to support their defenses at trial.

Here too, however, Plaintiffs' request is broad and Defendants have waived any objection to

producing responsive documents and claim to have produced documents responsive to this

request (Dkt. No. 58 at 15).  With no explanation by Plaintiffs as to why they believe that

Mobilityless has documents responsive to this request that have not been produced, there is not

an adequate record justifying a court order of production.  *Cf. Britton, Marcus, Errico & Brooks,*

*P.C.*, 2021 WL 3604841, at \*5.  For these reasons, the court denies without prejudice so much of

Plaintiffs' motion to compel as seeks production of documents responsive to their document

request 67.

As to each of these requests, however, to the extent Mobilityless takes the position that it has produced all responsive documents in its possession, custody, or control, Mobilityless must so indicate without ambiguity through a supplemental document production response.

        2.  Plaintiffs' Interrogatories to Mobilityless.

<u>Plaintiffs' Interrogatory number 5</u> must be answered by Mobilityless for the reasons set forth above in connection with the Plaintiffs' document requests 16, 34, and 35.

<u>Plaintiffs' Interrogatories numbers 7 and 8</u>.  To the extent that Mobilityless produces tax returns and profit and loss statements to Plaintiffs, it need not answer this interrogatory.  To the extent that Mobilityless fails to produce documents from which this information can be derived, Mobilityless must answer this interrogatory in full, stating its expenses and assets for the relevant period.

<u>Plaintiffs' Interrogatory number 11</u> is duplicative of document production requests to Mobilityless.  To the extent Mobilityless produces documents that identify all shippers and warehouses that the company used during the relevant time to ship goods, Mobilityless need not answer this interrogatory.  To the extent that Mobilityless fails to produce documents identifying all shippers and warehouses that uses, Mobilityless must answer this interrogatory in full for the relevant period.

<u>Plaintiffs' Interrogatory number 14</u> requests information about a check that Plaintiffs allege that Mobilityless forged, through Smatko, for the purpose of defrauding plaintiff Barbara Swenson.  Mobilityless must answer this interrogatory concerning its acquisition/creation and use of the check in Ms. Swenson's name in full.

<u>Plaintiffs' Interrogatory number 15</u> requires Mobilityless to identify each instance in which it has issued a refund or exchanged goods for a customer who complained about delivery

of defective goods.  The information requested is relevant to Plaintiffs' claims and Mobilityless has not adequately established that responding would be an undue burden.  *See Kozlowski*, 73 F.R.D. at 76.  For the reasons set forth in the court's ruling on Plaintiffs' document requests 16, 34 and 35, Mobilityless must answer this interrogatory.

Plaintiffs' Interrogatory number 16 requests that Mobilityless state the factual basis for each of fifteen affirmative defenses asserted in the only answer Defendants have filed in the case. While Plaintiffs are entitled to discover the factual bases of Defendants' affirmative defenses, this blanket request, which makes no attempt to distinguish between affirmative defenses that may depend on facts and those that do not, is overbroad as propounded.  For the reasons set forth above, this aspect of Plaintiffs' motion to compel is denied without prejudice.

> 3.   Plaintiffs' document requests to Smatko.

Plaintiffs' document requests 13 and 14 seek copies of all documents evidencing communications between Smatko and Mobilityless customers.  In light of Plaintiffs' allegations, communications between Smatko and Mobilityless customers are relevant.  For the reasons set forth above, Smatko's claims that the request is overly broad and unduly burdensome are not persuasive.  To the extent these documents are not produced in response to Plaintiffs' requests to Mobilityless, they must be produced by Smatko.  To the extent Smatko takes the position that he has no documents responsive to these requests in his possession, custody, or control or that all such documents have been produced, Smatko must so indicate without ambiguity through a supplemental document production response.

Plaintiffs' document request 20 seeks copies of all records related to Smatko's shipment of goods on behalf of Mobilityless.  Smatko objects based on undue burden, overbreadth, and a lack of relevance.  In view of the allegations in Plaintiffs' complaint and for the reasons set forth

14

above, none of these objections is persuasive.  To the extent Mobilityless does not produce records responsive to this request, Smatko must do so. To the extent Smatko takes the position that he has no documents responsive to this request in his possession, custody, or control or that all such documents have been produced, Smatko must so indicate without ambiguity through a supplemental document production response.

  <u>Plaintiffs' document requests numbers 21 and 48</u> seek production of all documents showing communications between Smatko and any bank or credit card processing company relating to Mobilityless.  Here, Smatko's objections of a lack of relevance and overbreadth have some merit.  Plaintiffs bear the burden of showing relevance.  *See, e.g., Cont'l W. Ins. Co.*, 2016 WL 1642626, at \*1.  They base this request on the contention that the records identified in the request will show that Defendants regularly created forged checks using Mobilityless customer information, that Smatko intermingled funds across businesses, and that PayPal suspended Smatko's account (Dkt. No. 54 at 15).  It is not apparent that these requests are reasonably tailored to elicit production of documents bearing on these topics.  Because Plaintiffs have not demonstrated that these relatively broad requests are reasonably tailored to elicit relevant information, so much of Plaintiff's motion to compel as seeks production of documents responsive to Plaintiffs' requests 21 and 40 to Smatko is denied.

  <u>Plaintiffs' document request number 29</u> seeks production of all documents evidencing communications between Smatko and PayPal.  Plaintiffs have clearly demonstrated the relevance of all documents during the relevant period showing communications between Smatko and PayPal.  To the extent these documents are not produced by Mobilityless, they must be produced by Smatko.  To the extent Smatko takes the position that he has no documents responsive to this request in his possession, custody, or control or that all such documents have been produced,

Smatko must so indicate without ambiguity through a supplemental document production response.

Plaintiffs' document request number 39 seeks production of state and federal tax returns during the relevant period for each business owned by Smatko. Smatko did not object to producing these documents (Dkt. No. 54-3 at 9), but Plaintiffs represent that production is incomplete. For the reasons set forth above, and because Plaintiffs have alleged plausible claims of fraud and fraudulent transfer and asserted claims that carry potential punitive damages, and Smatko has not demonstrated that information contained in tax returns can be derived from other documents, tax returns for the relevant period for all businesses owned by Smatko must be produced to the extent such documents exist. To the extent Smatko takes the position that he has no documents responsive to this request in his possession, custody, or control or that all such documents have been produced, Smatko must so indicate without ambiguity through a supplemental document production response.

Plaintiffs' document requests 44, 45, and 46 request copies of all documents showing, respectively, Smatko's use of funds generated by Mobilityless; his receipt of income from sales of goods by Mobilityless; and transfers of funds from accounts used by Mobilityless to any other account (Dkt. No. 54-3 at 10). Smatko's objections to these requests are essentially meaningless boilerplate objections of irrelevance, burdensomeness and lack of possession, custody, or control. Smatko also objects on the grounds that Plaintiffs have obtained documents sought by these requests from other sources. "[A] responding party is required to produce documents in its possession, custody, or control regardless of whether the requesting party is already in possession of the requested documents." *Puerto Rico Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriqueña, Inc.*, 318 F.R.D. 224, 230 (D.P.R. 2016) (collecting cases). In the

16

court's view, Plaintiffs are entitled to have Smatko produce documents in his possession, custody or control that show all income he has derived from Mobilityless, and all documents showing transfers of funds from accounts used by Mobilityless to any other account for the relevant period. To the extent Smatko takes the position that he has no documents responsive to theses request in his possession, custody, or control or that all such documents have been produced, Smatko must so indicate without ambiguity through a supplemental document production response.

Plaintiffs' document request number 60 seeks all documents relating to Smatko's use of the property located at 30 North Plains Industrial Road in Wallingford, Connecticut, including "rent receipts, lease documents and shipping records" (Dkt. No. 54-3 at 13). Smatko's boilerplate objections to this request are unpersuasive (Dkt. No. 54-3 at 13), and his opposition to Plaintiffs' motion to compel offered no explanation as to why he could or should not be required to produce documents responsive to this request (Dkt. No. 58 at 19). Given that Smatko has waived any valid objection to producing documents in response to Plaintiffs' document request number 60, he will be required to produce rent receipts, lease documents, and shipping records for the relevant period to the extent Mobilityless has not already done so. To the extent Smatko takes the position that he has no documents responsive to this request in his possession, custody, or control or that all such documents have been produced, Smatko must so indicate without ambiguity through a supplemental document production response.

4. Plaintiffs' interrogatories to Smatko

Plaintiffs' interrogatory number 12 asks Smatko to disclose the annual sum of sales tax remitted on behalf of Mobilityless LLC for each year the company has been in operation. Smatko did not object to answering this interrogatory, but his answer is nonresponsive (Dkt. No.

54-2 at 7).  For the reasons set forth above, Smatko is required to provide this information to Plaintiffs.  To the extent Defendants fail to provide this information in response to the interrogatory directed to Mobilityless, Smatko must provide the information.

Plaintiffs' interrogatory number 13 asks Smatko to provide a date and description of each of his communications with a Mobilityless customer related to a customer's return of goods or request to return goods.  Smatko did not object to the interrogatory.  He did not answer it on the grounds that he does not have a database that contained this information (Dkt. No. 54-2 at 7).  The information is relevant to Plaintiffs' claims and to identification of potential class members.  Defendants' poor record-keeping is not an adequate excuse to avoid the production of relevant information.  *See Koslowski*, 73 F.R.D. at 76.  To the extent Mobilityless fails to provide this information, Smatko must do so.

III.    Conclusion

Plaintiffs' Motion to Compel Discovery (Dkt. No. 54) is granted on the terms set forth herein.  Defendants will serve the supplemental responses required by this Memorandum and Order by no later than July 22, 2022, unless the parties mutually agree to a different date.  Plaintiff's request for fees and costs is denied.

It is so ordered.

Dated: June 29, 2022                          /s/ Katherine A. Robertson
                                              KATHERINE A. ROBERTSON
                                              U.S. MAGISTRATE JUDGE