**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| BARBARA SWENSON; | ) | |
| GERALD SHEARON; and all similarly | ) | |
| situated persons | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 3:19-CV-30168 |
| | ) | |
| vs. | ) | |
| | ) | |
| MOBILITYLESS LLC; GABOR SMATKO; | ) | |
| MONICA SMATKO; KEVIN SMATKO, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, EPIZONTECH LLC'S,**
**ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT**

Defendant EPIZONTECH LLC ("Defendant") by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Third Amended Complaint, dated June 28, 2022 ("Third Amended Complaint"), and responds as follows:

**JURISDICTION AND VENUE**

1. The allegations in this Paragraph constitute a legal argument or conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in this Paragraph.

2. The allegations in this Paragraph constitute a legal argument or conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in this this Paragraph.

**PARTIES**

3. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3.

4.   Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4.

5.   Defendant denies that Mr. Smatko regularly conducted business on behalf of Mobilityless, LLC across state lines.  The remainder of Paragraph 5 is admitted.

6.   Defendant admits the allegations in Paragraph 6.

7.   Defendant admits that Monica Smatko is a resident of Arizona, a previous resident of Connecticut, and is married to Gabor Smatko.  The remainder of Paragraph 7 is denied.

8.   Defendant admits that Kevin Smatko is a resident of Connecticut and the son of Monica and Gabor Smatko.  The remainder of Paragraph 8 is denied.

9.   Defendant admits that Fountainmoons, LLC is an Arizona limited liability company.  The remainder of Paragraph 9 is denied.

10. Defendant admits that Tree Union LLC is a Connecticut limited liability company and its principal member is Kevin Smatko.  The remainder of Paragraph 10 is denied.

11. Defendant admits that MobilityTrend LLC is an Arizona limited liability company and its principal member is Gabor Smatko.  The remainder of Paragraph 11 is denied.

12. Defendant admits that Omegas Stores, LLC is a Connecticut limited liability company formed on August 3, 2021; its principal member is Gabor Smatko; and Toprex LLC is an agent. The remainder of Paragraph 12 is denied.

13. Defendant admits that Monica LLC is a Connecticut limited liability company formed on March 1, 1999; its principal member/owner is Gabor Smatko; and Omegas Stores LLC is an agent. The remainder of Paragraph 13 is denied.

14. Defendant admits Epizontech LLC is a Massachusetts limited liability company organized on December 30, 2014.  It was managed by Gabor Smatko and involuntarily dissolved by court

order or by the Secretary of the Commonwealth on June 30, 2021.  The remainder of Paragraph 14 is denied.

15. Defendant admits Mogavike2020 LLC is an Arizona limited liability company.  The remainder of Paragraph 15 is denied.

16. Defendant admits that Sunborrow LLC is a Connecticut limited liability company and its principal member is Monika Smatko.  The remainder of Paragraph 16 is denied.

17. Defendant admits that Poltec LLC is a Connecticut limited liability company and its principal member is Gabor Smatko.  The remainder of Paragraph 17 is denied.

18. Defendant admits that Toprex LLC is a Connecticut limited liability company and its principal member is Gabor Smatko.  The remainder of Paragraph 18 is denied.

19. Defendant admits that Hillsunion LLC is an Arizona limited liability company formed on February 19, 2020.  The remainder of Paragraph 19 is denied.

20.  Defendant admits that Lagoontrees LLC is a Florida limited liability company formed on February 5, 2020 and Monika Smatko is a manager.  The remainder of Paragraph 20 is denied.

## <u>FACTUAL ALLEGATIONS</u>

### BACKGROUND

21. Defendant admits the allegations in this Paragraph.

22. Defendant admits the allegations in this Paragraph.

23. Defendant admits that Monica LLC sold mobility scooters, electric scooters, and gas-powered scooters.  The remainder of this Paragraph is denied.

24. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

25. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

26. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

27. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

28. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

29. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this this Paragraph.

30. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

31. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

32. Denied.

33. Denied.

34. Denied.

**GABOR SMATKO, MONICA SMATKO, AND KEVIN SMATKO USE A SOPHISTICATED SYSTEM OF COMPANIES IN AN ATTEMPT TO HIDE ASSETS AND SHIELD LIABILITIES IN AN UNLAWFUL MANNER**

35. Defendant admits that Gabor Smatko operated Monica LLC between 1999 and the start of the Attorney General of Connecticut litigation.  The remainder of this Paragraph is denied.

36. Denied.

37. Denied.

38. Denied.

39. Defendant admits that the named corporate entities were formed but denies the remaining allegations of this Paragraph.

40. Defendant admits that Gabor Smatko identified bank accounts in discovery. The remaining allegations in this Paragraph are denied.

41. Denied.

**GABOR SMATKO'S PRESENCE IN MASSACHUSETTS BEGAN AFTER THE SECOND SETTLEMENT WITH THE ATTORNEY GENERAL OF CONNECTICUT TO EVADE THEIR JURISDICTIONAL REACH**

42. Admitted.

43. Defendant denies that the website references Epizontech. The remainder of Paragraph 43 is admitted.

44. Admitted.

45. Denied.

46. Defendant admits that Epizontech, LLC and Mobilityless, LLC sold similar merchandise sold by Monica, LLC. The remainder of this Paragraph is denied.

47. Admitted.

48. Admitted.

49. Defendant lacks sufficient information to form a response to the allegations in this Paragraph and therefore leaves Plaintiffs to their proof.

50. Denied.

51. Denied.

52. Denied.

53. Admitted.

54. Denied.

55. Defendant lacks sufficient information to form a response to the allegations in this Paragraph and therefore leaves Plaintiffs to their proof.

56. Defendant lacks sufficient information to form a response to the allegations in this Paragraph and therefore leaves Plaintiffs to their proof.

57. Denied.

## DEFENDANT ENGAGE IN UNLAWFUL CONDUCT AND KNOWING MISREPRESENTATIONS TO ALL ITS CUSTOMER VICTIMS

58. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

59. Denied.

60. Defendant admits that Mobilityless operates a website which advertises the sale of a variety of products to customers in various states across the country.  The remainder of this Paragraph is denied.

61. Defendant admits that Mobilityless operates a website which advertises the sale of a variety of products to customers in various states across the country.  The remainder of this Paragraph is denied.

62. Denied.

63. Denied.

64. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Defendant denies that Mobilityless, LLC maintains any unconscionable policies.

72. Defendant denies that Mobilityless, LLC maintains any unconscionable policies.

73. Defendant denies that Mobilityless, LLC maintains any unconscionable policies.

74. Defendant admits Mobilityless, LLC has a privacy policy.  The remaining allegations in this Paragraph are denied.

75. Defendant admits Mobilityless, LLC has filed debt collection lawsuits.  The remaining allegations in this Paragraph are denied.

76. Denied.

77. Denied.

## FACTS SPECIFIC TO BARBARA SWENSON

78. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

79. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

80. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

81. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

82. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

83. Admitted.

84. Denied.

85. Denied.

86. Denied.

87. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

88. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

89. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

90. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

91. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

92. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

93. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

94. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

95. Defendant admits that the parts department agreed to ship Ms. Swenson a working battery charging box.  The remaining allegations in this Paragraph is denied.

96. Admitted.

97. Admitted.

98. Denied.

99. Denied.

100.      Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

101.      Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

102.      Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

103.      Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

104.      Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

105.      Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

106.      Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

107.      Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

108.      Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

109.      Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

110.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

111.     Defendant admits Ms. Swenson was instructed to ship the tricycle to Wallingford, Connecticut.  The remaining allegations in this Paragraph are denied.

112.     Denied.

113.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

114.     Defendant admits that Mobilityless, LLC refused to accept delivery of the tricycle. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this Paragraph.

115.     Denied.

116.     Defendant admits that Mobilityless, LLC filed a small claims action against Ms. Swenson.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this Paragraph.

117.     Denied.

118.     Defendant admits that the small claims action was dismissed.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this Paragraph.

## FACTS SPECIFIC TO GERALD SHEARON

119.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

120.     Admitted.

121.     Defendant admits that Mr. Shearon was sent a confirmation e-mail.

122.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

123.     Denied.

124.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

125.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

126.     Defendant admits that Mobilityless, LLC sent Mr. Shearon an e-mail.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this Paragraph.

127.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

128.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

129.     Denied.

130.     Admitted.

131.     Admitted.

132.     Denied.

133.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

134.     Admitted.

135.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

136.     Denied.

137.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

138.     Denied.

139.     Defendant admits that Mobilityless, LLC offered to replace the parts.   The remaining allegations in this Paragraph are denied.

140.     Denied.

141.     Admitted.

142.     Defendant admits that Mobilityless, LLC filed a small claims action against Mr. Shearon.   Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this Paragraph.

143.     Defendant admits that the small claims action was dismissed.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this Paragraph.

144.     Defendant admits that Mobilityless, LLC has brought collections actions against certain customers.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this Paragraph.

**THE INTERSTATE RETAIL SALES AND REVENUE OF GABOR SMATKO AND MONIKA SMATKO'S COMPANIES ARE SUBSTANTIAL AND THEY GO GREAT LENGTHS TO HIDE THIS FACT**

145.     Admitted.

146.     Defendant admits that Kevin Smatko registered an account with PayPal, Inc. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this Paragraph.

147.     Defendant admits that Mobilityless, LLC sells or sold goods as a vendor on the marketplace website operated by Amazon, Inc.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this Paragraph.

148.     Defendant admits that Mobilityless, LLC sells or sold goods as a vendor on the marketplace website operated by Walmart.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this Paragraph.

149.     Defendant admits that Mobilityless, LLC used Roadrunner Freight for interstate shipping services to ship goods to its customers.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this Paragraph.

150.     Denied.

151.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

152.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

153.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

154.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

155.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

156.     Defendant admits that Gabor Smatko purchased real property located at 9236 N Powderhorn Drive, Fountain Hills Arizona in or about 2019.  It is denied that the property was purchased with cash, utilizing no mortgage financing.

157.     Defendant admits that Gabor and Monica Smatko purchased additional properties in Arizona during the years 2020 and 2021.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this Paragraph.

158.     Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this Paragraph.

159.     Denied.

## CLASS ALLEGATIONS

160.     The allegations in this Paragraph constitute a legal argument or conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in this Paragraph.

161.     The allegations in this Paragraph constitute a legal argument or conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in this Paragraph.

162.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

163.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

164.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

165.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

166.     Denied.

167.     Denied.

14

168.    Denied.

169.    Denied.

170.    Denied.

171.    The allegations in this Paragraph constitute a legal argument or conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in this Paragraph.

## CAUSES OF ACTION

### COUNT I
**VIOLATION OF THE MASSACHUSETTS CONSUMPER PROTECTION ACT**
**M.G.L. C. 93A et seq.**
**(Gabor Smatko, Mobilityless, LLC)**

172-179.    Defendant does not answer the allegations of Count I as they are not addressed to this Defendant.

### COUNT II

**FRAUD**
**(Gabor Smatko, Mobilityless, LLC)**

180-185.    Defendant does not answer the allegations of Count II as they are not addressed to this Defendant.

### COUNT III

**CONSPIRACY**
**(Gabor Smatko, Mobilityless, LLC, Monica Smatko, Kevin Smatko, Sunborrow LLC, Poltec LLC, Monica LLC, Omegas Stores LLC, Toprex LLC, Tree Union LLC, Epizontech LLC, Fountainmoons LLC, Hillsunion LLC, Mobilitytrend LLC, Mogavike2020 LLC, and LagoonTrees LLC)**

186.    Defendant repeats and incorporates its answers and responses to the allegations contained in Paragraphs 1 through 185 as though fully set forth and stated herein.

187.    Denied.

15

188.     Denied.

189.     Denied.

190.     Denied.

191.     Denied.

192.     Denied.

193.     Denied.

194.     Denied.

195.     Denied.

196.     Denied.

197.     Denied.

198.     Denied.

199.     Denied.

200.     Denied.

201.     Denied.

202.     Denied.

203.     Denied.

204.     Denied.

## COUNT IV

**UNIFORM FRAUDULENT TRANSFER ACT**
**(Gabor Smatko, Monica Smatko, Kevin Smatko, Sunborrow LLC, Poltec LLC, Monica LLC, Omegas Stores LLC, Toprex LLC, Tree Union LLC, Epizontech LLC, Fountainmoons LLC, Hillsunion LLC, Mobilitytrend LLC, Mogavike2020 LLC, and LagoonTrees LLC)**

205.     Defendant repeats and incorporates its answers and responses to the allegations

contained in Paragraphs 1 through 204 as though fully set forth and stated herein.

16

206.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

207.     Denied.

208.     Denied.

209.     Denied.

210.     It is admitted that Gabor Smatko purchased real property located at 6 Whiffle Tree Road, Wallingford, CT 06495 in 2002.  The remaining allegations are denied.

211.     Admitted.

212.     Admitted.

213.     Admitted.

214.     It is admitted that the State of Connecticut entered into a Stipulated Judgment with Monica, LLC d/b/a Omegastores.com. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

215.     Denied.

216.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

217.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

218.     Denied.

219.     Admitted.

220.     Denied.

221.     It is denied that the Fountain Hills home was purchased with cash.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in this Paragraph.

222.     Admitted.

223.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

224.     Admitted.

225.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph.

226.     Admitted.

227.     Admitted.

228.     Admitted.

229.     Denied.

230.     Denied.

231.     Admitted.

232.     Denied.

233.     Admitted.

234.     Admitted.

235.     Denied.

236.     Denied.

237.     Denied.

238.     Denied.

239.     Denied.

240.     Denied.

241.     Admitted.

242.     Denied.

243.     Denied.

244.     Denied.

245.     Denied.

246.     Denied.

247.     Denied.

248.     Denied.

249.     Denied.

250.     Denied.

251.     Denied.

252.     Denied.

253.     Denied.

254.     Denied.

255.     Denied.

256.     Denied.

257.     Denied.

258.     The allegations in this Paragraph constitute a legal argument or conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in this Paragraph.

## <u>COUNT V</u>

**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**
**(Gabor Smatko, Monica Smatko, Kevin Smatko)**

Defendant does not answer the allegations of Count V as they are not addressed to this Defendant.

## <u>AFFIRMATIVE DEFENSES</u>

<u>FIRST AFFIRMATIVE DEFENSE</u>

The Third Amended Complaint fails to state a claim upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The Plaintiffs' claims are barred because of lack of subject matter jurisdiction.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred under the statute of frauds.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

This cause of action should be dismissed due to lack of personal jurisdiction.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

The Plaintiffs' claims are barred because there has been an accord and satisfaction.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

The Plaintiffs' claims are barred under the doctrine of assumption of risk.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

The Plaintiffs' claims and requests for relief is barred by the doctrine of waiver and laches.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

The Plaintiffs' claims are barred by the doctrine of estoppel.

<u>NINTH AFFIRMATIVE DEFENSE</u>

The Plaintiffs' claims are barred by the applicable statutes of limitation.

<u>TENTH AFFIRMATIVE DEFENSE</u>

The Plaintiffs' claims are barred because the Defendant did not engage in any conduct that violates

any section of Mass. G.L. c. 93A.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to Plaintiffs' failure to mitigate damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to improper venue.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of payment.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to meet the prerequisites for bringing suit under Mass.Gen.Laws.c.93A.


Dated: July 12, 2022              Respectfully submitted,
**EPIZONTECH LLC**
By Its Attorneys:

*Chelsea K. Choi*
_____
Jeffrey S. Morneau, Esq. BBO No. 643668
Chelsea K. Choi, Esq. BBO No. 697440
Connor & Morneau, LLP
273 State Street, Second Floor
Springfield, Massachusetts 01103
Phone (413) 455-1730
Fax (413) 455-1594
E-mail: jmorneau@cmolawyers.com
E-mail: cchoi@cmolawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the date of its filing.

Adam Deutsch, Esq. (BBO 569173)
Northeast Law Group, LLC
P.O. Box 60717
Longmeadow, MA 01116
adam@northeastlawgroup.com

*Chelsea K. Choi*

Chelsea K. Choi, Esq.