UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTTS

| | |
|---|---|
| BARBARA SWENSON; GERALD SHEARON; MARY MAKUC and all similarly situated persons<br><br>Plaintiff,<br><br>vs.<br><br>MOBILITYLESS, LLC; GABOR SMATKO; MONICA SMATKO; KEVIN SMATKO; SUNBORROW, LLC; POLTEC, LLC; MONICA, LLC; OMEGAS STORES, LLC; TOPREX, LLC; TREE UNION, LLC; EPIZONTECH, LLC; FOUNTAINMOONS, LLC; HILLSUNION, LLC; MOBILITYTREND, LLC; MOGAVIKE2020, LLC; LAGOON TREES, LLC; JOHN DOES I-X,<br><br>Defendants. | Civil Action No. 3:19-cv-30168 |

PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO FED.R.CIV.P. 68, M.G.L. ch.93A et seq, AND 18 U.S.C. §1961 et seq.

**Relief Sought**

Judgment has been entered against all fifteen Defendants on all five counts of the Third Amended Complaint, and the Plaintiffs have recovered trebled damages under the judgment. Plaintiffs Barbara Swenson and Gerald Shearon hereby request pursuant to the Massachusetts Consumer Protection Act (M.G.L. ch. 93A et seq.), the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. §1961, and Federal Rule of Civil Procedure 54(d), that the Court

award attorney's fees and costs to Plaintiffs based upon Defendants accepted Rule 68 Offer of Judgment.

Under the applicable lodestar method, the total number of hours expended by Plaintiff's counsel in this action was 405.9 hours. The total hours expended were reasonable and the hourly rates requested are comparable to the prevailing market rates in the Massachusetts legal community for consumer protection litigators of skill equal to that of Plaintiffs' counsel. **Plaintiff therefore requests $162,360 in attorney's fees and $146,342.96 in costs, for a total award of $308,702.96**.

**Procedural History**

On November 21, 2019, Mobilityless, LLC and Gabor Smatko received a pre litigation demand letter pursuant to M.G.L. 93A §9. [ECF 1 ¶137] Subsequently on December 23, 2019 the complaint commencing this litigation was filed. [ECF 1] On March 19, 2020 Plaintiffs filed a Motion for Extension of Time to serve the complaint, which was granted on the same day. [ECF 6-7] On April 8, 2020, Plaintiffs filed a Motion for Alternative Service. [ECF 8-9] On May 12, 2020, the Court entered an Order and Opinion permitting alternative service. [ECF 10] The Opinion states in part:

> There is ample evidence in the record compiled by Plaintiffs' counsel to show that Defendants are attempting to evade service of process. This suit was filed on December 23, 2019. On January 15, 2020, Plaintiff's counsel served Mobilityless with the complaint through Incorp Services, Inc., the agent registered with the Massachusetts Secretary of State to accept service of process for Mobilityless (Dkt. No. 8-5). Counsel then filed proof of service on the company with this Court (Dkt. No. 4). On January 16, 2020, Gabor Smatko registered a change in Mobilityless' Massachusetts agent for service of process, identifying Chris Sullivan, an individual purportedly residing in Springfield MA, as the new agent for service of process (Dkt. No. 8-7). On February 3, 2020, this court received an anonymous communication purporting to notify the court and the undersigned that Plaintiffs had not completed service on Defendants (Dkt. NO. 8-6). On February 5, 2020, Plaintiff's counsel spoke with an account executive employed by Incorp Services, Inc. who reported that, notwithstanding the representation to the contrary in the

> filing with the Massachusetts Secretary of State, Mobilityless never retained Incorp Services to act as its registered agent for service of process in Massachusetts (Dkt. No. 8-2 ¶16. Mobilityless' supposed new agent for service of process refused to accept delivery of certified mail Plaintiff's counsel sent to his address (Dkt. No. 8 at 2; Dkt. No. 8-2 ¶25; Dkt. No. 9)
> [ECF 10]

On May 27, 2020 Plaintiffs filed Affidavits of Serivce. [ECF 11]. On June 19, 2020, Plaintiffs filed motions for entry of default against the Defendants. [ECF 12] Default was entered by the Clerk of the Courts on June 22, 2020. On June 23, 2020, Plaintiff filed a motion for leave to take discovery pursuant to Fed.R.Civ.P. 26(d)(1). [ECF 17]

During the month of July 2020, Defendants retained legal counsel and on July 29, 2020 attorney Jeffrey S. Morneau filed a Notice of Appearance on behalf of Defendants. [ECF21]. On that same day, Defendants filed an assented motion to set aside default and extend time to file an answer. [ECF 22-23] On July 30, 2020 the Court entered an Order vacating default and permitting the Defendants to file a responsive pleading to the Complaint.

On September 2, 2020, Plaintiffs filed a First Amended Complaint. [ECF 29] The Defendants filed motions to dismiss the First Amended Complaint on September 30, 2022. [ECF 33-36] On April 30, 2021 the Court entered an Order and Opinion denying the Motions to Dismiss in their entirety. [ECF 41]

Once discovery commenced, Defendants asserted they did not maintain sales records, financial records, shipping records, or copies of communications with the vast majority of customers. As a result, to obtain material and relevant evidence central to the RICO and 93A claims, Plaintiffs issued more than 30 subpoenas. [Declaration of Adam Deutsch ¶41]

On February 4, 2022 Plaintiffs a motion to compel discovery. [ECF 54] That motion was granted on June 29, 2022 with Defendants ordered to produce supplemental responses on or before July 22, 2022. [ECF 80]

On June 28, 2022 a Third and final Amended Complaint was filed. [ECF 79]

On April 5, 2022, before any depositions were taken and while Plaintiffs motion to compel discovery was pending, Plaintiffs filed a Motion for Class Certification to comply with the date set by the Court. [ECF 60] On October 11, 202d2 the Motion for Class Certification was denied without prejudice. [ECF 116] In denying the motion, the Court noted that discover remained incomplete and that Plaintiffs could seek certification again if appropriate once additional discovery was obtained. Id.

On September 22, 2022 Plaintiffs filed a Motion for Sanctions against Defendants. [ECF 111] The Motion for Sanctions was filed pursuant to the guidelines of the Court which stated at ECF 80:

> [2] Plaintiffs have obtained a significant number of documents from third parties. That they have done so in no way excuses Defendants' obligations to respond to Plaintiffs' discovery requests. To the contrary, "[c]ourts have held that a responding party is required to produce documents in its possession, custody, or control regardless of whether the requesting party is already in possession of the requested documents." *P.R. Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriqueña, Inc.*, 318 F.R.D. 224, 230 (D.P.R. 2016) (collecting cases). If Plaintiffs are able to show by reference to third party records that Defendants' supplemental discovery responses are incomplete, misleading, or false, the court will not hesitate to impose sanctions. *See* Fed. R. Civ. P. 37(b)(2).

The motion was pending resolution at the time Judgment was entered. As a basis for the relief sought, Plaintiffs provided evidence that Defendants interfered with subpoena production on two occasions. [ECF 111].

Depositions were originally scheduled to commence on March 1, 2022. [ECF 105 at 7] The first deposition did not take place until October 28, 2022 at which time Defendant Kevin Smatko was deposed. On November 7, 2022, Monika Smatko was deposed. On November 16, 2022, Barbara Swenson was deposed. The deposition of Gabor Smatko was scheduled to commence on Monday November 21 and continue to Wednesday November 23, 2022. On the morning of November 18, 2022 Plaintiffs provided a proposed Fourth Amended Complaint that

added a third individual plaintiff and narrowed the class definition based upon in hand evidence to comply with the Court's Order at ECF 116. The email requested assent to file the fourth amended pleading. [Declaration of Adam Deutsch] Late on the evening of Friday November 18, 2022, Defendants made an Offer of Judgment which was accepted. [ECF 121] The deposition of Gabor Smatko did not proceed.

On November 28, 2022 the Court entered Judgment in accordance with the offer and acceptance of judgment filed on November 21, 2022 at ECF 121. [ECF 123] The judgment was entered against all fifteen defendants: Gabor Smatko, Monika Smatko, Kevin Smatko, Sunborrow, LLC, Poltec, LLC, Monica, LLC, Omega Stores, LLC, Toprex, LLC, Tree Union, LLC, Epizontech, LLC, Fountainmoons, LLC, HIllsunion, LLC, Mobilitytrend, LLC, Mogavike2020, LLC, and Lagoon Trees, LLC. Id. Judgment was entered on all five counts of the Complaint: The Massachusetts Consumer Protection Act, Common Law Fraud, Civil Conspiracy, the Uniform Fraudulent Transfer Act, and the Racketeer Influenced and Corrupt Organizations Act. The judgment sum paid to Gerald Shearon and Barbara Swenson was the equivalent of trebled damages available under the Massachusetts Consumer Protection Act and Racketeer Influenced and Corrupt Organizations Act for their out of pocket costs in purchasing the defective and falsely advertised goods giving rise to this litigation. [ECF 79]

## Legal Argument

1. **PLAINTIFF IS ENTITLED TO AN AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS**.

Defendant's Rule 68 Offer of Judgment was served upon Plaintiff on November 18, 2022, and included an offer to allow judgment to be entered on all claims (Count I Massachusetts Consumer Fraud Act M.G.L. ch.93A; Count II Fraud; Count III Conspiracy; Count IV Uniform Fraudulent Transfer Act M.G.L. ch. 109A et seq.; Count V Racketeer Influenced and Corrupt Organizations

Act 18 U.S.C. §1961 et seq.) against All Defendants. *ECF Doc 121*. Defendants Offer of Judgment provides tendering trebled damages to the Plaintiffs as set forth in the offer. Plaintiffs accepted Defendants' offer on November 21, 2022. Id. Judgment will be entered against Defendants on all five of Plaintiffs' claims. Therefore, Plaintiff is the prevailing party under M.G.L. ch. 93A §9 and 18 U.S.C. §1964.

The Massachusetts Consumer Protection Act ("93A") and the Racketeer Influenced and Corrupt Organizations Act ("RICO") both entitle the prevailing party to reasonable attorneys' fees and costs.

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter [18 U.S.C.S. §1962] may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee".
>
> 18 U.S.C. §1964(c).
>
> If the court finds in any action commenced hereunder that there has been a violation of section two, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorney's fees and costs in connection with said action".
>
> M.G.L. ch.93A §9(4)

The Offer of Judgment tendered the Plaintiffs the complete trebled damages they were entitled to recover under the Massachusetts Consumer Protection Act and Racketeering Influenced Corrupt Organizations Act. Defendants' Offer of Judgment also included an offer to pay Plaintiffs'

"reasonable attorneys' fees and costs" as determined by the Court. *ECF Doc 121*. Plaintiffs' subsequent acceptance of Defendants' Offer of Judgment authorizes the Court to award Plaintiff reasonable attorney's fees and costs.

2. **PLAINTIFFS' ATTORNEYS' FEES SHOULD BE AWARDED ACCORDING TO THE LODESTAR CALCULATION, WHICH IS PRESUMED REASONABLE.**

The fee application of a prevailing party that is entitled to recover attorney's fees is analyzed using the loadstar approach. "The lodestar approach 'contemplates judicial ascertainment of 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate' as the starting point in constructing a fee award.'" *Guckenberg v. Bos. Univ.*, 8 F. Supp. 2d 91, 99 (D. Mass. 1998)(quoting *Coutin v. Yount & Rubicam P.R. Inc.,* 124 F.3d 331, 337 (1st Cir. 1997)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Using this approach, the Court should award Plaintiffs reasonable attorney fees in the amount of $162,360.

a. **Billed Hours**

Computation of the reasonable number of hours an attorney is entitled to recover is computed "by ascertaining the time counsel actually spent on the case and then subtract[ing] from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary." *Guckenberg*, 8 F. Supp. 2d at 100 (citations omitted). Plaintiffs counsel has submitted a spreadsheet which sets forth the number of attorney hours spent in the prosecution of Plaintiffs' claims over the past three years. **Exhibit A**. The spreadsheet shows an accounting of 405.9 hours of work performed on the file by Mr. Deutsch, all of which should be deemed reasonable by the Court. The Court has a duty to review the prevailing party's request for fees, and should only make reductions where "counsel has substantially exceeded the bounds of reasonable effort. *United States v. Metropolitan Dist. Comm'n* 847 F.2d 12, 17 (1st Cir. 1988).

b. **Hourly Rate**

The second step in "calculation of the lodestar is the setting of an hourly rate for each attorney and clerk." *Guckenberger*, 8F. Supp. 2d at 103. "The applicable rates are 'those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" Id. (quoting *Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 955 (1st Cir. 1984)(quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 1984))).

The Court "may establish a rate that it considers reasonable based on counsel's skill and experience and prevailing market rates." *Phetosomphone v. Allison Reed Group, Inc.,* 984 F.2d 4, 8 (1st Cir. 1993). The relevant community for purposes of the reasonable hourly rate determination is Springfield, "the community in which the court sits." *Alfonso v. Aufiero* 66 F. Supp. 2d 183, 197 (D.Mass. 1999) (quoting *National Wildlife Fed.n v. Hanson,* 859 F.2d 3113, 317 (4th Cir. 1998). Plaintiffs counsel has requested a reasonable rate of $400 per hour which the Court should deem appropriate.

i. <u>Prevailing Rates West of Boston in the Field of Consumer Protection</u>.

In 2018, the market rate in Massachusetts for state and federal litigation of consumer law ranged from $250-700+ per hour, depending on the skill, experience, and reputation of the litigator. Attorneys who's business consisted of 80-100% consumer law practice, maintained average hourly rates between $350-400 during as of 2018.*See* **Exhibit C.** United States Consumer Law Attorney Fee Survey Report (2017-2018) p102-105. The 2018 United States Consumer Law Attorney Fee Survey Report further shows hourly rates in the Springfield area ranged from $275-500 in 2018. Id. P326-327. The Consumer Law Attorney Fee Survey Report has been cited as a trusted source by Courts in this District and throughout the United States of America. *Sullivan v. Experian Info. Sols., Inc.* 2022 U.S. Dist. LEXIS 23022 (D.Mass Feb 9, 2022); *Reid v. Unilever United States,*

*Inc.*, 2015 U.S. Dist. LEXIS 75383 (N.D. Ill. June 10, 2015); *Crafton v. Law Firm of Jonathan B. Levine*, 2014 U.S. Dist. LEXIS 29690 (E.D. Wis., Mar. 7, 2014); *Davis v. Hollins Law*, 25 F.Supp. 3d 1292 (E.D. Cal); *Robinson, et al v. National Credit Systems, Inc.* 2019 U.S. Dist. LEXIS 19953 (M.D. Fla Jan 22, 2019)

ii. Plaintiffs' Counsel's Experience, Skill and Reputation.

Adam Deutsch has submitted a declaration setting forth in detail his respective experience in the legal field. As further support, Springfield consumer rights attorneys Joel Feldman has submitted a supporting affidavit confirming the reasonableness of Plaintiffs' requested hourly rate. Additional supporting affidavits have been provided from attorneys Daniel Blinn, Esq., Elizabeth Miller, Esq., Joel Feldman, Esq., and Stuart Rossman, Esq.

Mr. Deutsch is a highly skilled litigator with extensive experience and success in the areas of consumer protection, which has been his focus since entering the practice of law in 2010. Mr. Deutsch Mr. Deutsch presently has multiple clients paying hourly rates of $400. [Certification of Adam Deutsch] The primary focus of Mr. Deutsch's firm Northeast Law Group is on consumer rights claims with fee shifting provisions. Id. The firm frequently litigates individual and class action cases utilizing the Massachusetts Consumer Protection Act, Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq., Fair Credit Reporting Act 15 U.S.C. §1681 et seq. and Real Estate Settlement Procedures Act 12 U.S.C. §2602 et seq. Id. These statutes each contain fee shifting provisions entitling a prevailing plaintiff to recover reasonable attorneys' fees and costs. A central purpose of the fee shifting provisions is to increase access to justice for consumer plaintiffs who otherwise could not obtain representation. Northeast Law Group, LLC and Adam Deutsch focus the practice on being socially conscious and expanding access to justice by pursuing consumer rights work. Id.

Mr. Deutsch has been recognized as an expert in consumer law, providing Continuing Legal Education Lectures for the National Consumer Law Center's Consumer Rights Litigation Conference in 2022, and for the National Association of Consumer Advocates in 2020. Mr. Deutsch has helped recover millions of dollars for clients since forming Northeast Law Group, LLC in early 2017. [Id.]

Compared to prevailing rates for attorneys with similar experience, Mr. Deutsch's hourly rate of $400 for work performed in 2019, 2020, 2021, and 2022 on this case are reasonable under the lodestar method. In February 2022, the District Court of Massachusetts determined a reasonable hourly rate under the lodestar calculation for an attorney admitted to practice law the same year as Mr. Deutsch was appropriate at $500. *Sullivan v. Experian Info. Sols., Inc.* 2022 U.S. Dist. LEXIS 23022 at 8 (D. Mass. Feb 9, 2022); see also *Allstate Ins. Co. v. Fougere* 2022 U.S. Dist. LEXIS 55090 (D. Mass March 28, 2022)(citing *Sullivan* and awarding $500 per hour rate); see also *Smith v. City of Boston* 496 F. Supp. 3d 590 at 598 (D. Mass. 2020)(awarding hourly rates for four attorneys ranging from $300-700). The rate should be approved.

c. **Total Amounts Billed**

Pursuant to the attached spreadsheet, attorney Adam Deutsch expended a total of 420.6 hours prosecuting Plaintiffs' case over the course of three years. Counsel has expressly removed from the fee sought, time preparing this application, as well as approximately 50 hours of work that did not lead to fruitful work product furthering the litigation to the point of obtaining the Offer of Judgment. Multiplied by a reasonable hourly rate of $400, the Plaintiffs request a total legal fee award of $168,240.

3. **THE LODESTAR FIGURE IS PRESUMPTIVELY A REASONABLE FEE AWARD AND IT IS DEFENDANT'S BURDEN TO ESTABLISH ANY REDUCTION IN ATTORNEY'S FEES.**

Where a party seeking reasonable attorneys' fees under the lodestar model submits supporting time records, the fee is presumed reasonable. "Once arrived at, there is a strong presumption that the lodestar figure… represents a reasonable fee." *Bandera v. City of Quincy*, 220 F. Supp. 2d 26, 50 (D. Mass. 2002)(citations omitted) If the application is opposed, the "party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990)(awarding $5,500,000 in fees on $3 recovery). It is therefore the Defendants' burden if it seeks a reduction of the lodestar amount. If it does not meet its burden, the Court should accept Plaintiff's requested award of fees and costs.

4. **PLAINTIFFS' COSTS**.

Plaintiffs have submitted records of expenses incurred pursuing this litigation over the past three years. The Declarations of Adam Deutsch and Keith Lowey together with the spreadsheet of expenses provided by Mr. Deutsch support an award of costs in the amount of $146,117.25.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully requests that this Court award attorneys fees in the amount of $162,360 and costs in the amount of $146,117.25 for a total award of $308,702.96 to Plaintiffs.

Dated: December 9, 2022

*/s/ Adam Deutsch*

Adam Deutsch, Esq. (BBO 569173)
Northeast Law Group, LLC
P.O. Box 60717
Longmeadow, MA 01106
(413) 285-3646

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through ECF system will be simultaneously served electronically to the registered participants which includes all counsel of record.

Dated December 9, 2022

*/s/ Adam Deutsch*
Adam Deutsch, Esq. (BBO 569173)
Northeast Law Group, LLC
P.O. Box 60717
Longmeadow, MA 01106
(413) 285-3646