UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BARBARA SWENSON &<br>GERALD SHEARON,<br><br>Plaintiffs,<br><br>v.<br><br>MOBILITYLESS, LLC; GABOR SMATKO; MONICA SMATKO; KEVIN SMATKO; SUNBORROW, LLC; POLTEC, LLC; MONICA, LLC; OMEGASTORES, LLC; TOPREX, LLC; TREE UNION, LLC; EPIZONTECH, LLC; FOUNTAINMOONS, LLC; HILLSUNION, LLC; MOBILITYTREND, LLC; MOGAVIKE2020, LLC; LAGOON TREES, LLC; & JOHN DOES I-X,<br><br>Defendants. | * * * * * * * * * * * * * * * * * * | Civil Action No. 19-30168-MGM |

MEMORANDUM AND ORDER RE: REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS
(Dkt. Nos. 124 and 141)

August 7, 2023

MASTROIANNI, U.S.D.J.

In a Report and Recommendation issued July 21, 2023 (Dkt. No. 141), Magistrate Judge Katherine A. Robertson recommended the court allow in part Plaintiff's Motion Attorney's Fees and Costs (Dkt. No. 124), for a total award of $113,892.05. By way of relevant background, after several years of litigation, on November 21, 2022, Plaintiffs accepted Defendants' offer of judgment under Federal Rule of Civil Procedure 68(a) for a total of $13,500 on all counts of the Third Amended Complaint. The offer of judgment reserved Plaintiffs their right to file a motion for attorney's fees and costs. Plaintiffs filed their motion, seeking $162,360.00 in fees and $146,320.71 in costs, for a total

of $308,680.71. Defendants filed a response, seeking a substantial reduction in any award. (Dkt. No. 133). Judge Robertson held a hearing on the motion on March 8, 2023.

With respect to attorney's fees, Judge Robertson concluded the hourly rate sought by Plaintiffs was reasonable and the billing records were sufficiently detailed, and further rejected Defendants' arguments regarding alleged block billing and core versus non-core work. The Report and Recommendation carefully distinguished compensable and non-compensable time and took into account the disparity between the result achieved and the amount of fees sought, culminating in a recommended 50% reduction of any time that served dual compensable and non-compensable purposes. Adding 50% of the dual hours to the compensable hours resulted in a total of 201.45 hours at $400 per hour, for a total fee award of $80,580.

With respect to costs, Judge Robertson concluded the forensic accountant fees incurred related primarily to identifying assets that could satisfy a damages award in the event of a successful class action and the choice to incur such lofty fees before a class was certified was unreasonable. To reflect the limited contribution of the forensic accounting to Plaintiffs' success in this case, Judge Robertson recommended awarding approximately 20% of the amount requested. The Report and Recommendation further reduced costs sought for certain third-party subpoenas and investigator's fees due to lack of detailed records. In sum, after reviewing the documentary evidence submitted by Plaintiffs and Defendants and considering their arguments, Judge Robertson recommended an award of $80,580 in fees and $33,312.05 in costs, for a total award of $113,892.05. The Report and Recommendation notified the parties they had fourteen days to file an objection. No objection has been filed.

Based upon the thorough analysis presented in the Report and Recommendation, and noting there are no objections, the court, upon *de novo* review, hereby ADOPTS the Report and Recommendation. (Dkt. No. 141). Based upon this, Plaintiff's Motion for Attorney's Fees and Costs

(Dkt. No. 124) is hereby ALLOWED in part. Plaintiffs are awarded a total of $113,892.05 in attorney's fees and costs.

It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge